UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES COTTLE, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>PLAID INC.,<br><br>    Defendant. | Case No. 20-cv-03056-DMR<br><br>**ORDER ON ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 83 |

Defendant Plaid, Inc. filed an administrative motion to continue the October 7, 2020 initial case management conference until after resolution of its pending motion to dismiss. [Docket No. 83.] Although styled as a motion to continue the case management conference, Defendant's motion actually seeks to continue the parties' Rule 26(f) conference and thus stay discovery. *See* Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . ."). Defendant seeks to stay discovery on the ground that its motion to dismiss "demonstrates that Plaintiffs' claims fail as a matter of law," and that the court's ruling in its favor "would dismiss or substantially curtail Plaintiffs' claims and obviate the need for all, or some substantial part, of the discovery that might be taken in this case." Mot. 3. Plaintiffs oppose the motion, arguing that Defendant has failed to meet its "heavy burden" to justify a stay of discovery. [Docket No. 88 at 2 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied.")]

Courts in this district have adopted a two-part test to determine whether to stay discovery pending resolution of a dispositive motion. *See Pacific Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* 220 F.R.D. 349, 351 (N.D. Cal. 2003). First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is

1  directed. *Pacific Lumber Co.,* 220 F.R.D. at 351. Second, the court must determine whether the pending dispositive motion can be decided absent discovery. *Id.* at 352. " If the court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." *Id.* "In applying this two-factor test, the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011).

In this case, as Defendant's motion to dismiss is not fully briefed, the court cannot assess the merits of the motion. Moreover, even if some or all of Plaintiffs' claims are deficient, the court will assess whether leave to amend should be granted, rendering Defendant's motion non-dispositive. *See, e.g., Singh v. Google, Inc.*, No. 16-CV-03734-BLF, 2016 WL 10807598, at *2 (N.D. Cal. Nov. 4, 2016) (denying motion to stay discovery pending resolution of motion to dismiss); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Res. Dev. Servs., Inc.*, No. C 10-01324 JF PVT, 2010 WL 3746290, at *1 (N.D. Cal. Sept. 18, 2010) (same). Accordingly, Defendant has failed to meet its burden to demonstrate that a discovery stay is appropriate. Its motion to continue the case management conference and stay discovery is therefore denied.

**IT IS SO ORDERED.**

Dated: September 25, 2020



_____
Donna M. Ryu
United States Magistrate Judge