# EXHIBIT 7

BILL ANALYSIS

```
                    SENATE JUDICIARY COMMITTEE
                    Senator Joseph L. Dunn, Chair
                    2005-2006 Regular Session


SB 355                                          S
Senator Murray                                  B
As Amended March 29, 2005
Hearing Date:  April 5, 2005                     3
Business & Professions Code                      5
AMT:cjt                                          5
```

SUBJECT

Anti-Phishing Act of 2005

DESCRIPTION

This bill would prohibit "phishing," the act of posing as a
legitimate online company in an email, Web page, or other
Internet communication in order to trick a recipient into
revealing his or her personal information.

The prohibitions of the bill would be enforceable through a
suit brought by the Attorney General or a district
attorney, or by an individual, Internet service provider
(ISP), Web site owner, or trademark owner who was adversely
affected by a violation of the Act.  Remedies would include
the greater of actual damages or $500,000 per violation.
Treble damages would be permissible for a "pattern or
practice" of violations.  Attorneys' fees could be awarded
to the prevailing party.

BACKGROUND

"Phishing" is a widespread technique for obtaining personal
information, and is used to facilitate identity theft and
other crimes.  Phishers use fraudulent emails or Web sites
to trick consumers into providing personal information,
such as bank account numbers and social security numbers,
to what is believed to be a legitimate company.  The author
explains:

     Customers often receive a legitimate looking

(more)

SB 355 (Murray)
Page 2

     email that appears to be from their bank or [a]
     retailer with whom they do business.  The
     consumer is often told via e-mail that a review
     of their account found "unusual activity" and
     directs them to a phony website where they are
     compelled to provide personal information such as
     their name, account number and other relevant
     data.  Criminals have become very good at
     mimicking legitimate emails and setting identical
     Web sites.

CHANGES TO EXISTING LAW

1.  Existing law  does not regulate "phishing" actions, but
    makes fraud actionable where the following has been
    established: (1) a misrepresentation; (2) knowledge of
    falsity; (3) intent to defraud, i.e., to induce reliance;
    (4) justifiable reliance; and (5) resulting damage.
    [Robinson Helicopter Co., Inc. v. Dana Corp. (2004) 34
    Cal. 4th 979, 990.]

    This bill  would make it unlawful for a person to use a
    Web page, email, or the Internet to misrepresent that he
    or she is an online business (e.g., to indicate that he
    or she is or represents an online business without
    authorization from that business) and solicit or induce
    another person to provide his or her personal
    information.

2.  Existing law  provides that an attorney general or
    district attorney can seek an injunction and civil
    penalties of up to $2,500 per instance for any unlawful
    business act or practice.  [Bus & Prof Code  17200,
    17204, 17206.]  An individual may seek an injunction for
    an unlawful business act or practice if he or she
    suffered an injury in fact and lost money or property as
    a result.  [Bus & Prof Code  17204.]

    This bill  would permit the Attorney General or a district
    attorney to bring an action against a person who violates
    the Anti-Phishing Act.  An individual, ISP, Web page
    owner, or trademark owner who was adversely affected by a

violation would also be permitted to bring an action. But
the bill specifies that an individual may only bring an
action against a person who has directly violated the
Act.

SB 355 (Murray)
Page 3

 This bill  would permit recovery of remedies that include
injunctive relief and the greater of actual damages or
$500,000 per separate violation.  The bill would specify
that multiple violations resulting from "any single
action or conduct" only constitute one violation.

 This bill  would permit a court to award damages up to
three times the amount of damages otherwise recoverable
when it is established that a defendant has a "pattern or
practice" of violating the Act.

 This bill  would permit a prevailing party to seek
attorneys' fees and costs.

                    COMMENT

 1.Stated need for the bill

The author states:

    According to the FBI and the Internet Crime
    Complaint Center, 78% of all criminal "phishers"
    are located in the United States.  Of these, 15%
    of all phishing scams originate in California,
    the most in the nation.  In 2004 alone, there
    were over 100,000 reports of this fraud with over
    76,000 consumers losing money.  In reported cases
    alone, consumers lost over $193 million in 2003
    and 2004.

The California Alliance for Consumer Protection notes it
has received numerous complaints in recent weeks from
consumers who filled out forms on false "EBAY web pages"
with their personal information, thinking that those
pages were authentic.

The Computing Technology Industry Association (CompTIA)
states:

SB 355 (Murray)
Page 4

    Billions of dollars of Californian commerce, jobs
    and productivity gains are tied to the spread of
    Internet commerce and communications.  Confidence
    in the integrity of personal information
    transmitted via the Internet remains an integral
    part of the medium's development.  However,
    recent independent studies, polls and national
    news reports reveal that phishing is greatly
    undermining that confidence - phishing tops the
    concerns of many inside and outside of the IT
    industry as potentially hobbling the Internet's
    exciting growth.

CompTIA notes that SB 355 "puts real 'teeth'" into its
prohibitions by making each separate violation punishable
by $500,000 in damages, and tripling damages where a
pattern of phishing has been established.

Microsoft states it is important to enact legislation to
combat the threat of phishing, in addition to using other
tools such as technology innovation, targeted
enforcement, and user education.  Microsoft contends that
the "[s]trong laws and adequate enforcement" provided by
SB 355 will be critical to addressing the phishing
problem.

 2.The term "online business" needs definition

Since the prohibitions of this bill are limited in
application to those who pose as an "online business,"
this term needs to be defined.  The author has committed
to work with industry to craft a definition that will fit
the context of the phishing practices this bill aims to
prohibit.

3.Clarifying language needed for the terms of the bill's
private right of action

The language of the bill creates a private right of
action for "any person who is either engaged in the
business of providing Internet access service to the
public or who owns a Web page or trademark and who is
adversely affected by a violation of [the Act]. . . ."
[Section 22948.3(a) of SB 355 on page 2, lines 38-40.]

SB 355 (Murray)
Page 5

The bill also provides that an individual adversely
affected by a violation may only sue the direct violator.
[Section 22948.3(d) of SB 355 on page 3, lines 17-20.]

Two issues are unclear from this language: (1) whether
ISPs must be adversely affected by a violation before
bringing suit; and (2) whether any individual who is
adversely affected by a violation may sue (as implied in
subparagraph (d)), or only those individuals described in
subparagraph (a).

The author's staff has clarified that the author intends
for an ISP's right of action to attach only when it
suffers an adverse effect, and that he intends for all
adversely affected individuals to have a private right of
action.  Committee staff is working with the author's
staff to craft language that will make these intentions
explicit.

SHOULD THESE PROVISIONS BE CLARIFIED?

4.Should the provision defining "violation" be modified (or
deleted)?

The bill provides that multiple violations of the Act
will be treated as one violation for purposes of
calculating damages when those violations "result[ed]
from a single action or conduct."  [Section 22948.3(b).]
The purpose and scope of this provision is unclear.

One possible interpretation is that the single act of
emailing a phishing letter to a list of email addresses
is only one violation of the Act, instead of a separate
violation for each recipient.  This is clearly out of
line with the intentions of the Act.  Mass emails are
frequently used by phishers, since they often must appeal
to large numbers of victims in the hope of getting a few
responses before taking down their Web site to avoid
being caught.  There is no reason for mass emails to
receive smaller damages than separate emails sent to the
same number of victims.

Even assuming the language of this provision may be
modified to exclude the circumstance described above, it
is not clear how the provision is helpful in assessing

SB 355 (Murray)
Page 6

damages under the Act.
SHOULD THIS PROVISION BE DELETED FROM THE BILL?  OR
SHOULD IT BE MODIFIED TO CLARIFY ITS SCOPE?

5.   Should the attorneys' fees provision be limited to
prevailing plaintiffs?

The general rule governing attorneys' fees in the United
States is that each party must bear the cost of his or
her own attorneys' fees, regardless of who prevails in
litigation.  Fee shifting statutes are enacted only when
society considers a statutory or constitutional right
important enough to justify fee shifting.  And fee
statutes may be weighted in favor of "prevailing
plaintiffs" when society seeks to encourage vigorous,
good faith private enforcement of a right.  [See Choate
v. County of Orange (2000) 86 Cal. App. 4th 312, 322-23.]
This is because making fees available to both parties
may allow the party with greater economic resources to
use the fees provision as a "hammer" to discourage
individual suits.

This bill provides that any prevailing party may seek
attorneys' fees and costs.  This provision may discourage
individuals from enforcing their rights under the Act
"because they lack financial resources or because they
fear they will have to pay the other side's attorney fees
if they lose." [Choate, 86 Cal. App. 4th at 322-23.]

           SHOULD THE ATTORNEYS' FEES PROVISION BE AMENDED TO STATE
           THAT FEES ARE ONLY AVAILABLE TO PREVAILING PLAINTIFFS?

Support:  California Alliance for Consumer Protection,
          Computing Technology Industry Association (CompTIA),
          Microsoft, Tech Net

Opposition:  None Known

                        HISTORY

Source:  Author

Related Pending Legislation:  None Known

Prior Legislation:  None Known




SB 355 (Murray)
Page 7



               **************