COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
LAUREN J. POMEROY (291604)
(lpomeroy@cooley.com)
ELLIE BARCZAK (329180)
(ebarczak@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

Attorneys for Defendant
Plaid Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE PLAID INC. PRIVACY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 4:20-cv-03056-DMR<br><br>**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAID INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT**<br><br>Date: TBA<br>Time: 1:00 p.m.<br>Dept: Courtroom 4 – 3rd Floor<br>Judge: Donna M. Ryu<br><br>Trial Date: None Set<br>Date Action Filed: May 4, 2020 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

RJN ISO REPLY ISO MOT. TO DISMISS PLS'
CONSOLIDATED AMENDED COMPLAINT
4:20-CV-3056-DMR

## I. DOCUMENTS SUBJECT TO THIS REQUEST

Plaid Inc. ("Plaid") requests the Court take judicial notice of the following documents:

1. **Exhibit A**: Plaid's Privacy Policy as of March 26, 2015, effective November 11, 2013, available at https://web.archive.org/web/20150326011404/https://www.plaid.com/legal/

2. **Exhibit B**: Plaid's Privacy Policy as of October 10, 2014, effective November 11, 2013, available at https://web.archive.org/web/20141010160817/www.plaid.com/legal/

3. **Exhibit C**: Plaid's Privacy Policy as of March 19, 2016, effective November 11, 2013, available at https://web.archive.org/web/20160319102837/www.plaid.com/legal/

4. **Exhibit D**: Plaid's Privacy Policy as of September 19, 2015, effective November 11, 2013, available at https://web.archive.org/web/20150919214748/www.plaid.com/legal/

5. **Exhibit E**: Plaid's End User Privacy Policy as of January 1, 2019, effective June 14, 2018, available at https://web.archive.org/web/20190101181607/https://plaid.com/legal/

6. **Exhibit F**: Plaid's End User Policy as of May 30, 2019, effective May 29, 2019, available at https://web.archive.org/web/20190530174759/https://plaid.com/legal/#end-user-privacy-policy

7. **Exhibit G**: Plaid's End User Privacy Policy as of January 1, 2020, effective December 30, 2019, available at https://web.archive.org/web/20200101210746/https://plaid.com/legal/

## II. ARGUMENT

Plaid requests that the Court take judicial notice of the above materials because they are relevant to considering the sufficiency of the claims in Plaintiff's Consolidated Amended Complaint ("CAC"). In connection with its Motion to Dismiss (ECF No. 78), Plaid previously sought judicial notice of certain materials including its current Privacy Policy[1], which is referenced and quoted at length in the CAC. (ECF No. 81.) Plaintiffs oppose judicial notice of those materials on the ground that different versions were in place when certain Plaintiffs linked their payments apps to their financial institutions. (EFC No. 109.) Plaid believes those objections are meritless given the heavy reliance placed on the current Plaid Link flow and current Privacy Policy in the

---
[1] In this motion, current means current as of December 11, 2020, the date of this filing.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

RJN ISO REPLY ISO MOT. TO DISMISS PLS'
CONSOLIDATED AMENDED COMPLAINT
4:20-CV-3056-DMR

CAC, and maintains the Court should consider the materials submitted in its initial Request for Judicial Notice. In the event the Court wishes to review the prior versions of the Privacy Policy, Plaid seeks judicial notice of the documents listed herein, which show that the prior versions of Plaid's Privacy Policy contain the same materials terms as the current version for purposes of assessing the consent issues raised in Plaid's Motion to Dismiss.

Exhibits A-G are subject to judicial notice because they are publicly available documents currently accessible through the Wayback Machine website of the Internet Archive. In general, a court may take judicial notice of facts "not subject to reasonable dispute" that are either (1) "generally known within the trial court's territorial jurisdiction"; or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts routinely take judicial notice of website contents because they are capable of "ready and accurate determination." *See, e.g.*, *Frances Kenny Family Tr. v. World Savs. Bank FSB*, No. 04-cv-3724, 2005 WL 106792, at *1 n.1 (N.D. Cal. Jan. 19, 2005) (taking judicial notice of content on plaintiffs' website); *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (district court abused discretion by denying party's request for judicial notice of information on government agency's website)*; Caldwell v. Caldwell*, No. C 05-4166 PJH, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1069 n.3 (N.D. Cal. 2016) (taking judicial notice of online policies as they "were publicly available on [a] website and their existence [could not] reasonably be questioned"); *Kinderstart.com, LLC v. Google, Inc.*, No. C 06-2057 JF (RS), 2007 WL 831806, at *21 n.20 (N.D. Cal. Mar. 16, 2007) (taking judicial notice of "web-page printouts"); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983, 985 (N.D. Cal. 2010) (taking judicial notice of Microsoft's software license, Terms of Use, and website printouts).

Court take judicial notice specifically of policies "available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *E.g.*, *Erickson v. Neb. Mach. Co.*, No. 15-cv-1147, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) (citations omitted); *see Sabatini v. Price*, No. 17-cv-1597, 2018 WL 1638258, at *5 n.6 (S.D. Cal. Apr. 5, 2018), *aff'd sub nom. Sabatini v. Azar*, 749 F. App'x 588 (9th Cir. 2019) (taking judicial notice of website via Wayback Machine for the purpose of

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

RJN ISO REPLY ISO MOT. TO DISMISS PLS'
CONSOLIDATED AMENDED COMPLAINT
4:20-CV-3056-DMR

identifying information that was available to plaintiff); *Craigslist, Inc. v. DealerCMO*, Inc., No. 16-cv-1451-VC, 2017 WL 6334142, at *3 n.3 (N.D. Cal. Apr. 11, 2017) ("it is likely . . . appropriate to take judicial notice of the appearance of the listed websites in the past," based on the Wayback Machine) (citation omitted); *United States ex rel. Hong v. Newport Sensors, Inc*., No. 13-cv-1164-JLS (JPRx), 2016 WL 8929246, at *3 (C.D. Cal. May 19, 2016) ("district courts in this circuit have routinely taken judicial notice of content from the Internet Archive's Wayback Machine pursuant to this rule, as we do here") (collecting cases).; *UL LLC v. Space Chariot Inc*., 250 F. Supp. 3d 596, 604 n.2 (C.D. Cal. 2017) (collecting cases). Exhibits A-G are historical versions of Plaid's Privacy Policy available on the Wayback Machine at the specific URLS noted above and are properly subject to judicial notice under this established precedent. Moreover, Plaintiffs' CAC directly quotes from Plaid's 2016 Privacy Policy and pulled this document from the WayBack Machine. CAC ¶ 90, n.70. Plaintiffs can hardly object to the authenticity or provenance of a website on which they base their own allegations. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)(a court must consider documents not attached to a pleading if they are incorporated by reference); *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998) (courts may consider documents on which the complaint "necessarily relies.").

As noted in the Somvichian Declaration in support of this Request, Exhibits A-G were in place when Plaintiffs allegedly linked their payment apps to their financial institutions and contain materially the same disclosures as the current Privacy Policy.

### III. CONCLUSION

For the foregoing reasons, Plaid respectfully requests that the Court take judicial notice Exhibits A-G to the Somvichian Declaration.

Dated: December 11, 2020          COOLEY LLP

By: */s/ Whitty Somvichian*
    Whitty Somvichian

Attorneys for Defendant Plaid Inc.

239552317

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

RJN ISO REPLY ISO MOT. TO DISMISS PLS'
CONSOLIDATED AMENDED COMPLAINT
4:20-CV-3056-DMR