COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
LAUREN J. POMEROY (291604)
(lpomeroy@cooley.com)
ELLIE BARCZAK (329180)
(ebarczak@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone:     +1 415 693 2000
Facsimile:      +1 415 693 2222

Attorneys for Defendant
Plaid Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE PLAID INC. PRIVACY LITIGATION | Case No. 4:20-cv-03056-DMR |
| | **DEFENDANT PLAID INC.'S ANSWER TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DECLARATORY AND EQUITABLE RELIEF** |
| THIS DOCUMENT RELATES TO: | **DEMAND FOR JURY TRIAL** |
| ALL ACTIONS | Judge:      Donna M. Ryu |
| | Trial Date: None Set |
| | Date Action Filed: May 4, 2020 |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

Defendant Plaid Inc. ("Plaid") hereby answers Plaintiffs' Consolidated Amended Class Action Complaint for Damages and Declaratory and Equitable Relief (the "Complaint") (ECF No. 61). Any and all allegations not specifically admitted herein are denied. Except otherwise stated, Plaid denies the factual allegations, if any, contained in the headings, subheadings, tables of contents, unnumbered paragraphs, figures, and footnotes in the Complaint. Plaid reserves the right to seek leave to amend or supplement its Answer as necessary.

1.      Plaid denies the allegations contained in Paragraph 1.

2.      Paragraph 2 contains legal conclusions and characterizations to which no response is required.  To the extent a response is required, Plaid admits that it is not a bank and denies all other allegations and characterizations in Paragraph 2.

3.      Paragraph 3 contains legal conclusions and characterizations to which no response is required.  To the extent a response is required, Plaid admits that it provides software used by third-party developers, including developers of Venmo, Coinbase, and Square's CashApp. Plaid denies all other allegations and characterizations in Paragraph 3.

4.      Plaid admits that it provides a user interface to its clients to facilitate the process by which end-users can permission access to their financial account.  That user interface explains Plaid's role in the process, including that Plaid uses encryption to help secure their data, and that the credentials the user shares with Plaid are kept private from the third-party application.  Plaid denies all other allegations and characterizations in Paragraph 4.

5.      Plaid denies the allegations contained in Paragraph 5.

6.      Plaid denies the allegations contained in Paragraph 6.

7.      Paragraph 7 is Plaintiffs' characterization of their claims to which no response is required.  Plaid denies that Plaintiffs are entitled to any of the requested relief.

8.      Plaid denies Paragraph 8 as moot with respect to Plaintiffs' claims that arise under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the Stored Communications Act, 18 U.S.C. § 2701 in light of the Court's dismissal with prejudice of these claims. (*See* ECF No. 125.)

9.      Plaid denies Paragraph 9 as moot in light of the Court's dismissal with prejudice of Plaintiffs' federal claims. (*See* ECF No. 125.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

**10.**     Paragraph 10 contains legal conclusions to which no response is required.  To the extent that a response is required, without admitting that elements of the Class Action Fairness Act have been met, Plaid does not dispute jurisdiction under 28 U.S.C. § 1332(d) under the Class Action Fairness Act.

**11.**     Paragraph 11 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid admits that it has conducted business in the State of California and, without admitting any of the complained of acts and omissions, does not dispute this Court's exercise of personal jurisdiction.

**12.**     Paragraph 12 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid admits that it does business in this District and, without admitting the events or omissions alleged in Plaintiffs' Complaint, does not dispute the propriety of venue in this District.

**13.**     Paragraph 13 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid admits that it is headquartered in San Francisco and, without admitting any of the alleged conduct purportedly giving rise to Plaintiffs' claims, does not dispute the propriety of assignment to the Oakland Division of this District.

**14.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 and, on that basis, denies them.

**15.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15 and, on that basis, denies them.

**16.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 16 and, on that basis, denies them.

**17.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 17 and, on that basis, denies them.

**18.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 18 and, on that basis, denies them.

**19.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 19 and, on that basis, denies them.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

20.     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 20 and, on that basis, denies them.

21.     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 21 and, on that basis, denies them.

22.     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 22 and, on that basis, denies them.

23.     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 23 and, on that basis, denies them.

24.     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 24 and, on that basis, denies them.

25.     Plaid admits that it is a financial technology company and that it describes its business as follows: "We started out by building the technical infrastructure APIs that connect consumers, traditional financial institutions, and developers. Today, we add key insights to the data access we provide with our suite of analytics products."  Plaid further admits that it is a Delaware corporation with its principal place of business at 1098 Harrison Street, San Francisco, California 94103.  Plaid admits that on January 13, 2020 it announced that it signed a definitive agreement to be acquired by Visa; however Plaid subsequently announced the mutual termination of the pending acquisition on January 12, 2021.  Except as specifically admitted herein, Plaid denies all allegations in Paragraph 25.

26.     Plaid admits that it was founded in 2012 by Zach Perret and William Hockey with the intention of building a personal financial management tool but shortly thereafter pivoted its focus to building the fintech infrastructure layer that would make innovating in financial services easier for other developers so that those developers could build tools to help people live healthier financial lives.  Except as specifically admitted herein, Plaid denies all allegations in Paragraph 26.

27.     Plaid admits that Perret and Hockey presented at NYC Data Business Meetup in February 2013.  Plaid admits that the quoted language, but not the non-quoted characterizations, was said among other language during the cited presentation (though it has been taken out of

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

context).  Plaid denies all other allegations contained in Paragraph 27 except as specifically admitted herein.

28.     Plaid admits that the quoted language, but not the non-quoted characterizations, appears among other language on the cited job posting pages (though it has been taken out of context). Plaid denies all other allegations and characterizations in Paragraph 28 except as specifically admitted herein.

29.     Plaid admits that the cited interview describes the origin of the Plaid name.  Plaid denies all other allegations and characterizations in Paragraph 29 except as specifically admitted herein.

30.     Plaid admits that Venmo was one of its earliest clients.  Plaid denies all other allegations and characterizations in Paragraph 30 except as specifically admitted herein.

31.     Plaid admits that it provides software used by third-party developers, including developers of Venmo, Coinbase, and Square's CashApp.  Plaid lacks sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 31 and, on that basis, denies them.

32.     In response to the second sentence of Paragraph 32, Plaid admits that it provides products and services that enable consumers to easily and securely link their financial accounts with third-party applications of their choosing and that can help application developers authenticate financial accounts.  Plaid admits that authenticating bank accounts is important for the safety and security of payment transfers using mobile apps. Plaid lacks sufficient knowledge or information to admit or deny the fourth sentence of Paragraph 32 and, on that basis, denies it.  Plaid denies all allegations and characterizations of Paragraph 32 except as specifically admitted herein.

33.     Plaid admits that a small number of financial institutions currently offer an OAuth implementation to companies with which they have executed a data access agreement; the OAuth flow allows their customers to authenticate their financial account without giving a third party access to their login information.  Plaid denies that OAuth is "typical."  Plaid denies all allegations and characterizations of Paragraph 33 except as specifically admitted herein.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

**34.**     Plaid admits that at one time (but not currently), Plaid provided linking services using banking credentials that were collected from consumers by app developers in line with industry standards. Plaid admits that, in order to mitigate risk and minimize proliferation of credentials in the ecosystem, it subsequently created Plaid Link, which allowed Plaid to collect credentials directly from the consumer.  Plaid denies all allegations and characterizations in Paragraph 34 except as specifically admitted herein.

**35.**     Plaid admits that the quoted language, but not the non-quoted characterizations, was said in the cited interview (though it has been taken out of context). Plaid denies all other allegations and characterizations in Paragraph 35 except as specifically admitted herein.

**36.**     Plaid admits that it provides a user interface, called Plaid Link, that enables consumers to securely link their financial accounts with third-party applications of their choosing.   Plaid denies all allegations in Paragraph 36 except as specifically admitted herein.

**37.**     Plaid denies the allegations contained in Paragraph 37.

**38.**     Plaid admits that a consumer choosing to link their financial account to Venmo will be prompted to select their financial institution from a list (of over 11,000 financial institutions) and that that list may include the name, URL, and logo of the financial institution to assist consumers in correctly identifying and linking their financial institution. Plaid admits that at one time (but not at present) a user of the Venmo app seeking to link an account at Chase, Citibank, or Bank of America may have seen images similar to the format reflected in Paragraph 38.  Plaid denies all allegations in Paragraph 38 except as specifically admitted herein.

**39.**     Plaid admits that at one time (but not at present) a user of the Venmo app seeking to link a financial account at Chase, Citibank, or Bank of America may have seen screens prompting the consumer to enter their Chase Bank or Citi Bank "User ID" or their Bank of America "Online ID," respectively.  Plaid admits that, for certain financial institutions, it has collected login information with users' permission as described in its End User Privacy Policy.  Plaid denies all allegations in Paragraph 39 except as specifically admitted herein.

**40.**     Plaid admits that the quoted language, but not the non-quoted characterizations, appears among other language on the cited pages (though it has been taken out of context). Plaid

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

denies all other allegations and characterizations in Paragraph 40 except as specifically admitted herein.

**41.** Plaid admits that the quoted language, but not the non-quoted characterizations, appears among other language on the cited page (though it has been taken out of context). Plaid denies all other allegations and characterizations in Paragraph 41 except as specifically admitted herein.

**42.** Plaid admits that the quoted language, but not the non-quoted characterizations, appeared at one point in time among other language on the cited page (though it has been taken out of context). Plaid denies all other allegations and characterizations in Paragraph 42 except as specifically admitted herein.

**43.** Plaid admits that the quoted language, but not the non-quoted characterizations, appeared among other language on the cited page (though it has been taken out of context). Plaid denies all other allegations and characterizations in Paragraph 43 except as specifically admitted herein.

**44.** Plaid admits that the quoted language, but not the non-quoted characterizations, appeared among other language within the Consumer Protection Principles released by the Consumer Financial Protection Bureau ("CFPB") on October 18, 2017 (though it has been taken out of context). Plaid avers that the CFPB Principles also state that "[c]onsumers are generally able to authorize trusted third parties to obtain such information from account providers to use on behalf of consumers, for consumer benefit, and in a safe manner." Plaid denies all other allegations and characterizations in Paragraph 44.

**45.** Plaid admits that the quoted language appears among other language in Plaid's February 2017 response to CFPB's Request for Information (though it has been taken out of context). Plaid denies all other allegations and characterizations in Paragraph 45 except as specifically admitted herein.

**46.** Plaid admits that the quoted language was said in reference to the early days of Plaid and among other things in the cited interview (though it has been taken out of context). Plaid denies all other allegations and characterizations in Paragraph 46 except as specifically admitted herein.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

1    **47.**    Plaid denies the allegations contained in Paragraph 47.

2    **48.**    Plaid denies the allegations contained in Paragraph 48.

3    **49.**    Plaid denies the allegations contained in Paragraph 49.

4    **50.**    Plaid denies the allegations contained in Paragraph 50.

5    **51.**    Plaid admits that the quoted language appears among other language in a March

6    2013 job posting on the cited page (though it has been taken out of context). Plaid denies all other

7    allegations and characterizations in Paragraph 51 except as specifically admitted herein.

8    **52.**    Plaid admits that the block-quoted language appears among other language on the

9    cited page (though it has been taken out of context). Plaid denies all other allegations and

10   characterizations in Paragraph 52 except as specifically admitted herein.

11   **53.**    Plaid admits that it may collect certain information from financial accounts with

12   users' permission, as described in its End User Privacy Policy. Plaid denies all other allegations

13   and characterizations in Paragraph 53 except as specifically admitted herein.

14   **54.**    Plaid admits that the quoted language was said during the cited interview (though it

15   has been taken out of context). Plaid denies all other allegations and characterizations in Paragraph

16   54 except as specifically admitted herein.

17   **55.**    Plaid admits that the quoted language appears among other language on the cited

18   page and in the cited interview (though it has been taken out of context). Plaid denies all other

19   allegations and characterizations in Paragraph 55 except as specifically admitted herein.

20   **56.**    Plaid admits that it may collect certain information from financial accounts with

21   users' permission, as described in its End User Privacy Policy. Plaid denies all other allegations

22   and characterizations in Paragraph 56 except as specifically admitted herein.

23   **57.**    Plaid lacks sufficient knowledge or information to admit or deny the allegations in

24   Paragraph 57 and, on that basis, denies them.

25   **58.**    Plaid admits that its products and services enable consumers to securely link

26   financial accounts at over 11,000 financial institutions with thousands of third-party apps of their

27   choosing.  Plaid admits that Visa agreed to purchase Plaid for $4.9 billion in cash and

28   approximately $400 million in retention equity and deferred equity but denies that the proposed

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

sale was consummated.  Plaid denies all other allegations and characterizations in Paragraph 58 except as specifically admitted herein.

59.    Plaid denies the allegations contained in Paragraph 59.

60.    Plaid admits that the quoted language appears among other language on the cited page (though it has been taken out of context).  Plaid denies all other allegations and characterizations in Paragraph 60 except as specifically admitted herein.

61.    Plaid denies the allegations contained in Paragraph 61.

62.    Plaid admits that Visa agreed to purchase Plaid but denies that the proposed sale was consummated.  Plaid denies all other allegations and characterizations in Paragraph 62 except as specifically admitted herein.

63.    Plaid admits that the quoted language in the first sentence of Paragraph 63 appears among other language in a 2015 job posting on the cited page (though it has been taken out of context and has nothing to do with the sale of data).  Plaid denies all other allegations and characterizations in Paragraph 63 except as specifically admitted herein.

64.    Plaid admits that the quoted language was said during the cited interview of Zach Perret in May 2019 (though it has been taken out of context). Plaid denies all other allegations and characterizations in Paragraph 64 except as specifically admitted herein.

65.    Plaid denies the allegations and characterizations in the first sentence of Paragraph 65.  Plaid lacks sufficient knowledge or information to admit or deny the allegations in the second sentence of Paragraph 65, which refer to the opinions of other entities and quote from third-party sources, and, on that basis, denies them.

66.    Plaid admits that it has developed a user interface, called Plaid Link, that app developers can integrate within their app to enable consumers to securely link their financial accounts with third-party applications of their choosing.  The fifth sentence of Paragraph 66 is a legal conclusion to which no response is required.  To the extent that a response is required, Plaid denies the allegations in the fifth sentence of Paragraph 66.  Plaid denies all other allegations and characterizations in Paragraph 66 except as specifically admitted herein.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

**67.** Plaid admits that at one time (but not at present) a user of the Venmo app seeking to link a financial account may have seen images similar to the format reflected in Paragraph 67. Plaid denies all other allegations in Paragraph 67 except as specifically admitted herein.

**68.** Plaid admits that at one time a user of the Venmo app seeking to link a financial account may have seen the text quoted in Paragraph 68. Plaid denies all other allegations and characterizations in Paragraph 68 except as specifically admitted herein.

**69.** Plaid admits that at one time (but not at present) a user of the Venmo app seeking to link a financial account may have seen the text quoted in Paragraph 69. Plaid denies all other allegations and characterizations in Paragraph 69 except as specifically admitted herein.

**70.** Plaid denies the allegations in Paragraph 70.

**71.** Plaid admits that the block-quoted language has appeared among other language in past iterations of Plaid's Privacy Policy (though it has been taken out of context). Plaid denies all other allegations and characterizations in Paragraph 71 except as specifically admitted herein.

**72.** Plaid admits that at one time (but not at present) a user of the Venmo app seeking to link a financial account may have seen images similar to the format reflected in Paragraph 72. Plaid denies all other allegations in Paragraph 72 except as specifically admitted herein.

**73.** Paragraph 73 contains legal conclusions to which no response is required. To the extent that a response is required, Plaid denies the allegations in Paragraph 73.

**74.** Plaid denies the allegations in Paragraph 74.

**75.** Plaid denies the allegations in Paragraph 75.

**76.** Plaid admits that the quoted language in the second and third sentence of Paragraph 76 appears among other language on the cited pages (though they have been taken out of context and have nothing to do with disclosures to consumers). Plaid denies all other allegations and characterizations in Paragraph 76 except as specifically admitted herein.

**77.** Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 77, which refer to third-party sources, and, on that basis, denies them.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

**78.**     Plaid denies the first sentence of Paragraph 78.  Plaid lacks sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 78, which refer to the opinions of other entities and quote from third-party sources, and, on that basis, denies them.

**79.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 79, which refer to the opinions of other entities and quote from third-party sources, and, on that basis, denies them.

**80.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 80, which refer to the opinions of other entities and quote from third-party sources, and, on that basis, denies them.

**81.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 81, which refer to the opinions of other entities and quote from third-party sources, and, on that basis, denies them.

**82.**     Plaid denies the allegations contained in Paragraph 82.

**83.**     Plaid denies the allegations contained in Paragraph 83.

**84.**     The first sentence of Paragraph 84 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid denies the allegations in the first sentence of Paragraph 84.  Plaid lacks sufficient knowledge or information to admit or deny the remainder of the allegations in Paragraph 84, which refer to third-party materials, and, on that basis, denies them.

**85.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 85, which refer to third-party materials, and, on that basis, denies them.

**86.**     Paragraph 86 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid responds that it complies with applicable laws and regulations.

**87.**     Paragraph 87 contains legal conclusions to which no response is required.

**88.**     Plaid admits that the quoted language appears among other language in a document published by the CFPB in October 2017 entitled "Consumer Protection Principles: Consumer-

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

1    Authorized Financial Data Sharing and Aggregation."  Plaid denies all other allegations in

2    Paragraph 88 except as specifically admitted herein.

3         **89.**    Plaid admits that the quoted language appears among other language in Plaid's

4    October 2016 publication: "Financial data access methods: Creating a balanced approach."  Plaid

5    avers that it builds its products with transparency in mind and complies with applicable laws and

6    regulations concerning consumer disclosure.  Plaid denies all other allegations in Paragraph 89

7    except as specifically admitted herein.

8         **90.**    Plaid admits that at one point (but not currently) the block-quoted language appeared

9    among other language in Plaid's Terms of Use.  Plaid denies all other allegations and

10   characterizations in Paragraph 90 except as specifically admitted herein.

11        **91.**    Plaid admits that the block-quoted language appears among other language in

12   Plaid's Developer Policy.  Plaid denies all other allegations in Paragraph 91 except as specifically

13   admitted herein.

14        **92.**    Plaid admits that the block-quoted language appeared among other language in

15   Plaid's February 2017 response to the CFPB's RFI.

16        **93.**    Plaid admits that the block-quoted language appeared among other language in

17   Plaid's March 2019 letter to the U.S. Senate Committee on Banking, Housing and Urban

18   Affairs.  Plaid admits that consumer permission and control are core principles, and that Plaid has

19   developed disclosures and privacy policies designed to help consumers understand which

20   information is collected and how it is used, shared and stored. Plaid denies all other allegations in

21   Paragraph 93 except as specifically admitted herein.

22        **94.**    Admitted.

23        **95.**    Paragraph 95 contains legal conclusions to which no response is required.  To the

24   extent that a response is required, Plaid responds that it complies with applicable laws and

25   regulations.

26        **96.**    Paragraph 96 contains legal conclusions to which no response is required.  To the

27   extent that a response is required, Plaid denies that it violates any of the referenced provisions.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

**97.**     Paragraph 97 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid denies that it violates any of the referenced provisions.

**98.**     Paragraph 98 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid responds that it complies with applicable laws and regulations.

**99.**     Plaid denies the allegation contained in Paragraph 99.

**100.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 100 and, on that basis, denies them.

**101.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 101 and, on that basis, denies them.

**102.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 102 and, on that basis, denies them.

**103.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 103 and, on that basis, denies them.

**104.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 104 and, on that basis, denies them.

**105.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 105 and, on that basis, denies them.

**106.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 106 and, on that basis, denies them.

**107.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 107 and, on that basis, denies them.

**108.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 108 and, on that basis, denies them.

**109.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 109 and, on that basis, denies them.

**110.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 110 and, on that basis, denies them.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

**111.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 111 and, on that basis, denies them.

**112.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 112 and, on that basis, denies them.

**113.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 113 and, on that basis, denies them.

**114.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 114 and, on that basis, denies them.

**115.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 115 and, on that basis, denies them.

**116.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 116 and, on that basis, denies them.

**117.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 117 and, on that basis, denies them.

**118.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 118 and, on that basis, denies them.

**119.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 119 and, on that basis, denies them.

**120.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 120 and, on that basis, denies them.

**121.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 121 and, on that basis, denies them.

**122.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 122 and, on that basis, denies them.

**123.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 123 and, on that basis, denies them.

**124.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 124 and, on that basis, denies them.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

125.    Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 125 and, on that basis, denies them.

126.    Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 126 and, on that basis, denies them.

127.    Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 127 and, on that basis, denies them.

128.    Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 128 and, on that basis, denies them.

129.    Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 129 and, on that basis, denies them.

130.    Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 130 and, on that basis, denies them.

131.    Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 131 and, on that basis, denies them.

132.    Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 132 and, on that basis, denies them.

133.    Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 133 and, on that basis, denies them.

134.    Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 134 and, on that basis, denies them.

135.    Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 135 and, on that basis, denies them.

136.    Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 136 and, on that basis, denies them.

137.    Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 137 and, on that basis, denies them.

138.    Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 138 and, on that basis, denies them.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

1    **139.**   Plaid lacks sufficient knowledge or information to admit or deny the allegations in
2    Paragraph 139 and, on that basis, denies them.

3    **140.**   Plaid lacks sufficient knowledge or information to admit or deny the allegations in
4    Paragraph 140 and, on that basis, denies them.

5    **141.**   Plaid lacks sufficient knowledge or information to admit or deny the allegations in
6    Paragraph 141 and, on that basis, denies them.

7    **142.**   Plaid lacks sufficient knowledge or information to admit or deny the allegations in
8    Paragraph 142 and, on that basis, denies them.

9    **143.**   Plaid lacks sufficient knowledge or information to admit or deny the allegations in
10   Paragraph 143 and, on that basis, denies them.

11   **144.**   Plaid lacks sufficient knowledge or information to admit or deny the allegations in
12   Paragraph 144 and, on that basis, denies them.

13   **145.**   Plaid lacks sufficient knowledge or information to admit or deny the allegations in
14   Paragraph 145 and, on that basis, denies them.

15   **146.**   Plaid lacks sufficient knowledge or information to admit or deny the allegations in
16   Paragraph 146 and, on that basis, denies them.

17   **147.**   Plaid lacks sufficient knowledge or information to admit or deny the allegations in
18   Paragraph 147 and, on that basis, denies them.

19   **148.**   Plaid lacks sufficient knowledge or information to admit or deny the allegations in
20   Paragraph 148 and, on that basis, denies them.

21   **149.**   Plaid lacks sufficient knowledge or information to admit or deny the allegations in
22   Paragraph 149 and, on that basis, denies them.

23   **150.**   Plaid lacks sufficient knowledge or information to admit or deny the allegations in
24   Paragraph 150 and, on that basis, denies them.

25   **151.**   Plaid lacks sufficient knowledge or information to admit or deny the allegations in
26   Paragraph 151 and, on that basis, denies them.

27   **152.**   Plaid lacks sufficient knowledge or information to admit or deny the allegations in
28   Paragraph 152 and, on that basis, denies them.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

153.     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 153 and, on that basis, denies them.

154.     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 154 and, on that basis, denies them.

155.     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 155 and, on that basis, denies them.

156.     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 156 and, on that basis, denies them.

157.     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 157 and, on that basis, denies them.

158.     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 158 and, on that basis, denies them.

159.     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 159 and, on that basis, denies them.

160.     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 160 and, on that basis, denies them.

161.     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 161 and, on that basis, denies them.

162.     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 162 and, on that basis, denies them.

163.     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 163 and, on that basis, denies them.

164.     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 164 and, on that basis, denies them.

165.     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 165 and, on that basis, denies them.

166.     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 166 and, on that basis, denies them.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

**167.** Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 167 and, on that basis, denies them.

**168.** Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 168 and, on that basis, denies them.

**169.** Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 169 and, on that basis, denies them.

**170.** Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 170 and, on that basis, denies them.

**171.** Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 171 and, on that basis, denies them.

**172.** Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 172 and, on that basis, denies them.

**173.** Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 173 and, on that basis, denies them.

**174.** Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 174 and, on that basis, denies them.

**175.** Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 175 and, on that basis, denies them.

**176.** Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 175 and, on that basis, denies them.

**177.** Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 177 and, on that basis, denies them.

**178.** Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 178 and, on that basis, denies them.

**179.** Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 179 and, on that basis, denies them.

**180.** Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 180 and, on that basis, denies them.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

1    **181.**    Plaid lacks sufficient knowledge or information to admit or deny the allegations in

2    Paragraph 181 and, on that basis, denies them.

3    **182.**    Plaid lacks sufficient knowledge or information to admit or deny the allegations in

4    Paragraph 182 and, on that basis, denies them.

5    **183.**    Plaid lacks sufficient knowledge or information to admit or deny the allegations in

6    Paragraph 183 and, on that basis, denies them.

7    **184.**    Plaid lacks sufficient knowledge or information to admit or deny the allegations in

8    Paragraph 184 and, on that basis, denies them.

9    **185.**    Plaid lacks sufficient knowledge or information to admit or deny the allegations in

10   Paragraph 185 and, on that basis, denies them.

11   **186.**    Plaid lacks sufficient knowledge or information to admit or deny the allegations in

12   Paragraph 186 and, on that basis, denies them.

13   **187.**    Plaid lacks sufficient knowledge or information to admit or deny the allegations in

14   Paragraph 187 and, on that basis, denies them.

15   **188.**    Plaid lacks sufficient knowledge or information to admit or deny the allegations in

16   Paragraph 188 and, on that basis, denies them.

17   **189.**    Plaid lacks sufficient knowledge or information to admit or deny the allegations in

18   Paragraph 189 and, on that basis, denies them.

19   **190.**    Plaid lacks sufficient knowledge or information to admit or deny the allegations in

20   Paragraph 190 and, on that basis, denies them.

21   **191.**    Plaid lacks sufficient knowledge or information to admit or deny the allegations in

22   Paragraph 191 and, on that basis, denies them.

23   **192.**    Plaid lacks sufficient knowledge or information to admit or deny the allegations in

24   Paragraph 192 and, on that basis, denies them.

25   **193.**    Plaid lacks sufficient knowledge or information to admit or deny the allegations in

26   Paragraph 193 and, on that basis, denies them.

27   **194.**    Plaid lacks sufficient knowledge or information to admit or deny the allegations in

28   Paragraph 194 and, on that basis, denies them.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

1     **195.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in

2     Paragraph 195 and, on that basis, denies them.

3     **196.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in

4     Paragraph 196 and, on that basis, denies them.

5     **197.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in

6     Paragraph 197 and, on that basis, denies them.

7     **198.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in

8     Paragraph 198 and, on that basis, denies them.

9     **199.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in

10    Paragraph 199 and, on that basis, denies them.

11    **200.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in

12    Paragraph 200 and, on that basis, denies them.

13    **201.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in

14    Paragraph 201 and, on that basis, denies them.

15    **202.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in

16    Paragraph 202 and, on that basis, denies them.

17    **203.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in

18    Paragraph 203 and, on that basis, denies them.

19    **204.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in

20    Paragraph 204 and, on that basis, denies them.

21    **205.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in

22    Paragraph 205 and, on that basis, denies them.

23    **206.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in

24    Paragraph 206 and, on that basis, denies them.

25    **207.**     Plaid lacks sufficient knowledge or information to admit or deny the allegations in

26    Paragraph 207 and, on that basis, denies them.

27    **208.**     Paragraph 208 contains legal conclusions to which no response is required.  To the

28    extent that a response is required, Plaid denies the allegations in Paragraph 208.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

**PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR**

1    **209.**   Paragraph 209 contains legal conclusions to which no response is required.  To the

2    extent that a response is required, Plaid denies the allegations in Paragraph 209.

3    **210.**   Paragraph 210 contains legal conclusions to which no response is required.  To the

4    extent that a response is required, Plaid denies the allegations in Paragraph 210.

5    **211.**   Paragraph 211 contains legal conclusions to which no response is required.  To the

6    extent that a response is required, Plaid denies the allegations in Paragraph 211.

7    **212.**   Plaid lacks sufficient knowledge or information to admit or deny the allegations in

8    Paragraph 212, which refer to a third-party survey, and, on that basis, denies them.

9    **213.**   Plaid lacks sufficient knowledge or information to admit or deny the allegations and

10   characterizations in Paragraph 213, which refer to a third-party survey, and, on that basis, denies

11   them.

12   **214.**   Paragraph 214 contains legal conclusions to which no response is required.  To the

13   extent that a response is required, Plaid denies the allegations in Paragraph 214.

14   **215.**   Paragraph 215 contains legal conclusions to which no response is required.  To the

15   extent that a response is required, Plaid denies the allegations in Paragraph 215.

16   **216.**   Paragraph 216 contains legal conclusions to which no response is required.  To the

17   extent that a response is required, Plaid denies the allegations in Paragraph 216.

18   **217.**   Paragraph 217 contains legal conclusions to which no response is required.  To the

19   extent that a response is required, Plaid responds that it complies with applicable laws and

20   regulations.

21   **218.**   Paragraph 218 contains legal conclusions to which no response is required.  Plaid

22   also lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 218,

23   which refers to positions of third parties, and, on that basis, denies them.

24   **219.**   Plaid lacks sufficient knowledge or information to admit or deny the allegations in

25   Paragraph 219, which refers to statements and positions of third parties, and, on that basis, denies

26   them.

27   **220.**   Plaid denies the allegations in Paragraph 220.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

**PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR**

1   **221.**   Paragraph 221 contains legal conclusions to which no response is required.  To the

2   extent that a response is required, Plaid denies the allegations in Paragraph 221.

3   **222.**   Plaid lacks sufficient knowledge or information to admit or deny the allegations in

4   Paragraph 222, which refers to statements and positions of third parties, and, on that basis, denies

5   them.

6   **223.**   Paragraph 223 contains legal conclusions to which no response is required.  To the

7   extent that a response is required, Plaid denies the allegations in Paragraph 223.

8   **224.**   Paragraph 224 contains legal conclusions to which no response is required.  To the

9   extent that a response is required, Plaid denies the allegations in Paragraph 224.

10   **225.**   Paragraph 225 contains legal conclusions to which no response is required.  To the

11   extent that a response is required, Plaid denies the allegations in Paragraph 225.

12   **226.**   Paragraph 226 contains legal conclusions to which no response is required.  To the

13   extent that a response is required, Plaid denies the allegations in Paragraph 226.

14   **227.**   Paragraph 227 contains legal conclusions to which no response is required.  To the

15   extent that a response is required, Plaid denies the allegations in Paragraph 227.

16   **228.**   Plaid denies that Plaintiffs and Class members suffered loss of use and control to

17   Plaid of their own sensitive financial information.  Plaid lacks sufficient knowledge or information

18   to admit or deny the remainder of the allegations in Paragraph 228 and, on that basis, denies them.

19   **229.**   The first sentence of Paragraph 229 contains legal conclusions to which no response

20   is required.  To the extent that a response is required, Plaid denies those allegations.  Plaid further

21   denies the allegations and characterizations in the second sentence of Paragraph 229.

22   **230.**   Plaid denies the allegations in Paragraph 230.

23   **231.**   Paragraph 231 contains legal conclusions to which no response is required.  To the

24   extent that a response is required, Plaid denies the allegations in Paragraph 231.

25   **232.**   Plaid denies the allegations in the first sentence of Paragraph 232.  Plaid lacks

26   sufficient knowledge or information to admit or deny the allegations in the block-quoted portion of

27   Paragraph 232 and, on that basis, denies them.

28   **233.**   Plaid denies the allegations in Paragraph 233.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22

**PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR**

1    **234.**    Plaid denies the allegations in Paragraph 234.

2    **235.**    Plaid denies the allegations in Paragraph 235.

3    **236.**    Paragraph 236 contains legal conclusions to which no response is required.  To the

4    extent that a response is required, Plaid denies the allegations in Paragraph 236.

5    **237.**    Paragraph 237 contains legal conclusions to which no response is required.  To the

6    extent that a response is required, Plaid admits that Plaid's headquarters and principal place of

7    business are in California.  Except as specifically admitted herein, Plaid denies the allegations in

8    Paragraph 237.

9    **238.**    Paragraph 238 contains legal conclusions to which no response is required.  To the

10   extent that a response is required, Plaid denies the allegations in Paragraph 238.

11   **239.**    Paragraph 239 contains legal conclusions to which no response is required.  To the

12   extent that a response is required, Plaid denies the allegations in Paragraph 239.

13   **240.**    Plaid denies the allegations in Paragraph 240.

14   **241.**    Plaid lacks sufficient knowledge or information to admit or deny the allegations in

15   Paragraph 241 and, on that basis, denies them.

16   **242.**    Paragraph 242 contains legal conclusions to which no response is required.  To the

17   extent that a response is required, Plaid denies the allegations in Paragraph 242.

18   **243.**    Paragraph 243 contains legal conclusions to which no response is required.  To the

19   extent that a response is required, Plaid denies the allegations in Paragraph 243.

20   **244.**    Paragraph 244 contains legal conclusions to which no response is required.  To the

21   extent that a response is required, Plaid denies the allegations in Paragraph 244.

22   **245.**    Plaid realleges and incorporates by reference the foregoing admissions, denials,

23   averments, and responses as though fully set forth herein.

24   **246.**    Paragraph 246 contains Plaintiffs' characterization of their action, to which no

25   response is required.  Plaid denies that any class can be certified under Rule 23.

26   **247.**    Paragraph 247 contains Plaintiffs' proposed class definition, to which no response

27   is required. Plaid denies that any class can be certified under Rule 23.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

1    **248.**    Paragraph 248 contains Plaintiffs' proposed class definition, to which no response

2    is required. Plaid denies that any class can be certified under Rule 23.

3    **249.**    Paragraph 249 contains exclusions from Plaintiffs' proposed class definition, to

4    which no response is required. Plaid denies that any class can be certified under Rule 23.

5    **250.**    Paragraph 250 contains legal conclusions to which no response is required.  Plaid

6    denies that Plaintiffs can modify their proposed Class definitions as a matter of right.

7    **251.**    Paragraph 251 contains legal conclusions to which no response is required.  To the

8    extent that a response is required, Plaid denies the allegations in Paragraph 251.

9    **252.**    Paragraph 252 contains legal conclusions to which no response is required.  To the

10   extent that a response is required, Plaid lacks sufficient knowledge or information to admit or deny

11   the allegations in Paragraph 252, which refer to statistics relating to third parties, and, on that basis,

12   denies them.

13   **253.**    Paragraph 253 contains legal conclusions to which no response is required.  Plaid

14   denies that any class can be certified under Rule 23.

15   **254.**    Paragraph 254 contains legal conclusions to which no response is required.  To the

16   extent that a response is required, Plaid denies the allegations in Paragraph 254 and denies that any

17   class can be certified under Rule 23.

18   **255.**    Paragraph 255 contains legal conclusions to which no response is required.  Plaid

19   denies that any class can be certified under Rule 23.

20   **256.**    Paragraph 256 contains legal conclusions to which no response is required.  Plaid

21   denies that any class can be certified under Rule 23.

22   **257.**    Paragraph 257 contains legal conclusions to which no response is required.  Plaid

23   denies that any class can be certified under Rule 23.

24   **258.**    Paragraph 258 contains legal conclusions to which no response is required.  Plaid

25   denies that any class can be certified under Rule 23.

26   **259.**    Plaid realleges and incorporates by reference the foregoing admissions, denials,

27   averments, and responses as though fully set forth herein.   Paragraph 259 contains legal

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

conclusions to which no response is required.  To the extent that a response is required, Plaid denies the allegations in Paragraph 259.

260.    Paragraph 260 contains Plaintiffs' characterization of their action, to which no response is required.  Plaid denies that any class can be certified under Rule 23.

261.    Paragraph 261 contains legal allegations to which no response is required.  To the extent that a response is required, Plaid denies the allegations in Paragraph 261.

262.    Paragraph 262 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid denies the allegations in Paragraph 262.

263.    Paragraph 263 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid denies the allegations in Paragraph 263.

264.    Paragraph 264 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid denies the allegations in Paragraph 264.

265.    Paragraph 265 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid denies the allegations in Paragraph 265.

266.    Paragraph 266 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid denies the allegations in Paragraph 266.

267.    Paragraph 267 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid denies the allegations in Paragraph 267.

268.    Paragraph 268 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid denies the allegations in Paragraph 268.

269.    Paragraph 269 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid denies the allegations in Paragraph 269.

270.    Plaid denies Paragraph 270 as moot in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 125.)

271.    Plaid denies Paragraph 271 as moot in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 125.)

272.    Plaid denies Paragraph 272 as moot in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 125.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

1      **273.**    Plaid denies Paragraph 273 as moot in light of the Court's dismissal with prejudice

2  of this claim. (*See* ECF No. 125.)

3      **274.**    Plaid denies Paragraph 274 as moot in light of the Court's dismissal with prejudice

4  of this claim. (*See* ECF No. 125.)

5      **275.**    Plaid denies Paragraph 275 as moot in light of the Court's dismissal with prejudice

6  of this claim. (*See* ECF No. 125.)

7      **276.**    Plaid denies Paragraph 276 as moot in light of the Court's dismissal with prejudice

8  of this claim. (*See* ECF No. 125.)

9      **277.**    Plaid denies Paragraph 277 as moot in light of the Court's dismissal with prejudice

10  of this claim. (*See* ECF No. 125.)

11      **278.**    Plaid denies Paragraph 278 as moot in light of the Court's dismissal with prejudice

12  of this claim. (*See* ECF No. 125.)

13      **279.**    Plaid denies Paragraph 279 as moot in light of the Court's dismissal with prejudice

14  of this claim. (*See* ECF No. 125.)

15      **280.**    Plaid denies Paragraph 280 as moot in light of the Court's dismissal with prejudice

16  of this claim. (*See* ECF No. 125.)

17      **281.**    Plaid denies Paragraph 281 as moot in light of the Court's dismissal with prejudice

18  of this claim. (*See* ECF No. 125.)

19      **282.**    Plaid denies Paragraph 282 as moot in light of the Court's dismissal with prejudice

20  of this claim. (*See* ECF No. 125.)

21      **283.**    Plaid denies Paragraph 283 as moot in light of the Court's dismissal with prejudice

22  of this claim. (*See* ECF No. 125.)

23      **284.**    Plaid denies Paragraph 284 as moot in light of the Court's dismissal with prejudice

24  of this claim. (*See* ECF No. 125.)

25      **285.**    Plaid denies Paragraph 285 as moot in light of the Court's dismissal with prejudice

26  of this claim. (*See* ECF No. 125.)

27      **286.**    Plaid denies Paragraph 286 as moot in light of the Court's dismissal with prejudice

28  of this claim. (*See* ECF No. 125.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

26

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

1    **287.**    Plaid denies Paragraph 287 as moot in light of the Court's dismissal with prejudice

2    of this claim. (*See* ECF No. 125.)

3    **288.**    Plaid denies Paragraph 288 as moot in light of the Court's dismissal with prejudice

4    of this claim. (*See* ECF No. 125.)

5    **289.**    Plaid denies Paragraph 289 as moot in light of the Court's dismissal with prejudice

6    of this claim. (*See* ECF No. 125.)

7    **290.**    Plaid denies Paragraph 290 as moot in light of the Court's dismissal with prejudice

8    of this claim. (*See* ECF No. 125.)

9    **291.**    Plaid denies Paragraph 291 as moot in light of the Court's dismissal with prejudice

10   of this claim. (*See* ECF No. 125.)

11   **292.**    Plaid denies Paragraph 292 as moot in light of the Court's dismissal with prejudice

12   of this claim. (*See* ECF No. 125.)

13   **293.**    Plaid denies Paragraph 293 as moot in light of the Court's dismissal with prejudice

14   of this claim. (*See* ECF No. 125.)

15   **294.**    Plaid denies Paragraph 294 as moot in light of the Court's dismissal with prejudice

16   of this claim. (*See* ECF No. 125.)

17   **295.**    Plaid denies Paragraph 295 as moot in light of the Court's dismissal with prejudice

18   of this claim. (*See* ECF No. 125.)

19   **296.**    Plaid denies Paragraph 296 as moot in light of the Court's dismissal with prejudice

20   of this claim. (*See* ECF No. 125.)

21   **297.**    Plaid denies Paragraph 297 as moot in light of the Court's dismissal with prejudice

22   of this claim. (*See* ECF No. 125.)

23   **298.**    Plaid denies Paragraph 298 as moot in light of the Court's dismissal with prejudice

24   of this claim. (*See* ECF No. 125.)

25   **299.**    Plaid denies Paragraph 299 as moot in light of the Court's dismissal with prejudice

26   of this claim. (*See* ECF No. 125.)

27   **300.**    Plaid denies Paragraph 300 as moot in light of the Court's dismissal with prejudice

28   of this claim. (*See* ECF No. 125.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

27

**PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR**

**301.**   Plaid denies Paragraph 301 as moot in light of the Court's dismissal with prejudice of this claim. (*See* ECF No. 125.)

**302.**   Plaid denies Paragraph 302 as moot in light of the Court's dismissal with prejudice of this claim. (*See* ECF No. 125.)

**303.**   Plaid denies Paragraph 203 as moot in light of the Court's dismissal with prejudice of this claim. (*See* ECF No. 125.)

**304.**   Plaid denies Paragraph 304 as moot in light of the Court's dismissal with prejudice of this claim. (*See* ECF No. 125.)

**305.**   Plaid denies Paragraph 305 as moot in light of the Court's dismissal with prejudice of this claim. (*See* ECF No. 125.)

**306.**   Plaid denies Paragraph 306 as moot in light of the Court's dismissal with prejudice of this claim. (*See* ECF No. 125.)

**307.**   Plaid denies Paragraph 307 as moot in light of the Court's dismissal with prejudice of this claim. (*See* ECF No. 125.)

**308.**   Plaid denies Paragraph 308 as moot in light of the Court's dismissal with prejudice of this claim. (*See* ECF No. 125.)

**309.**   Plaid denies Paragraph 309 as moot in light of the Court's dismissal with prejudice of this claim. (*See* ECF No. 125.)

**310.**   Plaid denies Paragraph 310 as moot in light of the Court's dismissal with prejudice of this claim. (*See* ECF No. 125.)

**311.**   Plaid denies Paragraph 311 as moot in light of the Court's dismissal with prejudice of this claim. (*See* ECF No. 125.)

**312.**   Plaid denies Paragraph 312 as moot in light of the Court's dismissal with prejudice of this claim. (*See* ECF No. 125.)

**313.**   Plaid denies Paragraph 313 as moot in light of the Court's dismissal with prejudice of this claim. (*See* ECF No. 125.)

**314.**   Plaid denies Paragraph 314 as moot in light of the Court's dismissal with prejudice of this claim. (*See* ECF No. 125.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

28

**PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR**

1    **315.**   Plaid denies Paragraph 315 as moot in light of the Court's dismissal with prejudice

2  of this claim.  (*See* ECF No. 125.)

3    **316.**   Plaid denies Paragraph 316 as moot in light of the Court's dismissal with prejudice

4  of this claim.  (*See* ECF No. 125.)

5    **317.**   Plaid realleges and incorporates by reference the foregoing admissions, denials,

6  averments, and responses as though fully set forth herein.

7    **318.**   Paragraph 318 contains Plaintiffs' characterization of their action, to which no

8  response is required.  Plaid denies that any class can be certified under Rule 23.

9    **319.**   Paragraph 319 contains legal conclusions to which no response is required.  To the

10  extent that a response is required, Plaid denies the allegations in Paragraph 319.

11    **320.**   Paragraph 320 contains legal conclusions to which no response is required.  To the

12  extent that a response is required, Plaid denies the allegations in Paragraph 320.

13    **321.**   Paragraph 321 contains legal conclusions to which no response is required.  To the

14  extent that a response is required, Plaid denies the allegations in Paragraph 321.

15    **322.**   Paragraph 322 contains legal conclusions to which no response is required.  To the

16  extent that a response is required, Plaid denies the allegations in Paragraph 322.

17    **323.**   Paragraph 323 contains legal conclusions to which no response is required.  To the

18  extent that a response is required, Plaid denies the allegations in Paragraph 323.

19    **324.**   Paragraph 324 contains legal conclusions to which no response is required.  To the

20  extent that a response is required, Plaid denies the allegations in Paragraph 324.

21    **325.**   Paragraph 325 contains legal conclusions to which no response is required.  To the

22  extent that a response is required, Plaid denies the allegations in Paragraph 325.

23    **326.**   Plaid denies Paragraph 326 as moot in light of the Court's dismissal with prejudice

24  of this claim.  (*See* ECF No. 125.)

25    **327.**   Plaid denies Paragraph 327 as moot in light of the Court's dismissal with prejudice

26  of this claim.  (*See* ECF No. 125.)

27    **328.**   Plaid denies Paragraph 328 as moot in light of the Court's dismissal with prejudice

28  of this claim.  (*See* ECF No. 125.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

29

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

**329.**    Plaid denies Paragraph 329 as moot in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 125.)

**330.**    Plaid denies Paragraph 330 as moot in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 125.)

**331.**    Plaid denies Paragraph 331 as moot in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 125.)

**332.**    Plaid denies Paragraph 332 as moot in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 125.)

**333.**    Plaid denies Paragraph 333 as moot in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 125.)

**334.**    Plaid denies Paragraph 334 as moot in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 125.)

**335.**    Plaid denies Paragraph 335 as moot in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 125.)

**336.**    Plaid denies Paragraph 336 as moot in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 125.)

**337.**    Plaid denies Paragraph 337 as moot in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 125.)

**338.**    Plaid realleges and incorporates by reference the foregoing admissions, denials, averments, and responses as though fully set forth herein.

**339.**    Paragraph 339 contains Plaintiffs' characterization of their action, to which no response is required.  Plaid denies that any class can be certified under Rule 23.

**340.**    Paragraph 340 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid denies the allegations in Paragraph 340.

**341.**    Paragraph 341 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid denies the allegations in Paragraph 341.

**342.**    Paragraph 342 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid denies the allegations in Paragraph 342.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

30

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

343.     Paragraph 343 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid denies the allegations in Paragraph 343.

344.     Paragraph 344 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid denies the allegations in Paragraph 344.

345.     Paragraph 345 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid denies the allegations in Paragraph 345.

346.     Paragraph 346 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid denies the allegations in Paragraph 346.

347.     Paragraph 347 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid denies the allegations in Paragraph 347.

348.     Paragraph 348 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid denies the allegations in Paragraph 348.

349.     Plaid realleges and incorporates by reference the foregoing admissions, denials, averments, and responses as though fully set forth herein.

350.     Paragraph 350 contains Plaintiffs' characterization of their action, to which no response is required.  Plaid denies that any class can be certified under Rule 23.

351.     Paragraph 351 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid responds that it complies with applicable laws and regulations.

352.     Plaid lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 352 and, on that basis, denies them.

353.     Paragraph 353 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid responds that it complies with applicable laws and regulations.

354.     Paragraph 354 contains legal conclusions to which no response is required.  To the extent that a response is required, Plaid responds that it complies with applicable laws and regulations.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

31

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

1    **355.**    Paragraph 355 contains legal conclusions to which no response is required.  To the

2    extent a response is required, Plaid denies the allegations in Paragraph 355.

3    **356.**    Plaid realleges and incorporates by reference the foregoing admissions, denials,

4    averments, and responses as though fully set forth herein.

5    **357.**    Paragraph 357 contains Plaintiffs' characterization of their action, to which no

6    response is required.  Plaid denies that any class can be certified under Rule 23.

7    **358.**    Paragraph 358 contains legal conclusions to which no response is required.   To the

8    extent that a response is required, Plaid denies the allegations in Paragraph 358.

9    **359.**    Paragraph 359 contains legal conclusions to which no response is required.  To the

10   extent that a response is required, Plaid denies the allegations in Paragraph 359.

11   **360.**    Paragraph 360 contains legal conclusions to which no response is required.  To the

12   extent that a response is required, Plaid denies the allegations in Paragraph 360.

13   **361.**    Paragraph 361 contains legal conclusions to which no response is required.  To the

14   extent that a response is required, Plaid denies the allegations in Paragraph 361.

15   **362.**    Paragraph 362 contains legal conclusions to which no response is required.  To the

16   extent that a response is required, Plaid denies the allegations in Paragraph 362.

17   **363.**    Paragraph 363 is Plaintiffs' characterization of their claims to which no response is

18   required.  Plaid denies that Plaintiffs are entitled to any of the requested relief.

19   **364.**    Plaid denies Paragraph 364 as moot in light of the Court's dismissal with prejudice

20   of this claim.  (*See* ECF No. 125.)

21   **365.**    Plaid denies Paragraph 365 as moot in light of the Court's dismissal with prejudice

22   of this claim.  (*See* ECF No. 125.)

23   **366.**    Plaid denies Paragraph 366 as moot in light of the Court's dismissal with prejudice

24   of this claim.  (*See* ECF No. 125.)

25   **367.**    Plaid denies Paragraph 367 as moot in light of the Court's dismissal with prejudice

26   of this claim.  (*See* ECF No. 125.)

27   **368.**    Plaid denies Paragraph 368 as moot in light of the Court's dismissal with prejudice

28   of this claim.  (*See* ECF No. 125.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

32

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

**369.**    Plaid denies Paragraph 369 as moot in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 125.)

**370.**    Plaid denies Paragraph 370 as moot in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 125.)

**371.**    Plaid denies Paragraph 371 as moot in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 125.)

**372.**    Plaid denies Paragraph 372 as moot in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 125.)

**373.**    Plaid denies Paragraph 373 as moot in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 125.)

**374.**    Plaid denies Paragraph 374 as moot in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 125.)

**375.**    Plaid denies Paragraph 375 as moot in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 125.)

**376.**    Plaid denies Paragraph 376 as moot in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 125.)

**377.**    Plaid denies Paragraph 377 as moot in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 125.)

**378.**    Plaid denies Paragraph 378 as moot in light of the Court's dismissal with prejudice of this claim.  (*See* ECF No. 125.)

## PRAYER FOR RELIEF

To the extent a response is required, Plaid denies that Plaintiffs or class members have suffered any harm or damage of any kind and denies that Plaintiffs or class members are entitled to the relief sought or any other relief.

## AFFIRMATIVE DEFENSES

Plaid asserts the following affirmative defenses to the remaining claims in Plaintiffs' Consolidated Amended Class Action Complaint for Damages and Declaratory and Equitable Relief (the "Complaint") for: (1) alleged invasion of privacy (intrusion into private affairs) (the "Invasion

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

33

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

of Privacy Claim"); (2) alleged violations of the California Constitutional Right to Privacy (Article I, Section I of the California Constitution) (together, with the Invasion of Privacy claim, the "Privacy Claims"); (3) alleged violations of the California Anti-Phishing Act of 2005 (the "APA Claims"); (4) alleged deceit (i.e., alleged violations of California Civil Code sections 1709 and 1710) (the "Deceit Claims"); and (5) alleged unjust enrichment (i.e., Plaintiffs' quasi-contract claim for restitution and disgorgement) (the "Unjust Enrichment Claim").

Plaid asserts these affirmative defenses without assuming the burden of proof for such defenses that would otherwise fall on Plaintiffs.  Further, Plaid reserves the right to supplement or amend these affirmative defenses as discovery is further conducted and does not knowingly or intentionally waive any applicable affirmative defense.  Finally, Plaid repeats, re-alleges, and incorporates by reference herein each and every response to every paragraph above and below as if fully set forth in each of Plaid's affirmative defenses below.

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state any claims for which relief may be granted against Plaid.

**SECOND DEFENSE**

Plaintiffs' Deceit Claims are barred, in whole or in part, because Plaintiffs ratified Plaid's alleged conduct.

On information and belief, to the extent Plaintiffs used Plaid at all, Plaintiffs knowingly consented to use Plaid's services when they chose to link their financial account(s) to third-party applications of their choosing and agreed to Plaid's End User Privacy Policy.  On information and belief, Plaintiffs, after learning of Plaid's role in connecting their financial account(s) to third party applications of their choosing, continued on a voluntary basis to use Plaid's services and/or chose not to disconnect their linked accounts from their chosen third-party applications and/or chose not to request that Plaid delete their data.  On information and belief, Plaintiffs knowingly consented to use Plaid's services when they chose to re-link their financial account(s) to their selected third-party applications or initiated new connections between their financial account(s) and additional third-party applications and agreed to Plaid's End User Privacy Policy.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

34

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

Plaintiffs received substantial benefits by taking affirmative action to link their financial accounts through Plaid, and at the same time waived any right to claim any damages related to that use. Plaintiffs' Deceit Claims are thus barred, in whole or in part, by Plaintiffs' ratification of Plaid's alleged conduct.

### THIRD DEFENSE

Plaintiffs' Privacy Claims, APA Claims, and Deceit Claims are barred, in whole or in part, by the relevant and applicable statutes of limitations for each respective claim.

As set forth above, Plaintiffs had actual or imputed (or, at a minimum, constructive) knowledge of Plaid's products and services, with which they appear to take issue in their Complaint, since at least 2017. Because of Plaintiffs' actual, imputed, and/or constructive knowledge of Plaid's alleged conduct dating back to at least 2017, any limitations periods associated with Plaintiffs' Privacy Claims, APA Claims, and Deceit Claims should not be tolled. Accordingly, since Plaintiffs did not bring any claims against Plaid until 2020, Plaintiffs' Privacy Claims, APA Claims, and Deceit Claims are therefore barred, in whole or in part, by the relevant statutes of limitations.

### FOURTH DEFENSE

Plaintiff's Privacy Claims and APA Claims are barred, in whole or in part, because Plaintiffs consented, impliedly or expressly, to Plaid's alleged conduct.

On information and belief, to the extent Plaintiffs used Plaid at all, Plaintiffs knowingly consented to use Plaid's services when they chose to link their financial account(s) to third-party applications of their choosing and agreed to Plaid's End User Privacy Policy. On information and belief, Plaintiffs, after learning of Plaid's role in connecting their financial account(s) to third party applications of their choosing, continued on a voluntary basis to use Plaid's services and/or chose not to disconnect their linked accounts from their chosen third-party applications and/or chose not to request that Plaid delete their data. On information and belief, Plaintiffs knowingly consented to use Plaid's services when they chose to re-link their financial account(s) to their selected third-party applications or initiated new connections between their financial account(s) and additional third-party applications and agreed to Plaid's End User Privacy Policy.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

35

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

Plaintiffs thus consented to Plaid's practices when they linked their financial accounts to third-party applications of their choosing using Plaid and agreed to Plaid's privacy policy. Moreover, Plaintiffs' continued use of third-party applications, all while knowing of those applications' use of Plaid's products and services, implies and indicates that Plaintiffs consented to all practices disclosed in Plaid's privacy policy.

**FIFTH DEFENSE**

Plaintiffs' Privacy Claims, APA Claims, Deceit Claims, and Unjust Enrichment Claim are barred, in whole or in part, by the doctrine of waiver.

On information and belief, to the extent Plaintiffs used Plaid at all, Plaintiffs knowingly consented to use Plaid's services when they chose to link their financial account(s) to third-party applications of their choosing and agreed to Plaid's End User Privacy Policy. On information and belief, Plaintiffs, after learning of Plaid's role in connecting their financial account(s) to third party applications of their choosing, continued on a voluntary basis to use Plaid's services and/or chose not to disconnect their linked accounts from their chosen third-party applications and/or chose not to request that Plaid delete their data. On information and belief, Plaintiffs knowingly consented to use Plaid's services when they chose to re-link their financial account(s) to their selected third-party applications or initiated new connections between their financial account(s) and additional third-party applications and agreed to Plaid's End User Privacy Policy.

Plaintiffs thus waived their Privacy Claims, APA Claims, Deceit Claims, and Unjust Enrichment Claim—and relinquished any other alleged enforceable rights and claims against Plaid—when they knowingly linked their financial accounts to third-party applications through Plaid and benefited from the third-party applications' use of Plaid's products and services.

**SIXTH DEFENSE**

Plaintiffs' Privacy Claims, APA Claims, Deceit Claims, and Unjust Enrichment Claim are barred, in whole or in part, by the doctrine of laches.

On information and belief, to the extent Plaintiffs used Plaid at all, Plaintiffs knowingly consented to use Plaid's services when they chose to link their financial account(s) to third-party applications of their choosing and agreed to Plaid's End User Privacy Policy. On information and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

36

**PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR**

1   belief, Plaintiffs, after learning of Plaid's role in connecting their financial account(s) to third party

2   applications of their choosing, continued on a voluntary basis to use Plaid's services and/or chose

3   not to disconnect their linked accounts from their chosen third-party applications and/or chose not

4   to request that Plaid delete their data.  On information and belief, Plaintiffs knowingly consented

5   to use Plaid's services when they chose to re-link their financial account(s) to their selected third-

6   party applications or initiated new connections between their financial account(s) and additional

7   third-party applications and agreed to Plaid's End User Privacy Policy.

8        The doctrine of laches thus bars Plaintiffs' Privacy Claims, APA Claims, Deceit Claims,

9   and Unjust Enrichment Claim because Plaintiffs had actual and/or constructive knowledge of

10   Plaid's alleged conduct in at least 2017, yet failed to bring any such claims against Plaid until

11   2020.  During this delay, Plaid detrimentally relied on Plaintiffs' delay and continued to develop

12   its products and services and relationships with financial institutions and third-party

13   applications.  This significant and improper delay now prevents Plaintiffs from asserting such

14   claims.

15   **SEVENTH DEFENSE**

16        Plaintiffs' Privacy Claims, APA Claims, Deceit Claims, and Unjust Enrichment Claim are

17   barred, in whole or in part, by the doctrine of estoppel.

18        On information and belief, to the extent Plaintiffs used Plaid at all, Plaintiffs knowingly

19   consented to use Plaid's services when they chose to link their financial account(s) to third-party

20   applications of their choosing and agreed to Plaid's End User Privacy Policy.  On information and

21   belief, Plaintiffs, after learning of Plaid's role in connecting their financial account(s) to third party

22   applications of their choosing, continued on a voluntary basis to use Plaid's services and/or chose

23   not to disconnect their linked accounts from their chosen third-party applications and/or chose not

24   to request that Plaid delete their data.  On information and belief, Plaintiffs knowingly consented

25   to use Plaid's services when they chose to re-link their financial account(s) to their selected third-

26   party applications or initiated new connections between their financial account(s) and additional

27   third-party applications and agreed to Plaid's End User Privacy Policy.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

37

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

Plaintiffs' conduct now estops them from bringing their Privacy Claims, APA Claims, Deceit Claims, and Unjust Enrichment Claim against Plaid.  Plaintiffs had actual and/or constructive knowledge of third-party applications' use of Plaid's products and services since at least 2017, continued to use the third-party applications using Plaid's products and services with said knowledge, and subsequently used Plaid's products and services to link their financial account(s) to additional third-party applications with said knowledge.  The doctrine of estoppel now bars them from asserting any such claims against Plaid.

## EIGHTH DEFENSE

Plaintiffs' APA Claims are barred by the doctrine of due process.  Plaintiffs' statutory damages claims under California's Anti-Phishing Act are grossly disproportionate to any such harm Plaintiffs allege they incurred.  Indeed, Plaintiffs have not alleged that they were the victims of a phishing scheme that led to identity theft, caused their accounts to be hijacked, or otherwise harmed or affected them in another way; rewarding them for the lack of any alleged harm would be grossly excessive.  The doctrine of due process prohibits the imposition of grossly excessive punishments on alleged tortfeasors, and thus prohibits Plaintiffs from seeking such damages against Plaid in this Action.  See generally BMW of N. Am., Inc. v. Gore, 517 U.S. 559 (1996).

## NINTH DEFENSE

Plaintiffs' Privacy Claims, APA Claims, Deceit Claims, and Unjust Enrichment Claim are barred, in whole or in part, because of Plaintiffs' failure to mitigate or attempt to mitigate damages, if any such damages exist.

On information and belief, Plaintiffs knowingly chose to use Plaid's services by linking their financial account to third-party applications by expressly or impliedly agreeing via a user interface to Plaid's involvement.  On information and belief, Plaintiffs, after learning of Plaid's involvement in linking their various accounts with financial institutions to third party applications, continued on a voluntary basis to use the third-party applications (and therefore Plaid's products and services) with knowledge that Plaid's services were being used to provide linking and verification services to their financial institutions.  On information and belief, Plaintiffs voluntarily re-linked their financial accounts to third-party applications or initiated new connections between

their financial accounts and third-party applications by expressly or impliedly agreeing via a user interface to Plaid's involvement and/or with knowledge that Plaid's services were being used to provide linking and verification services to their financial institutions.

Plaintiffs have thus admitted to using apps incorporating Plaid's products and services and, on information and belief, have voluntarily linked their financial accounts to additional third-party applications and permissioned Plaid to obtain additional information from their financial accounts even after they filed this lawsuit.  Should the Court award Plaintiffs any such damages, Plaintiffs' failure to mitigate or attempt to mitigate damages must reduce Plaintiffs' recovery from Plaid.

**TENTH DEFENSE**

Plaintiffs' Privacy Claims, APA Claims, and Deceit Claims are barred, in whole or in part, because Plaintiffs' claimed injuries and damages, if any, were caused by the acts and omissions of persons, individuals, and entities other than Plaid.  To the extent Plaintiffs were not aware of the relevant third-party applications utilizing Plaid's products and services, any such alleged injuries and damages were caused as a result of the acts and omissions of persons, individuals, and entities other than Plaid.

**ELEVENTH DEFENSE**

Plaintiffs' Privacy Claims, APA Claims, and Deceit Claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if they recovered from Plaid any of the damages alleged in the Complaint.  Plaintiffs have received significant benefit from third-party applications' use of Plaid's products and services, and to compensate Plaintiffs in addition to such benefits would impermissibly and unjustly enrich Plaintiffs.

**TWELFTH DEFENSE**

Plaintiffs' Privacy Claims, APA Claims, and Deceit Claims are barred, in whole or in part, by the doctrine of unclean hands because, among other reasons, Plaintiffs neglected to prosecute their claims against Plaid while (1) continuing to use Plaid's products and services through various third-party applications and (2) reaping the benefits of the third-party applications' use of Plaid's products and services.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

39

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

1

**THIRTEENTH DEFENSE**

2       Plaintiffs' Privacy Claims, APA Claims, and Deceit Claims are barred, in whole or in part,

3   because they are frivolous, designed to harass and annoy Plaid, and are not brought in good

4   faith.  Throughout the litigation, Plaintiffs have already involved and incorporated 12 law firms and

5   19 named Plaintiffs (some of whom were dropped from operative Complaint), and have levied over

6   112 pages and 378 paragraphs of allegations at Plaid.  Though Plaintiffs' Privacy Claims, APA

7   Claims, and Deceit Claims remain active, it is clear that Plaintiffs' litigation strategy has largely

8   been used to harass and annoy Plaid with frivolous claims for Plaintiffs' pecuniary gain.

9

**FOURTEENTH DEFENSE**

10       Plaintiffs' Privacy Claims, APA Claims, and Deceit Claims are barred, in whole or in part,

11   to the extent that Plaintiffs may have recovered any of the damages or other relief alleged in the

12   Complaint from sources other than Plaid.

13

\* \* \*

14

**PRAYER FOR RELIEF**

15   **WHEREFORE**, Plaid prays as follows:

16       **1.**       That Plaintiffs take nothing by reason of the Complaint;

17       **2.**       That judgment be entered in favor of Plaid;

18       **3.**       That the Court award Plaid its costs incurred in defense of this action, including

19   attorneys' fees; and

20       **4.**       That the Court grant such other and further relief as it may deem proper.

21

**DEMAND FOR JURY TRIAL**

22       Plaid demands a jury trial on any claims or defenses to which such right is afforded.

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

40

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR

1    Dated: June 4, 2021                              COOLEY LLP

2

3                                                     By:/s/ *Michael G. Rhodes*
                                                          Michael G. Rhodes
4
                                                      Attorneys for Defendant
5                                                     Plaid Inc.

6
     250339390
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAID'S ANSWER TO CONSOLIDATED
AMENDED COMPLAINT
NO. 4:20-CV-3056-DMR