HERRERA KENNEDY LLP
Shawn M. Kennedy (SBN 218472)
skennedy@herrerakennedy.com
Bret D. Hembd (SBN 272826)
bhembd@herrerakennedy.com
4590 MacArthur Blvd., Suite 500
Newport Beach, CA 92660
Tel: (949) 936-0900
Fax: (855) 969-2050

HERRERA KENNEDY LLP
Nicomedes Sy Herrera (SBN 275332)
nherrera@herrerakennedy.com
Laura E. Seidl (SBN 269891)
lseidl@herrerakennedy.com
1300 Clay Street, Suite 600
Oakland, CA 94612
Tel: (510) 422-4700
Fax: (855) 969-2050

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Rachel Geman (Pro Hac Vice)
rgeman@lchb.com
Rhea Ghosh (Pro Hac Vice)
rghosh@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel: (212) 355-9500
Fax: (212) 355-9592

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel: (415) 956-1000
Fax: (415) 956-1008

BURNS CHAREST LLP
Warren T. Burns (Pro Hac Vice)
wburns@burnscharest.com
900 Jackson Street, Suite 500
Dallas, TX 75202
Tel: (469) 904-4550
Fax: (469) 444-5002

BURNS CHAREST LLP
Christopher J. Cormier (Pro Hac Vice)
ccormier@burnscharest.com
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Tel: (202) 577-3977
Fax: (469) 444-5002

*Interim Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE PLAID INC. PRIVACY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Master Docket No.: 4:20-cv-03056-DMR<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Hon. Donna M. Ryu<br>Action Filed:  May 4, 2020<br>Trial Date:  None Set |

WHEREAS, Plaintiffs James Cottle and Frederick Schoeneman filed a Complaint and commenced the action entitled *Cottle et al. v. Plaid Inc.*, No. 4:20-cv-03056-DMR ("Cottle Action"), and the Court granted a stipulation to consolidate the Cottle Action with four-subsequently-filed related actions to form the action pending before the Court and entitled *In re Plaid Inc. Privacy*, No. 4:20-cv-03056-DMR (N.D. Cal.) (collectively, the "Action") (Dkt. 57);

WHEREAS, Plaintiffs Caroline Anderson, James Cottle, Rachel Curtis, David Evans, Logan Mitchell, Alexis Mullen, Jordan Sacks, Frederick Schoeneman, Gabriel Sotelo, Jeffrey Umali, and Nicholas Yeomelakis filed a Consolidated Amended Class Action Complaint (Dkt. 61) and subsequently entered into an Agreement with Defendant Plaid Inc. that, if approved, would settle the Action;

WHEREAS, Plaintiffs have moved, pursuant to Rule 23(e), for an order preliminarily approving the settlement of this Action pursuant to the terms and conditions set forth in the Parties' Agreement (the "Motion"); and

WHEREAS, the Court, having considered the Motion, the Agreement together with all exhibits and attachments thereto, the record in the Action, the parties' briefs, and arguments of counsel,

**NOW THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

1. <u>Settlement Terms.</u>  Unless otherwise defined herein, all capitalized terms herein shall have the same definitions as set forth in the Class Action Settlement Agreement ("Agreement" or "Settlement Agreement") between Defendant Plaid Inc. ("Plaid") and Plaintiffs Caroline Anderson, James Cottle, Rachel Curtis, David Evans, Logan Mitchell, Alexis Mullen, Jordan Sacks, Frederick Schoeneman, Gabriel Sotelo, Jeffrey Umali, and Nicholas Yeomelakis ("Plaintiffs") (collectively, the "Parties").

2. <u>Jurisdiction.</u>  This Court has jurisdiction over the subject matter of the Action and all parties to the Action, including members of the Class.

3. <u>Preliminary Approval of Proposed Settlement Agreement.</u>  The Court finds that, subject to further consideration at the Final Approval Hearing, the Parties' proposed Settlement

Agreement is fair, reasonable, adequate, and within the range of possible final approval considering the possible damages at issue and defenses to overcome. The Court also finds that the Settlement Agreement: (a) is the result of extensive, serious, informed, non-collusive, and arm's length negotiations involving experienced counsel familiar with the legal and factual issues of this case and made with the assistance of the mediation services of Hon. Jay Gandhi (Ret.); (b) meets all applicable requirements of law, including Rule 23(e) of the Federal Rules of Civil Procedure and the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715; (c) is likely to be certified as a class for settlement purposes pursuant to Rule 23 of the Federal Rules of Civil Procedure; and (d), has no obvious deficiencies. Therefore, the Court grants preliminary approval of the Settlement Agreement, including the terms and conditions for settlement and dismissal as set forth therein.

4. <u>Settlement Class.</u>  The Class consists of all natural persons in the United States and who own or owned one or more Financial Accounts that:  (1) Plaid accessed using the user's login credentials and connected to a mobile or web-based fintech application that enables payments (including ACH payments) or other money transfers; or (2) for which a user provided financial account login credentials to Plaid through Plaid Link, at the time such persons resided in the United States from January 1, 2013 through the date of this Order granting preliminary approval of the Settlement. Notwithstanding the foregoing, a Financial Account does not include an account that was connected, or for which credentials were provided, exclusively through an OAuth Process or Managed OAuth Process.

5. The following entities and individuals are not Class Members: (a) Plaid and any and all of its predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' present and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys; (b) any judicial officer presiding over the Action, or any member of his or her immediate family or of his or her judicial staff; and (c) any Excluded Class Member.

6. <u>Class Representatives.</u>  The Court appoints Plaintiffs Caroline Anderson, James Cottle, Rachel Curtis, David Evans, Logan Mitchell, Alexis Mullen, Jordan Sacks, Frederick Schoeneman, Gabriel Sotelo, Jeffrey Umali, and Nicholas Yeomelakis as Class Representatives.

7. <u>Class Counsel.</u>  The Court appoints Christopher Cormier, Burns Charest LLP; Shawn Kennedy, Herrera Kennedy LLP, and Rachel Geman, Lieff, Cabraser, Heimann & Bernstein, LLP as Class Counsel.

8. <u>Settlement Administrator.</u>  The Court hereby approves Angeion Group, LLC to act as Settlement Administrator. Angeion Group, LLC shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

9. <u>Qualified Settlement Fund.</u>  Angeion Group, LLC is authorized to establish the Settlement Fund under 26 C.F.R. §§ 1.468B-1 for federal tax purposes. The Settlement Fund shall be a court-approved Qualified Settlement Fund ("QSF") for federal tax purposes pursuant to Treas. Reg. § 1.468B-1. Plaid shall be the "transferor" to the QSF within the meaning of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the Settlement Fund. The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. Plaid shall provide to the Settlement Administrator any documentation required for the Settlement Administrator to facilitate obtaining QSF status for the Settlement Fund pursuant to Treas. Reg. §1.468B-l. All taxes on income or interest generated by the Settlement Fund, if any, shall be paid out of the Settlement Fund.

10. <u>Class Notice.</u>  The Court finds that the content, format, and method of disseminating notice as set forth in the Settlement Agreement and documents in support of Plaintiffs' Motion is appropriate notice. The Court approves, as to form and content, the Notice of Class Action Settlement attached to the Settlement Agreement, the Notice Plan, the Settlement Website, and the

forms of notice submitted with Plaintiffs' Motion. The Court finds that dissemination of the class notice, as proposed in the Settlement Agreement and in the Notice Plan, meets the requirements of Rule 23 and due process, and further constitutes the best notice practicable under the circumstances. Accordingly, the Court hereby approves such notice and directs that such notice be disseminated in the manner set forth in the proposed Settlement Agreement under Rule 23.

11. <u>Objection and Exclusion Deadline.</u>  Class Members who wish either to object to the Settlement or to exclude themselves from the Settlement must do so by the Objection and Exclusion Deadline of _____, 2021 both of which are thirty-five (35) days after the Notice Date.

12. <u>Exclusion from Settlement Class.</u>  To submit a request for exclusion, Class Members must follow the directions in the Notice, send a compliant request to the Class Administrator at the address designated in the Class notice, and be post-marked by the Exclusion Deadline. To be valid, the request for exclusion must: (a) be in writing and mailed; (b) contain the name and case number of this Action, *In re Plaid Inc. Privacy Litigation*, No. 4:20-cv-03056); (c) contain the full name, mailing address, and email address or telephone number of the Class member; (d) contain the words "Notification of Exclusion" or a statement that the Class member wishes to be excluded from the Settlement; and (e) contain the handwritten or electronically imaged written (*e.g.*, "DocuSign") signature of the Class member. An attorney's signature or a typed signature will not satisfy this requirement. Further, no request for exclusion may be made on behalf of a group of Class Members.

13. All Class Members who submit a timely, valid request for exclusion will be excluded from the Class and will not be bound by the terms of the Settlement Agreement or any determinations or judgments concerning the Settlement Agreement. All Class Members who do not submit a valid request for exclusion by _____, 2021 in accordance with the terms set forth in the Agreement and Notice will be bound by all determinations and judgments concerning the Agreement.

14. <u>Objections to the Settlement.</u>  Any Class member who is not an Excluded Class Member may object to the settlement. Class Members who wish to object to the settlement must make a written statement objecting to the Settlement. Such written statement must be filed at any

- 4 -

location of the United States District Court for the Northern District of California; mailed to the Clerk of Court, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612; or sent to the Settlement Administrator at the address specified in the Notice of Class Action Settlement no later than the Objection/Exclusion Deadline set by this Order.

15. Any objection must: (a) be in writing; (b) contain the name and case number of this Action, *In re Plaid Inc. Privacy Litigation*, No. 4:20-cv-03056); (c) the objector's full name and mailing address, email address, or telephone number, and personal signature; (d) the objector's basis for believing they are a Class member; (e) a statement whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, address, and phone number; and (f) a clear and concise statement of the grounds for their objection.

16. The date of the postmark on the envelope containing the written statement objecting to the settlement shall be the exclusive means used to determine whether an objection and/or intention to appear has been timely submitted. In the event a postmark is illegible, the date of mailing shall be deemed to be three (3) days prior to the date the Settlement Administrator received the written statement.

17. Class Members who fail to file and serve timely written objections in the manner specified herein and the Notice Plan shall be deemed to have waived any objections and shall be forever barred from making any objection to the Agreement and the proposed settlement by appearing at the Final Approval Hearing, appeal, collateral attack, or otherwise.

18. Objecting Class Members may appear at the Final Approval Hearing and be heard. If an objecting Class member chooses to appear at the Final Approval Hearing, a notice of intention to appear should be filed with the Court or postmarked no later than the Objection Deadline.

19. All members of the Class, except those who submit timely requests for exclusion will be bound by all determinations and judgments in this Action; whether favorable or unfavorable to the Class.

20. <u>Submission of Claims.</u>  To participate in the Settlement, Class Members must follow the directions in the Settlement Agreement, Notice, and submit an Approved Claim with the Claims Administrator by the Claims Deadline of _____, which is ninety (90) days after the settlement Notice Date. Class Members who do not submit a claim and those who do not submit Approved Claims will not receive a cash award, but they will be bound by the Settlement.

21. The Settlement Administrator shall review all claims to determine their validity and shall employ reasonable procedures to screen claims for abuse and fraud.  The Settlement Administrator may reject any claim that is not submitted by a Class member; is a duplicate of another claim; is reasonably suspected to be fraudulent; or is submitted after the Claims Deadline. The Settlement Administrator shall determine whether a Claim Form submitted by a Class member is an Approved Claim and shall reject Claim Forms that fail to comply in any material respect with the instructions in the Notice Plan or the terms of the Agreement.

22. <u>Schedule of Future Events.</u>  The Court adopts the Plaintiffs proposed schedule of future events as set forth below:

| Event | Date |
|---|---|
| Deadline to substantially complete notice pursuant to Notice Plan ("Notice Date") | 70 days after entry of the Court's Preliminary Approval Order |
| Deadline for Class Counsel's motions for final approval and for attorneys' fees, costs, and service awards. | 35 days before Objection/Exclusion Deadline |
| Objection / Exclusion Deadline | 35 days after Notice Date |
| Deadline for Parties to file a written response to any comment or objection filed by a class member | 50 days after Notice Date |
| Claims Deadline | 90 days after Notice Date |
| Final Approval Hearing | Not less than 160 days after entry of the Preliminary Approval Order, or as soon thereafter as is convenient for the Court |

23. <u>Final Approval Hearing.</u>  A Final Approval Hearing is scheduled for _____, 2021 at _____ for the Court to determine whether the proposed settlement of

- 6 -

the Action, pursuant to the terms and conditions provided in the Settlement Agreement, is fair, reasonable, and adequate to the Class and should be finally approved by the Court; whether to certify the settlement Class under Fed. R. Civ. P. 23; whether a Judgment should be entered; to determine any amount of fees, costs, and expenses that should be awarded to Class Counsel; and to determine the amount of any Service Award to Plaintiffs. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Class Members, and the Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Class.

24. <u>Stay of Proceedings.</u>  On June 16, 2021, the parties filed a stipulation to stay all non-settlement proceedings in the Action, pending finalization and execution of a long form settlement agreement, which was granted on June 17, 2021. (Dkt. 132, 133) All proceedings in this Action are stayed until further ordered by this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement. Pending final determination of whether the proposed Settlement should be approved, neither Plaintiffs nor any Class member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against Plaid any action, or proceeding in any court or tribunal asserting any of the Plaintiffs' Released Claims.

25. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Plaid or the Class Representatives to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the certification of the Class will be deemed vacated.

26. <u>No Admission of Liability.</u>  By entering this Order, the Court does not make any determination as to the merits of this case. Preliminary approval of the Settlement Agreement is not a finding of admission or liability by Plaid. Furthermore, the Agreement and any and all negotiations, documents, and discussions associated with it will not be deemed or constructed to be an admission

or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Plaid or any Class member, or the truth of any of the claims in this Action.

27. <u>Retention of Jurisdiction.</u>  The Court retains jurisdiction over the Action to consider all further matters arising out of, or connected to, the Settlement Agreement and the settlement process as described herein and/or permitted under applicable law.

28. The Court may approve the Settlement with such modifications as may be agreed by the Parties and approved by the Court, if appropriate, without further notice to the class.

**IT IS SO ORDERED.**


Dated: _____, 2021        _____
                                       Hon. Donna M. Ryu
                                       UNITED STATES MAGISTRATE JUDGE

- 8 -

MASTER DOCKET NO. 4:20-CV-03056-DMR
ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT