HERRERA KENNEDY LLP
Shawn M. Kennedy (SBN 218472)
skennedy@herrerakennedy.com
Bret D. Hembd (SBN 272826)
bhembd@herrerakennedy.com
4590 MacArthur Blvd., Suite 500
Newport Beach, CA 92660
Tel: (949) 936-0900
Fax: (855) 969-2050

HERRERA KENNEDY LLP
Nicomedes Sy Herrera (SBN 275332)
nherrera@herrerakennedy.com
1300 Clay Street, Suite 600
Oakland, CA 94612
Tel: (510) 422-4700
Fax: (855) 969-2050

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Rachel Geman (Pro Hac Vice)
rgeman@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel: (212) 355-9500
Fax: (212) 355-9592

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael K. Sheen (SBN 288284)
msheen@lchb.com
Nicholas R. Hartmann (SBN 301049)
nhartmann@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel: (415) 956-1000
Fax: (415) 956-1008

BURNS CHAREST LLP
Christopher J. Cormier (Pro Hac Vice)
ccormier@burnscharest.com
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Tel: (202) 577-3977
Fax: (469) 444-5002

*Co-Lead Class Counsel*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE PLAID INC. PRIVACY LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Master Docket No.: 4:20-cv-03056-DMR<br><br>**JOINT DECLARATION OF SHAWN M. KENNEDY, RACHEL GEMAN, AND CHRISTOPHER J. CORMIER IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND PLAINTIFF SERVICE AWARDS**<br><br>Date: May 12, 2022<br>Time: 1:00 p.m.<br>Courtroom: *Via* videoconference only<br>Judge: The Hon. Donna M. Ryu |

We, SHAWN M. KENNEDY, RACHEL GEMAN, and CHRISTOPHER J. CORMIER hereby declare as follows:

1.      Shawn Kennedy is a member in good standing of the California State Bar and a partner in the law firm of Herrera Kennedy LLP ("HK"). Rachel Geman is a member in good standing of the New York State Bar and a partner in the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP ("LCHB"). Christopher Cormier is a member in good standing of the District of Columbia Bar and a partner in the law firm of Burns Charest, LLP ("BC"). We submit this declaration jointly in support of Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Plaintiff Service Awards. Except as otherwise noted, we have personal knowledge of the statements contained in this declaration and, if called to testify, could and would testify competently to them.

2.      HK, LCHB, and BC served as Co-Lead Interim Class Counsel from July 29, 2020 until November 19, 2021, when the Court preliminarily appointed them Co-Lead Class Counsel. (Dkts. 57, 153.) In these positions, we have had a primary role in devising the litigation and settlement strategies for the Class, and we have been actively and personally involved in prosecuting and resolving the litigation.

## **OVERVIEW**

3.      Prosecution of this complex litigation required an enormous amount of work, effort, and expense by HK, LCHB, and BC (collectively, "Class Counsel") over more than two years. Throughout this litigation, Class Counsel devoted whatever resources were necessary to see it through to a successful outcome. The following table summarizes the total hours dedicated by Class Counsel to this action between January 2020 and January 25, 2022:

**Table 1**

| Summary of Time Incurred | | |
|---|---|---|
| **Law Firm** | **Total Hours** | **Total Lodestar** |
| HK | 1,944.9 | $1,811,332.50 |
| LCHB | 2,080.8 | $1,296,641.00 |
| BC | 1,600.8 | $1,286.262.50 |

| Total | 5,626.5 | $4,394,236 |
|-------|---------|------------|

4.      These figures are derived from our respective time records, which are prepared contemporaneously in the ordinary course of business. As noted above and described in detail herein, the lodestar resulting from those hours is $4,394,236.

5.      These amounts do not include time that we have written off in the exercise of billing discretion upon review of our law firms' respective time records. Only time and expenses that inured to the benefit of the Class and that advanced the claims resolved in the Settlement have been included in the time and costs presented in Class Counsel's fee motion.

## **LITIGATION HISTORY**

I.      **Discovery and Investigation of Claims, Filing of Initial Action, and Consolidated Amended Complaint**

6.      This action did not result from the release of a public statement by Plaid or a news report. Rather, the genesis of this action was Class Counsel's discovery of the privacy breaches alleged in this action, followed by several months of factual and legal investigatory work that Class Counsel undertook beginning in January 2020.

7.      As part of the investigation, Class Counsel reviewed numerous videos, message board posts, web pages, submissions to government regulators, podcasts, marketing materials, articles, and other publicly available information. Our investigation included delving into the history and evolution of Plaid's business, including its founding and growth within the fintech industry. We developed an understanding of Plaid's historical and current business practices, as well as the distinctions between its consumer-facing and industry-facing messaging.

8.      Class Counsel also gathered information about how Plaid's software worked, including the methods Plaid used to collect data from consumers and deliver that data to its fintech customers. To get a fuller understanding of how Plaid's software worked, we engaged an expert to analyze various aspects of the software, including the nature of the software templates

1   provided to Plaid clients and the security involved in transmitting login information through Plaid

2   Link.

3        9.      Class Counsel's investigation led to the filing of an 81-page complaint on May 4,

4   2020 by plaintiffs James Cottle and Frederick Schoeneman in an action captioned *Cottle et al. v.*

5   *Plaid Inc.*, No. 4:20-cv-03056-DMR (the "Cottle Action"). (Dkt. 1.) Plaid initially was

6   represented in the Cottle Action by attorneys from the San Francisco and New York offices of

7   Gibson, Dunn & Crutcher LLP. (Dkt. 51.) After several months, Plaid substituted Gibson Dunn

8   for new counsel from the San Francisco office of Cooley LLP. (Dkt. 97.)

9        10.     On July 17, 2020, Plaid, the Cottle Action plaintiffs, and plaintiffs in four

10  subsequently-filed actions filed a stipulation to consolidate the cases and appoint Class Counsel

11  as interim co-lead counsel under Federal Rule of Civil Procedure 23(g). (Dkt. 51.) On July 29,

12  2020, the Court consolidated the Cottle Action with the four related actions (collectively, the

13  "Action"), and appointed Class Counsel as interim co-lead counsel. (Dkt. 57.) On August 5, 2020,

14  consolidated Plaintiffs filed the 105-page Consolidated Amended Class Action Complaint

15  ("CAC"). (Dkt. 61.)

16  **II.      Plaid's Motion to Dismiss**

17       11.     On September 14, 2020, Plaid filed a 38-page motion to dismiss the CAC in its

18  entirety. (Dkt. 78.) Plaid argued, among other things, that (1) Plaintiffs lacked standing to pursue

19  any of their claims, including because they had not sufficiently pled an injury in fact; (2) most of

20  Plaintiffs' claims were barred by relevant statutes of limitations; (3) Plaintiffs' equitable claims

21  were barred; (4) Plaintiffs failed to plead actionable claims under the Stored Communications

22  Act, 18 U.S.C. §§ 2701 *et seq.* ("SCA"), Computer Fraud and Abuse Act, 18 U.S.C. § 1030

23  ("CFAA"), or the Computer Data and Access Fraud Act, Cal. Penal Code § 502 ("CDAFA"); (5)

24  Plaintiffs filed to allege economic harm under the Unfair Competition Law, Cal. Bus. & Prof.

25  Code §§ 17200 *et seq.* ("UCL"); (6) Plaintiffs failed to plead common-law claims for invasion of

26  privacy, violation of the California Constitution (Article I, Section I), or deceit; and (7) Plaintiffs

27  failed to plead a claim under California's Anti-Phishing Act of 2005, Cal. Bus. & Prof. Code

28  § 22948 *et seq.* ("CAPA").

12.     On November 17, 2020, Plaintiffs filed a 45-page opposition to Plaid's motion to dismiss, arguing that each of the claims in the CAC was adequate under the relevant standards. (Dkt. 108.) On December 11, 2020, Plaid filed its 22-page reply brief. (Dkt. 111.)

13.     On February 11, 2021, the parties participated in a hearing on Plaid's motion to dismiss. On April 30, 2021, the Court issued an order granting in part Plaid's motion, dismissing with prejudice Plaintiffs' claims for declaratory and injunctive relief and their claims under the SCA, CFAA, CDAFA, and UCL, and sustaining Plaintiffs' invasion of privacy/intrusion into private affairs and unjust enrichment claims for a nationwide class, as well as their claims for deceit, violations of the California Constitution, and violations of CAPA for a California class. (Dkt. 125.)

### III.     Formal and Informal Discovery

14.     Shortly after the Cottle Action was filed, the Court set an initial Case Management Conference for August 5, 2020. (Dkt. 10.) On July 27, 2020, the Cottle Action plaintiffs filed an administrative motion to continue the initial CMC, explaining that it was necessary to do so pending the Court's decision on the parties' then-pending stipulation to consolidate the related actions, but that Plaid refused to agree to a short continuance and instead indicated that it would only agree to a continuance until a date after the Court ruled on a motion to dismiss. (Dkt. 54.) Plaid thus sought to indefinitely delay discovery. But on July 29, 2020, the Court granted Plaintiffs' request, continuing the initial CMC to October 7, 2020. (Dkt. 58.)

15.     On September 14, 2020, Plaid filed a motion styled as an "Administrative Motion to Continue Case Management Conference," in which Plaid requested that the Court continue the initial CMC and related deadlines, including the Rule 26(f) report and initial disclosures, until after the Court ruled on the motion to dismiss. (Dkt. 83.) Plaid thus made a second attempt to stay discovery pending its motion to dismiss. Plaintiffs opposed Plaid's motion, arguing that discovery should be allowed to proceed on schedule. On September 25, 2020, the Court denied Plaid's motion, finding that it failed to meet its burden to demonstrate that a discovery stay was appropriate. (Dkt. 89.)

16.     On October 7, 2020, the Court conducted the first Case Management Conference. At the CMC, Plaid renewed its request that the Court stay discovery pending its ruling on Plaid's motion to dismiss. Class Counsel again opposed Plaid's request, asking the Court to allow discovery to proceed. The Court again denied Plaid's request, ruling that discovery was open.

17.     On October 27, 2020, Plaintiffs served a First Set of Requests for Production to Plaid. On March 19, 2021, Plaintiffs served Plaid with a First Set of Requests for Admission and a First Set of Interrogatories. On April 20, 2021, Plaintiffs served a Second Set of Requests for Production to Plaid. In all, Class Counsel served—and Plaid responded to—57 document requests, 21 interrogatories, and 51 requests for admissions.

18.     In responding to Plaintiffs' written discovery requests, Plaid initially avoided committing to produce responsive documents and information, instead asserting objections and stating that it would meet and confer with Class Counsel regarding the scope of terms used in Plaintiffs' requests.

19.     As a result, Class Counsel embarked upon a months-long process of meeting and conferring with Plaid about its obligations to produce relevant documents and information as requested. Class Counsel began that process on December 23, 2020, and it did not conclude until May 8, 2021. Over that period, Class Counsel participated in dozens of telephonic and written meet-and-confer sessions, expending a great deal of time and effort to hold Plaid accountable for its obligations to produce key relevant documents. Class Counsel pushed throughout that time for documents and information related to issues such as the nature of Plaid's software and data collection practices, the data Plaid provided to its clients, the revenues Plaid earned, the internal policies and procedures in place at Plaid, the consumer disclosures employed by Plaid at various points, and the agreements between Plaid and various financial institutions as well as between Plaid and its clients.

20.     These issues were highly contested. Plaid eventually agreed to produce certain categories of documents, while continuing to push back on others. When it appeared that the parties had reached an impasse, Class Counsel ultimately teed up motions to compel on several

issues. But just before those motions would have been filed, Plaid agreed to multiple compromises and to produce the documents Plaintiffs requested.

21.     Plaid ultimately produced over 12,000 pages of documents, including internal policies and procedures, agreements, correspondence, investigatory materials, client lists, and detailed financial information.

22.     During this same time period, Class Counsel commenced third-party discovery as well, subpoenaing JP Morgan Chase and starting discussions with other banks. Class Counsel also responded to a set of document requests served by Plaid. In addition, Class Counsel engaged a forensic consultant to preserve data from the named Plaintiffs, and oversaw the preservation of data from several Plaintiffs' personal mobile devices.

23.     Class Counsel also sought and received significant discovery from Plaid as part of the mediation and negotiation process that led to the Settlement. In response to informal discovery requests, Plaid provided further information, internal documents, and data that shed light on the nature and function of Plaid's software and business practices during the class period, its finances, and the size and scope of the potential class, among other things. Prior to the mediation, for example, the parties participated in a technology tutorial session with Judge Gandhi, in which Plaid's businesspeople explained aspects of Plaid's technology and business model. After reaching agreement on settlement terms with Plaid, Class Counsel sought and received confirmatory discovery from Plaid as well.

24.     As a result of the significant discovery provided by Plaid, Class Counsel were able to properly assess the value of the Class's claims and negotiate a fully-informed settlement that maximizes the financial recovery available to the Class and provides important injunctive relief designed to substantially remedy the alleged misconduct going forward while avoiding litigation risks that were brought to light in the process.

### IV.    <u>Mediation and Settlement</u>

25.     Between February 2021 and July 2021, the Parties engaged in lengthy and contentious arm's-length negotiations to resolve the claims in the Action. On February 16, 2021, the Parties engaged in a full-day mediation session with the Hon. Jay Gandhi (ret.). Prior to the

mediation, the parties prepared detailed mediation briefs outlining their positions on the strengths and weaknesses of the case. The Parties went into the mediation with substantially different positions relating to appropriate settlement terms and did not resolve the Action at the initial mediation session.

26.     For the next several months, while the parties continued to litigate, they continued to engage in the mediation process with Judge Gandhi, who helped bridge the gap between their positions.

27.     The parties held another mediation session on April 13, 2021. Before and after that mediation session, the parties engaged in extensive communications with each other and Judge Gandhi regarding points of contention and additional information required to move discussions forward.

28.     On June 7, 2021, Judge Gandhi made a mediator's proposal for a class-wide settlement for $58 million subject to the parties' negotiation of, and agreement to, appropriate injunctive relief. That recommendation was accepted by all parties in a double-blind process on June 11, 2021. Over the next six weeks, the parties negotiated the terms of a long-form settlement agreement, including injunctive relief. These negotiations ultimately resulted in the Settlement Agreement, which was executed on July 30, 2021.

29.     The negotiations of the Settlement Agreement were intense and included multiple lengthy telephone conferences and extensive email correspondence, as well as the exchange of multiple drafts of the proposed Settlement Agreement and related materials.

30.     During the negotiation process, the parties were at many times far apart and often at odds. The mediator's direct resolution of disputes was required, at times, to prevent the discussions from collapsing altogether.

31.     Throughout the mediation and settlement process, Class Counsel vigorously pursued the best interests of the putative Class. In negotiating the Settlement Agreement, the parties negotiated at arms' length and did not engage in substantive negotiation about or reach any agreement concerning the amount of attorneys' fees that should be awarded, reimbursement

of expenses, or class representative service awards. At no point did Class Counsel seek to advance their own interests over those of the Class.

32.     Certain differences between the proposed litigation classes reflected in the CAC and the Settlement Class reflect Class Counsel's determination, based upon information learned through formal and informal discovery, that (1) the challenged aspects of Plaid's software and conduct apply to the users of a broader set of fintech apps and services than those enabling payments and money transfers; and (2) the "OAuth Process" and "Managed OAuth Process" that Plaid employed with certain financial institutions at certain points in time should be excluded from the Class. The Settlement Class is thus broader in that it includes users of more fintech apps and narrower in that it excludes users who connected to their accounts using a different process than was described in the CAC.

33.     On August 6, 2021, Class Counsel filed the Motion for Preliminary Approval of Class Action Settlement, including a description of the monetary and injunctive relief provided by the Settlement and a notice plan prepared by Angeion Group, LLC. (Dkts. 137, 138, 139.) Following a hearing on September 30, 2021, the Court granted preliminary approval of the Settlement on November 19, 2021. (Dkt. 153.)

34.     Should the Court approve the Settlement, Class Counsel will continue to vigorously represent the interests of the Class throughout settlement administration.

**CHARACTERISTICS OF THE CLASS**

35.     Class Counsel estimates that the Settlement Class reflected in the Settlement Agreement includes approximately 98 million individuals. That estimate is based upon an internal analysis performed by Plaid of its own data in 2020.

**WORK PERFORMED BY CLASS COUNSEL**

36.     Each of our law firms has categorized their time spent in this litigation according to the nature of the task. **Exhibits A, B, and C** hereto are summaries describing the amount of time spent by each attorney and staff member whose time is included in Class Counsel's total lodestar, as divided among each of the following ten categories:

37.     The **Lead Counsel Calls / Meetings** category includes communications and conferences between and among Class Counsel.

38.     The **Investigations / Factual Research** category includes all work and research required to develop knowledge of facts related to the claims alleged on behalf of the Class; research concerning the impact of Plaid's conduct on Plaintiffs and putative Class members; communications with the Class Representatives regarding the allegations included in the initial complaints and the CAC; and ongoing analysis of relevant technical and other developments throughout the course of the litigation.

39.     The **Discovery (Draft / Respond / Meet & Confer)** category includes work to form a discovery plan; drafting of discovery requests and responses; meeting and conferring on discovery responses; communications and conferences regarding evidence and information provided by Plaid through formal and informal discovery; planning, drafting and serving third-party discovery; meeting and conferring with third parties' counsel; and coordination and communication with the Class Representatives and, where applicable, their counsel regarding the location of potentially relevant evidence and information, evidence preservation, and the provision of personal information.

40.     The **Discovery (Document Review)** category includes review and analysis of documents and data produced by Plaid through formal and informal discovery.

41.     The **Pleadings, Briefs, Motions** category includes drafting, review, and filing of all pleadings, briefs, and motions before the Court, including without limitation the CAC, status reports and case management statements, and the opposition to Plaid's motion to dismiss.

42.     The **Court Appearances & Preparation** category includes all conferences and other tasks undertaken to prepare for hearings, case management conferences, and other appearances before the Court; the analysis and preparation of materials for use in Court appearances; and time spent in appearances before the Court.

43.     The **Settlement** category includes strategy, analysis, correspondence, and conferences related to settlement negotiations; drafting of mediation briefs, term sheets, and the Settlement Agreement; preparation and conduct of each mediation and settlement conference;

preparation and filing of the settlement approval briefing and associated exhibits; evaluating and selecting a Settlement Administrator; oversight of the scope and implementation of the notice program; research and selection of proposed *cy pres* recipients; and communications with defense counsel, Class Representatives, class members, and the Court regarding the Settlement.

44.     The **Case Management & Litigation Strategy** category includes time spent developing and furthering a cohesive and comprehensive case strategy and goals; analysis of relevant developments in case law and other areas; management of the case file, including administrative work; the allocation of work among counsel, and all related oversight.

45.     The **Legal Research** category includes research and analysis regarding substantive and procedural legal issues.

46.     The **Experts / Consultants** category includes time incurred to identify and retain consulting experts, as well as consultations to assist with preparation of the initial complaint in the Cottle Action.

47.     We, and attorneys under our supervision, reviewed the time records kept by our respective law firms for purposes of this declaration and assigned each time entry to one of the ten categories described above, which were distributed by Class Counsel to all Plaintiffs' counsel in this litigation. The total hours and lodestar incurred by Class Counsel for each of the ten categories are detailed in Table 2 below.

**Table 2**

| Lodestar and Rates by Category | | |
|---|---|---|
| **Category** | **Total Hours** | **Total Lodestar** |
| Lead Counsel Calls / Meetings | 390.8 | $332,359.00 |
| Investigations / Factual Research | 462.7 | $392,851.50 |
| Discovery (Draft / Respond / Meet & Confer) | 714.4 | $528,447.50 |
| Discovery (Document Review) | 39.1 | $32,562.50 |
| Pleadings, Briefs, Motions | 1,330.2 | $1,022,038.50 |
| Court Appearances & Preparation | 297.8 | $241,689.00 |
| Settlement | 1,055.1 | $842,240.50 |

| Case Management & Litigation Strategy | 817.2 | $571,284.50 |
|---|---|---|
| Legal Research | 433.2 | $362,315.00 |
| Experts / Consultants | 86 | $68,448.00 |
| **Totals** | 5,626.5 | $4,394,236 |

48.     These submitted hours do not include every hour reported, even by Class Counsel. They do not include timekeepers from Class Counsel who billed less than 10 total hours. They also do not include time from other counsel representing named Plaintiffs, who made contributions to the Action, but collectively submitted a relatively small number of hours compared to Class Counsel. The above amounts also do not include the additional time that Class Counsel will spend going forward in seeking approval of, and implementing, the Settlement, including responding to inquiries from Class Members and overseeing distribution of the Settlement Fund. Based on prior experience, these responsibilities may require a significant further time commitment from Class Counsel. If there are objections to the Settlement and subsequent appeals, those commitments and responsibilities may extend for several more years.

49.     The time that Class Counsel spent on this case has been completely contingent on the outcome. We prosecuted this case on a purely contingent basis and agreed to advance all necessary expenses, to the exclusion of other fee-generating work, knowing that we would receive a fee and be reimbursed our expenses only if we obtained meaningful relief on a class-wide basis.

50.     Additional work will be required to obtain final approval of the Settlement; to protect the Settlement on appeal (if any appeals are lodged); to respond to inquiries from Class Members about their rights and relief provided by the Settlement; to oversee and monitor Plaid's compliance with the injunctive relief provided by the Settlement; to oversee the distribution and allocation of any *cy pres* funding awarded by the Court; and to ensure and report on compliance by each *cy pres* recipient with the terms of the Settlement.

51.     Based on our experience with other class actions and complex cases, we believe that the time expended in connection with this matter was necessary to ensure the success of the action and reasonable in amount, particularly given the result achieved by the Settlement and the novelty and complexity of the litigation.

## CLASS COUNSEL'S HOURLY RATES

52.     This case involves Plaid's actions in collecting and handling some of the most private of all consumer information: banking login credentials and detailed financial data for tens of millions of people. At issue are novel and untested claims for violation of CAPA (with attendant statutory penalties) as well as claims for invasion of privacy/intrusion into private affairs, unjust enrichment, deceit, and violations of the California Constitution. These issues were disputed in a highly technical context that required our attorneys and consulting experts to apply expertise in the functioning of the Plaid Link interface in various fintech apps, Plaid's use of different methods for collecting data from financial institutions, and Plaid's delivery and use of banking data to its clients. These and other difficult issues implicated by these claims required us to research and devise litigation strategies to move the case through motion practice and contentious merits discovery towards trial, without the certainty of ever receiving compensation. The hourly rates utilized in the lodestar calculation include no risk multiplier.

53.     The rates sought for each law firm's attorneys and staff are the firm's current commercial billing rates, which have been approved and paid in other cases, and are supported by Class Counsel's extensive and specialized experience in these types of cases and recognized expertise, as described below for each of HK, LCHB, and BC, respectively.

**Herrera Kennedy (by Shawn Kennedy)**

54.     HK is a litigation firm that routinely leads high-stakes, novel, and complex contingency and class action cases. HK's partners have been entrusted with leadership roles in significant antitrust and consumer class actions and have discovered, initiated, and pursued groundbreaking *qui tam* actions alleging anticompetitive conduct by some of the largest and most well-represented companies in the world. Over the last three years, HK's partners have recovered over $200 million in damages on behalf of injured consumers in exceedingly large and

complicated class actions. More information on HK can be found at the firm's website,

http://herrerakennedy.com.

55.     HK's audited lodestar of $1,811,332.50 through January 25, 2022, reflects 1,944.9

hours of work by highly qualified attorneys. This case was litigated by HK partners Shawn

Kennedy, Nico Herrera, and Bret Hembd, with additional work contributed by Laura Seidl and

Andrew Purdy.

56.     **Shawn Kennedy** received his JD in 2001 from Duke University School of Law.

He has over 20 years of experience handling class actions and other complex litigation matters.

He has litigated numerous high-stakes consumer class actions involving securities, antitrust and

consumer fraud claims. In addition, as the founder of technology companies in the legal and

financial industries, he has extensive experience and substantive knowledge regarding cloud-

based technology; software development; security and privacy; and data storage and analytics.

This experience and knowledge proved invaluable in allowing him to uncover Plaid's wrongful

conduct alleged in this action. He had primary responsibility for guiding the investigation and

development of the factual allegations and claims in this case. Prior to joining HK, he practiced

with international law firms Morgan, Lewis & Bockius LLP, and Howrey LLP, where he was

selected as a "Rising Star" by Super Lawyers and was selected as Attorney of the Year by the

Public Law Center.

57.     **Nicomedes Sy Herrera** received his JD in 1997 from Columbia Law School,

where he was a Harlan Fiske Stone Scholar. He is a strategic litigator with over 24 years of

experience litigating a broad range of complex, high-impact privacy, antitrust, and consumer class

actions, derivative suits, and *qui tams*. He investigated and commenced a groundbreaking series

of billion dollar *qui tam* lawsuits against some of the largest pharmaceutical manufacturers based

on the drug companies' assertion of fraudulently-procured patents to exclude generic competition.

Prior to joining HK, he also held senior executive and general counsel positions for several New

York and Chicago-based financial services firms. He has been selected as a "Super Lawyer" and

a "Rising Star" by Super Lawyers.

58.     **Bret D. Hembd** received his JD from Yale Law School in 2010, where he served as an Editor of The Yale Law Journal. He is an accomplished litigator who represents individuals and companies in a broad array of business litigation in state and federal court. With his partners, he has litigated high-stakes consumer class actions and *qui tam* lawsuits in federal courts across the nation. Prior to joining HK, he practiced at Irell & Manella LLP. He has been selected as a "Rising Star" by Super Lawyers each year from 2017 to 2022.

59.     **Laura E. Seidl** received her JD from New York Law School in 2008. She is a skilled litigator with a history of outstanding success representing people from all walks of life. Her clients have ranged from private equity investors litigating complex derivative lawsuits with hundreds of millions of dollars at stake to individuals suffering homelessness during the Bay Area housing crisis.

60.     HK's customary rates, which were used for purposes of calculating HK's lodestar reflected in Exhibit A, are consistent with prevailing rates in this District and have been billed to and paid by HK's hourly clients. *See also In re Capacitors Antitrust Litig.*, No. 3:17-md-02801-JD, 2020 U.S. Dist. LEXIS 209514, at *64–65 (N.D. Cal. Nov. 7, 2020) (approving HK partner's fees at prior firm as part of total award of $69.6 million in fees); *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, No. 18-MD-2819 (NG) (LB), 2020 U.S. Dist. LEXIS 198674, at *26–27 (E.D.N.Y. Oct. 6, 2020) (approving HK partner's fees at prior firm as part of total award of $16.4 million in fees); *In re HP Printer Firmware Update Litig.*, No. 5:16-cv-05820-EJD, 2019 U.S. Dist. LEXIS 108959, at *8–9 (N.D. Cal. June 28, 2019) (approving HK partner's fees at prior firm as part of total award of $2.75 million in fees).

**Lieff, Cabraser, Heimann & Bernstein (by Rachel Geman)**

61.     LCHB is one of the oldest, largest, most-respected, and most-successful class action firms in the country, and has recovered billions of dollars for class members.  The firm brings to the table extensive experience litigating and settling consumer and privacy class actions and other complex matters, and has played a lead role in prosecuting numerous privacy class actions, including: *In re Google Location History Litigation*, No. 18-05062 (N.D. Cal.) (Co-Lead Class Counsel); *Campbell v. Facebook*, No. 13-05996 (N.D. Cal.) (Co-Lead Class Counsel);

1    *Perkins v. LinkedIn Corp.*, No. 13-04303 (N.D. Cal.) (Co-Lead Class Counsel); *Corona v. Sony*

2    *Pictures Entertainment, Inc.*, No. 14-09600 (C.D. Cal.) (Co-Lead Class Counsel); *Ebarle et al. v.*

3    *LifeLock Inc.*, No. 15-00258 (N.D. Cal.) (Co-Lead Class Counsel); and *Matera v. Google LLC*,

4    No. 15-04062 (N.D. Cal.) (Co-Lead Class Counsel).  More information on LCHB can be found at

5    the firm's website, www.lieffcabraser.com.

6         62.    LCHB's audited lodestar of $1,296,641 through January 25, 2022, reflects

7    2,080.80 hours of work by highly qualified attorneys, as addressed in the following paragraphs.

8         63.    **Rachel Geman** received her J.D. in 1997 from Columbia Law School, with

9    honors. In addition to serving as Co-Lead counsel in this matter, Ms. Geman is active in the

10   firm's consumer, false claims, and employment practice groups. She presently serves on the

11   Plaintiffs' Steering Committee in contaminated drug litigation (Valsartan) and is proposed co-

12   lead class counsel for medical monitoring; represents a certified class of women in employment

13   discrimination litigation against Goldman Sachs; is co-lead counsel in kickback litigation against

14   AbbVie; and represents multiple whistleblowers in complex matters. Ms. Geman has been co-

15   lead counsel or counsel of record in consumer and other complex litigation that has resolved in

16   the N.D. Cal.  *See In re: Bank of Am. Credit Protection Marketing & Sales Practices Litig.,* No.

17   11-02269 (N.D. Cal.) (Ms. Geman and LCHB were co-lead class counsel); *Brazil v. Dell*, No. 7-

18   01700 (N.D. Cal.) (LCHB co-lead class counsel); and *In re* Axa Rosenberg *Inv. Litig.*, No. 11-

19   00536 (N.D. Cal.) (LCHB co-lead class counsel)]. Ms. Geman chairs NELA-NY's amicus

20   committee and is a frequent writer and speaker on topics in complex litigation. Ms. Geman has

21   been selected for inclusion by peers in The Best Lawyers in America in the field of "Employment

22   Law - Individuals" from 2012-2022. She was named among the "Lawdragon 500 Leading

23   Plaintiff Financial Lawyers in America" in 2021, "Lawdragon 500 Leading Plaintiff Employment

24   Lawyers in America" from 2018-2021, and "Lawdragon 500 Leading Plaintiff Consumer

25   Lawyers" in 2019.

26        64.    **Michael Sobol** is the Chair of LCHB's Cybersecurity and Data Privacy practice

27   group. Mr. Sobol received his J.D. in 1989 from Boston University School of Law. Since joining

28   LCHB in 1997, Mr. Sobol has represented plaintiffs in numerous nationwide consumer

protection, data privacy and other class actions and complex matters. Mr. Sobol is widely recognized for his expertise and substantial experience in the area of digital privacy and security, including most recently by the Daily Journal as a "Top Cyber/Artificial Intelligence Lawyer," 2018-2019; by Law360 as "MVP for Cybersecurity and Privacy" in 2017; and by the National Law Journal as "Cybersecurity & Data Privacy Trailblazer" in 2017.

65.    **Melissa Gardner** received her J.D. in 2011 from Harvard Law School. Ms. Gardner joined LCHB as an associate in 2012 and became a partner at the firm in 2019. Ms. Gardner focuses her practice on representing plaintiffs in consumer protection and digital privacy class action litigation, and has significant experience with class action consumer privacy litigation involving claims under the Wiretap Act. Ms. Gardner has been selected by Super Lawyers as a "Rising Star for Northern California" each year from 2017-2020.

66.    **Mike Sheen** received his J.D. in 2012 from the University of California, Berkeley. His practice centers on securities and financial fraud and consumer and data privacy fraud matters. Prior to joining the firm in 2018, Mr. Sheen served as a law clerk to the Honorable Dale A. Drozd of the U.S. District Court for the Eastern District of California. He was also an associate at Milbank, Tweed, Hadley & McCloy LLP, where his practice focused on intellectual property and commercial litigation.

67.    **Rhea Ghosh** received her J.D. in 2016 from the University of Pennsylvania Law School. Before coming to Lieff Cabraser, Ms. Ghosh served as a judicial clerk to the Honorable Charles S. Haight, Jr. of the Southern District of New York and also was an associate at Kirkland & Ellis LLP.  Presently, Ms. Ghosh is clerking on the Tenth Circuit Court of Appeals.

68.    **Madeline Gomez** received her J.D in 2015 from Columbia Law School where she served as the Executive Editor and Notes Editor for the Columbia Journal of Gender and Law and won the Myra Bradwell Award for the best student note on women and the law and the Pauline Berman Heller Prize for the most outstanding record of academic achievement in the service of gender equality. Ms. Gomez served as a law clerk for the Honorable Martha Craig Daughtrey of the U.S. Court of Appeals for the Sixth Circuit. Ms. Gomez worked on this case in its early stages.

69.     **Nicholas Hartmann** received his J.D. in 2014 from the University of California, Irvine School of Law. Prior to joining the firm, Mr. Hartmann served as a judicial clerk to the Honorable Andrew J. Peck of the U.S. District Court for the Southern District of New York and to the Honorable Eric L. Clay of the U.S. Court of Appeals for the Sixth Circuit. He was also an associate at Patterson Belknap Webb & Tyler LLP, New York City. Mr. Hartmann began work on this case when it was in its settlement posture.

70.     **Ariana Delucchi** is a paralegal. She obtained her Bachelor of Arts from the University of San Francisco in 2010 and her Paralegal Studies Certificate from San Francisco State University in 2017.

71.     LCHB's customary rates, which were used for purposes of calculating LCHB's lodestar reflected in Exhibit B, are consistent with prevailing rates in this District and repeatedly have been approved by federal courts in this Circuit: *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, MDL 2672, Dkt. No. 3489 (N.D. Cal. July 21, 2017) (approving in lodestar cross-check rates of Class Counsel, including LCHB, which ranged "from $250 to $1,650 for partners, $185 to $850 for associates, and $65 to $390 for paralegals"); *In re Intuit Data Litig.*, No. 15-1778, 2019 WL 2166236, at *2 (N.D. Cal. May 15, 2019) (awarding requested attorneys' fees); *Campbell et al. v. Facebook, Inc.*, No. 13-05996, Dkt. No. 253 (N.D. Cal. August 18, 2017) (approving LCHB rates); *Allagas v. BP Solar Int'l, Inc.*, No. 14-00560, 2016 WL 9114162, at *2 (N.D. Cal. Dec. 22, 2016) (approving LCHB rates as "in line with prevailing rates in this District"); *Perkins v. LinkedIn Corp.*, No. 13-CV-04303, 2016 WL 613255, at *15 (N.D. Cal. Feb. 16, 2016) (approving LCHB rates); *In re High-Tech Employee Antitrust Litig.*, No. 11-02509, Dkt. No. 1112 (N.D. Cal. Sept. 2, 2015) (approving LCHB rates); In re TracFone Unlimited Serv. Plan Litig., 112 F. Supp. 3d 993, 1009 (N.D. Cal. 2015) (awarding requested attorneys' fees); *Steinfeld v. Discover Financial Services*, No. 3:12-01118 (N.D. Cal. Mar. 31, 2014) ("Class counsel have submitted declarations that show the hourly rates that they have requested are reasonable and have provided the Court with information about other cases that approved their rates."); *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litig.*, No. 10-ml-02151, Dkt. No. 3933 (C.D. Cal. June

24, 2013) (awarding requested fees and finding that "[c]lass counsel's experience, reputation, and skill, as well as the complexity of the case" justified billing rates).

**Burns Charest LLP (by Christopher Cormier)**

72.     BC is a boutique trial firm that represents individuals, businesses, and classes in complex, high-value disputes, primarily in the fields of antitrust, privacy, intellectual property, energy, and mass torts. Founded in 2015 by former Susman Godfrey LLP partners and associates, its partnership now includes former partners of other prominent firms like Arnold & Porter LLP and Cohen Milstein Sellers & Toll PLLC. With offices in Dallas, New Orleans and Washington, DC, the firm has quickly gained a reputation as one of the preeminent complex plaintiff-side litigation firms in the nation. The firm has obtained judgments and settlements totaling well into the hundreds of millions of dollars for their clients as lead counsel in various class actions and mass torts and for individual and corporate clients in various business disputes. The firm and its lawyers have been repeatedly ranked by preeminent legal publications such as Benchmark Litigation, Best Lawyers in America, Chambers and Partners, Global Competition Review, Lawdragon, and Super Lawyers. More information on BC can be found at the firm's website, https://www.burnscharest.com.

73.     BC's audited lodestar of $1,286,262.50 through January 25, 2022, reflects 1,600.80 hours of work by highly qualified attorneys and support staff. This case primarily was litigated by BC partners Christopher J. Cormier and Warren T. Burns, with additional work contributed by associates and paralegals.

74.     **Christopher J. Cormier** has led BC's investigation, litigation, and settlement efforts in this case. He graduated *magna cum laude* from American University's Washington College of Law in 2002 and earned a BA in Government from the University of Virginia in 1999. He has 20 years of experience handling antitrust, privacy and other class actions as well as representing business clients in high-value commercial litigation. After spending the first 16 years of his career as an associate and partner at Cohen Milstein Sellers & Toll PLLC, he moved to BC in 2018. He has served as court-appointed co-lead counsel in numerous antitrust class actions resulting in successful settlements and verdicts exceeding $1.5 billion, including *In re Urethane*

*Antitrust Litigation* (D. Kan.), where he served on the trial team that secured the largest price-fixing verdict in the history of the Sherman Antitrust Act. Federal courts across the country also have personally appointed him co-lead counsel in various successful antitrust and other class actions. A leading publication notes that he is "lauded as 'an excellent competition plaintiff lawyer' who is regularly engaged in high-value antitrust proceedings before state and federal courts." He has been named to the Lawdragon 500 Leading Plaintiff Financial Lawyers guide (2021) and the Lawdragon 500 Leading Plaintiff Consumer Lawyers guide (2021), honored as one the globe's top plaintiffs' antitrust lawyers in the Global Competition Review's Who's Who Legal: Competition (2020), selected to the Best Lawyers in America (2020-2022), called a "Rising Star" in the field of Antitrust Litigation by Super Lawyers (2016-2017), and recognized by Benchmark Plaintiff as an Antitrust Litigation Star (2013-2015).

75.     **Warren T. Burns** graduated *summa cum laude* and Order of the Coif in 2004 from Tulane Law School, where he served as Editor in Chief of the Tulane Law Review. After law school, he clerked for the Hon. Paul J. Kelly, Jr. on the U.S. Court of Appeals for the Tenth Circuit, and then joined Susman Godfrey LLP, where was an associate and then partner. He co-founded BC in 2015 and serves as the firm's co-managing partner. He has served as co-lead counsel in numerous antitrust and other class actions and as counsel for numerous individuals and companies in commercial litigations and arbitrations. He has obtained settlements and verdicts for his clients well into the hundreds of millions of dollars. He is an elected member of the American Law Institute, is a Fellow of the American Bar Foundation, and sits on the Board of Advisory Editors of the Tulane Law Review. He has been honored by the following legal publications: Texas Rising Stars (2011-2015), Texas Super Lawyers (2019-2021), International Who's Who of Competition Lawyers (2014-2021), Top 100 National Trial Lawyers (2015-2016, 2020), Best Lawyers in Dallas (2020), Best Lawyers in America (2019-2022), Lawdragon 500 Leading Plaintiff Consumer Lawyers (2021), and Lawdragon 500 Leading Plaintiff Financial Lawyers (2021).

76.     BC's customary rates, which were used for purposes of calculating BC's lodestar reflected in Exhibit C, are consistent with prevailing rates in this District and elsewhere and have

been billed to and paid by BC's clients. *See, e.g., In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litig.,* MDL No. 2785, 2021 WL 5369798, at *4-5 (D. Kan. Nov. 17, 2021) (granting requested attorney fees representing specified multiplier of hourly rates of Burns Charest and other co-lead counsel in class action settlement); *In re Anadarko Basin Oil and Gas Lease Antitrust Litig.*, No. CIV-16-209-HE, 2019 WL 1867446, at *1-3 (W.D. Okla. Apr. 25, 2019) (granting requested attorney fees representing specified multiplier of hourly rates of Burns Charest and other co-lead counsel set forth in co-lead counsel declaration in class action settlement).

## EXPENSES INCURRED BY PLAINTIFFS' COUNSEL

77.     Class Counsel seek reimbursement of $115,920.21 in litigation expenses. As detailed in Exhibit D, to date HK has incurred expenses totaling $33,052.40; LCHB has incurred expenses totaling $48,857.80; BC has incurred expenses totaling $27,843.03; these expenses are reflected in our respective books and records as maintained in the ordinary course of business. As also detailed in Exhibit D, the other counsel representing named Plaintiffs have reported expenses totaling $6,166.98.

78.     The expenses incurred by Plaintiffs' counsel include consultant fees, mediation costs, and other customary litigation expenses. Table 3 below provides an overview of those expenses broken down by expense category:

**Table 3**

| Expenses by Category | |
|---|---|
| **Category** | **Cumulative Expense** |
| Electronic Research (Lexis/Westlaw/Pacer) | $21,892.09 |
| Court Costs – Filing Fees | $4,530.00 |
| Federal Express/Overnight Delivery | $72.20 |
| Photocopies – In House | $469.60 |
| Photocopies – Outside | $5,504.60 |
| Air Travel | $583.22 |
| Meals | $18.43 |

| | |
|---|---|
| Deposition Costs | $82.58 |
| Service of Process Fees | $100.50 |
| Telephone / Fax | $374.34 |
| Experts / Consultant Fees | $33,330.40 |
| Mediation Expenses | $39,333.59 |
| Electronic Database Charges | $8,820 |
| Other Charges | $808.66 |
| **Total** | $115,920.21 |

## **TIME AND EFFORT BY PLAINTIFFS**

79.    In addition to the time and expenses Class Counsel incurred in this action, the Class Representatives have spent considerable time and effort in their pursuit of this litigation and in seeking to advance the legal rights and interests of the Class, including time spent in fact-finding interviews with Plaintiffs' counsel for the CAC, discussing this litigation with Plaintiffs' counsel, and communicating with Class Counsel about the proposed settlement. Class Representatives also participated in discovery by submitting information, declarations, and other evidence, including electronic devices for forensic imaging, as requested by Class Counsel.

80.    Attached as Exhibit E are true and correct copies of declarations from each of the eleven Class Representatives.

* * *

81.    For the foregoing reasons, and those set forth in Plaintiffs' Motion for Attorneys' Fees, Expenses, and Plaintiff Service Awards, Plaintiffs respectfully request that the Court award Class Counsel $14,500,000 in fees and $115,920.21 in expenses pursuant to Federal Rule of Civil Procedure 23(h), to be allocated by Co-Lead Class Counsel among HK, LCHB, BC, and additional counsel that performed work inuring to the benefit of the Class, and Plaintiff Service Awards in the total amount of $55,000.

1      I declare under penalty of perjury that the foregoing is true and correct as to all matters of

2  which I have personal knowledge. Executed this 28th day of January, 2022, in Rancho Santa

3  Margarita, California.

4

5                         /s/ Shawn Kennedy
                             Shawn M. Kennedy

6

7      I declare under penalty of perjury that the foregoing is true and correct as to all matters of

8  which I have personal knowledge. Executed this 28th day of January, 2022, in New York, New

9  York.

10

11                        /s/ Rachel Geman
                            Rachel Geman

12

13      I declare under penalty of perjury that the foregoing is true and correct as to all matters of

14  which I have personal knowledge. Executed this 28th day of January, 2022, in Washington, D.C.

15

16                      /s/ Christopher Cormier
                         Christopher J. Cormier

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# In re Plaid Inc. Privacy Litigation
## CATEGORY TIME REPORT

**HERRERA KENNEDY LLP**
**Reporting Period: Inception - January 25, 2022**

### Hours By Category

| Timekeeper | Lead Counsel Calls / Meetings | Investigations / Factual Research | Discovery (Draft / Respond / Meet & Confer) | Discovery (Document Review) | Pleadings, Briefs, Motions | Court Appearances & Preparation | Settlement | Case Management & Litigation Strategy | Legal Research | Experts / Consultants | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Shawn Kennedy | 98.30 | 153.50 | 96.20 | 12.00 | 477.10 | 79.40 | 130.20 | 40.70 | 186.90 | 11.40 | 1,285.70 |
| Bret Hembd | 69.30 | 23.90 | 17.10 | | 81.30 | 2.50 | 39.40 | 19.70 | 37.70 | 9.90 | 300.80 |
| Nicomedes Herrera | 69.80 | 34.40 | 18.80 | | 40.50 | 3.60 | 43.20 | 22.30 | 8.60 | 16.40 | 257.60 |
| Andrew Purdy | 19.70 | 9.90 | | | 21.60 | | | 3.60 | 4.00 | 0.70 | 59.50 |
| Laura Seidl | 18.10 | | | | 4.60 | 4.90 | 13.00 | | 0.70 | | 41.30 |
| TOTALS | 275.20 | 221.70 | 132.10 | 12.00 | 625.10 | 90.40 | 225.80 | 86.30 | 237.90 | 38.40 | 1,944.90 |

### Lodestar By Category

| Timekeeper | Lead Counsel Calls / Meetings | Investigations / Factual Research | Discovery (Draft / Respond / Meet & Confer) | Discovery (Document Review) | Pleadings, Briefs, Motions | Court Appearances & Preparation | Settlement | Case Management & Litigation Strategy | Legal Research | Experts / Consultants | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Shawn Kennedy ($950/hour) | $ 93,385.00 | $ 145,825.00 | $ 91,390.00 | $ 11,400.00 | $ 453,245.00 | $ 75,430.00 | $ 123,690.00 | $ 38,665.00 | $ 177,555.00 | $ 10,830.00 | $ 1,221,415.00 |
| Bret Hembd ($825/hour) | $ 57,172.50 | $ 19,717.50 | $ 14,107.50 | $ - | $ 67,072.50 | $ 2,062.50 | $ 32,505.00 | $ 16,252.50 | $ 31,102.50 | $ 8,167.50 | $ 248,160.00 |
| Nicomedes Herrera ($975/hour) | $ 68,055.00 | $ 33,540.00 | $ 18,330.00 | $ - | $ 39,487.50 | $ 3,510.00 | $ 42,120.00 | $ 21,742.50 | $ 8,385.00 | $ 15,990.00 | $ 251,160.00 |
| Andrew Purdy ($950/hour) | $ 18,715.00 | $ 9,405.00 | $ - | $ - | $ 20,520.00 | $ - | $ - | $ 3,420.00 | $ 3,800.00 | $ 665.00 | $ 56,525.00 |
| Laura Seidl ($825/hour) | $ 14,932.50 | $ - | $ - | $ - | $ 3,795.00 | $ 4,042.50 | $ 10,725.00 | $ - | $ 577.50 | $ - | $ 34,072.50 |
| TOTALS | $ 252,260.00 | $ 208,487.50 | $ 123,827.50 | $ 11,400.00 | $ 584,120.00 | $ 85,045.00 | $ 209,040.00 | $ 80,080.00 | $ 221,420.00 | $ 35,652.50 | $ 1,811,332.50 |

# EXHIBIT B

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

**4089-0001**          **PLAID FINANCIAL PRIVACY - General Matter**

TASK CODES   From Inception to 01-25-22

| Name | 1 | 2 | 3 | 4 | 6 | 7 | 8 | 12 | 13 | 14 | Cur. Hrs | Cum. Hrs | Rate | Cur. Lod | Cum. Lod |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MICHAEL SOBOL | 1.30 | 3.40 | 1.90 | 0 | 10.50 | 3.40 | 13.80 | 13.90 | 0.50 | 6.40 | 55.10 | 55.10 | 1,025.00 | 56,477.50 | 56,477.50 |
| ARIANA DELUCCHI | 0 | 32.60 | 0.70 | 0 | 24.90 | 1.00 | 12.30 | 69.10 | 0 | 0.50 | 141.10 | 141.10 | 395.00 | 55,734.50 | 55,734.50 |
| DANNA ELMASRY | 0 | 0 | 0 | 0 | 7.40 | 0 | 12.00 | 2.40 | 6.80 | 0 | 28.60 | 28.60 | 370.00 | 10,582.00 | 10,582.00 |
| MELISSA GARDNER | 31.00 | 45.00 | 137.00 | 5.20 | 228.10 | 64.20 | 184.10 | 90.50 | 53.80 | 22.50 | 861.40 | 861.40 | 610.00 | 525,454.00 | 525,454.00 |
| RACHEL GEMAN | 37.90 | 22.40 | 21.00 | 6.20 | 91.50 | 60.20 | 175.50 | 35.20 | 6.50 | 10.00 | 466.40 | 466.40 | 850.00 | 396,440.00 | 396,440.00 |
| RHEA GHOSH | 3.20 | 0.70 | 65.40 | 4.20 | 126.50 | 17.00 | 105.40 | 13.70 | 9.00 | 5.50 | 350.60 | 350.60 | 465.00 | 163,029.00 | 163,029.00 |
| MADELINE GOMEZ | 12.70 | 15.10 | 0 | 0 | 38.30 | 0 | 0 | 9.30 | 18.90 | 2.70 | 97.00 | 97.00 | 465.00 | 45,105.00 | 45,105.00 |
| NICHOLAS HARTMANN | 0.80 | 0 | 0 | 0 | 15.00 | 9.20 | 20.70 | 0 | 0 | 0 | 45.70 | 45.70 | 535.00 | 24,449.50 | 24,449.50 |
| MIKE SHEEN | 0 | 0 | 0 | 0 | 26.90 | 0 | 2.10 | 5.90 | 0 | 0 | 34.90 | 34.90 | 555.00 | 19,369.50 | 19,369.50 |
| **TOTALS HOURS:** | **86.90** | **119.20** | **226.00** | **15.60** | **569.10** | **155.00** | **525.90** | **240.00** | **95.50** | **47.60** | **2,080.80** | **2,080.80** | | **$1,296,641.00** | **$1,296,641.00** |
| **TOTAL LODESTAR** | **$60,279.00** | **$70,199.00** | **$134,055.00** | **$10,395.00** | **$339,838.50** | **$107,039.00** | **$346,170.50** | **$141,524.50** | **$54,345.00** | **$32,795.50** | | | | **$1,296,641.00** | **$ 1,236,362.00** |

| Task Code | Description |
|---|---|
| 1 | Lead Counsel Calls/Meetings |
| 10 | Trial Preparation |
| 11 | Trial |
| 12 | Case Management & Litigation Strategy |
| 13 | Legal Research |
| 14 | Experts/Consultants |
| 15 | Appeal |
| 2 | Investigations/Factual Research |
| 3 | Discovery (Draft/Respond/Meet & Confer) |
| 4 | Discovery (Document Review) |
| 5 | Discovery (Depositions) |
| 6 | Pleadings, Briefs, Motions |
| 7 | Court Appearances & Preparation |
| 8 | Settlement |
| 9 | Class Certification |

# EXHIBIT C

# In re Plaid Inc. Privacy Litigation
### CATEGORY TIME REPORT

**Burns Charest LLP**

**Reporting Period: Inception - January 25, 2022**

| Timekeeper | Lead Counsel Calls / Meetings | Investigations / Factual Research | Discovery (Draft / Respond / Meet & Confer) | Discovery (Document Review) | Pleadings, Briefs, Motions | Court Appearances & Preparation | Settlement | Case Management & Litigation Strategy | Legal Research | Experts / Consultants | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Warren Burns | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 49.50 | 0.00 | 0.00 | 49.50 |
| Chris Cormier | 10.20 | 118.20 | 175.90 | 11.20 | 59.20 | 51.90 | 300.40 | 166.00 | 81.40 | 0.00 | 974.40 |
| Jacob Gower | 1.90 | 2.10 | 7.20 | 0.00 | 34.30 | 0.00 | 0.00 | 7.20 | 0.00 | 0.00 | 52.70 |
| Russ Herman | 1.00 | 0.00 | 128.00 | 0.00 | 38.90 | 0.50 | 0.00 | 51.10 | 8.00 | 0.00 | 227.50 |
| Brittney Johnson | 15.60 | 1.50 | 31.20 | 0.00 | 0.00 | 0.00 | 3.00 | 117.50 | 0.00 | 0.00 | 168.80 |
| Mark Anderson | 0.00 | 0.00 | 0.80 | 0.00 | 1.80 | 0.00 | 0.00 | 87.30 | 10.40 | 0.00 | 100.30 |
| Andrew Bynum | 0.00 | 0.00 | 12.70 | 0.30 | 0.00 | 0.00 | 0.00 | 0.20 | 0.00 | 0.00 | 13.20 |
| Julianna Gravois | 0.00 | 0.00 | 0.50 | 0.00 | 1.80 | 0.00 | 0.00 | 12.10 | 0.00 | 0.00 | 14.40 |
| TOTAL | 28.70 | 121.80 | 356.30 | 11.50 | 136.00 | 52.40 | 303.40 | 490.90 | 99.80 | 0.00 | 1,600.80 |

# In re Plaid Inc. Privacy Litigation
## CATEGORY LODESTAR REPORT

**Burns Charest LLP**

**Reporting Period: Inception - January 25, 2022**

| Timekeeper | Rate | Lead Counsel Calls / Meetings | Investigations / Factual Research | Discovery (Draft / Respond / Meet & Confer) | Discovery (Document Review) | Pleadings, Briefs, Motions | Court Appearances & Preparation | Settlement | Case Management & Litigation Strategy | Legal Research | Experts / Consultants | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Warren Burns | $1,050.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $51,975.00 | $0.00 | $0.00 | $51,975.00 |
| Chris Cormier | $950.00 | $9,690.00 | $112,290.00 | $167,105.00 | $10,640.00 | $56,240.00 | $49,305.00 | $285,380.00 | $157,700.00 | $77,330.00 | $0.00 | $925,680.00 |
| Jacob Gower | $500.00 | $950.00 | $1,050.00 | $3,600.00 | $0.00 | $17,150.00 | $0.00 | $0.00 | $3,600.00 | $0.00 | $0.00 | $26,350.00 |
| Russ Herman | $600.00 | $600.00 | $0.00 | $76,800.00 | $0.00 | $23,340.00 | $300.00 | $0.00 | $30,660.00 | $4,800.00 | $0.00 | $136,500.00 |
| Brittney Johnson | $550.00 | $8,580.00 | $825.00 | $17,160.00 | $0.00 | $0.00 | $0.00 | $1,650.00 | $64,625.00 | $0.00 | $0.00 | $92,840.00 |
| Mark Anderson | $425.00 | $0.00 | $0.00 | $340.00 | $0.00 | $765.00 | $0.00 | $0.00 | $37,102.50 | $4,420.00 | $0.00 | $42,627.50 |
| Andrew Bynum | $425.00 | $0.00 | $0.00 | $5,397.50 | $127.50 | $0.00 | $0.00 | $0.00 | $85.00 | $0.00 | $0.00 | $5,610.00 |
| Julianna Gravois | $325.00 | $0.00 | $0.00 | $162.50 | $0.00 | $585.00 | $0.00 | $0.00 | $3,932.50 | $0.00 | $0.00 | $4,680.00 |
| **TOTAL** | | **$19,820.00** | **$114,165.00** | **$270,565.00** | **$10,767.50** | **$98,080.00** | **$49,605.00** | **$287,030.00** | **$349,680.00** | **$86,550.00** | **$0.00** | **$1,286,262.50** |

# EXHIBIT D

# In re Plaid Inc. Privacy Litigation
## ALL FIRM EXPENSE REPORT

**Firm Name: ALL FIRMS**
**Reporting Period: Inception - January 25, 2022**

| Disbursement | Burns Charest | Herrera Kennedy | Lieff Cabraser | Nussbaum Law | Reinhardt Wendorf | Robins Kaplan | Spector Roseman | Tostrud Law | Glancy Prongay | Criden Love PA | Hartley | Cumulative Totals |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Electronic Research (Lexis/Westlaw/PACER) | $160.60 | $14,612.41 | $5,312.12 | $303.02 | $7.70 | $300.19 | $796.35 | $310.00 | $79.50 | $10.20 | | $21,892.09 |
| Court Costs - Filing Fees | | $400.00 | $620.00 | $310.00 | $310.00 | $710.00 | $1,240.00 | | $320.00 | $620.00 | | $4,530.00 |
| Federal Express/Overnight Delivery/Messengers | | $40.00 | $32.20 | | | | | | | | | $72.20 |
| Photocopies - In House | | | $323.80 | $17.55 | | | | $128.25 | | | | $469.60 |
| Photocopies - Outside | | | $5,504.60 | | | | | | | | | $5,504.60 |
| Air Travel | | | | | | | | $583.22 | | | | $583.22 |
| Meals | $18.43 | | | | | | | | | | | $18.43 |
| Deposition Costs | | | $82.58 | | | | | | | | | $82.58 |
| Service of Process Fees | | | $100.50 | | | | | | | | | $100.50 |
| Telephone / Fax | | | $253.34 | | | | | $121.00 | | | | $374.34 |
| Experts/Consultant Fees | $12,913.90 | $8,166.60 | $12,249.90 | | | | | | | | | $33,330.40 |
| Mediation Expenses | $14,750.10 | $9,833.39 | $14,750.10 | | | | | | | | | $39,333.59 |
| Misc. (Describe) Electronic Database | | | $8,820.00 | | | | | | | | | $8,820.00 |
| Misc. (Describe) Other Charges | | | $808.66 | | | | | | | | | $808.66 |
| **TOTAL** | **$27,843.03** | **$33,052.40** | **$48,857.80** | **$630.57** | **$317.70** | **$1,010.19** | **$2,036.35** | **$1,142.47** | **$399.50** | **$630.20** | **$0.00** | **$115,920.21** |

# EXHIBIT E

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

OAKLAND DIVISION

11

| | |
|---|---|
| IN RE PLAID INC. PRIVACY LITIGATION | Master Docket No.: 4:20-cv-03056-DMR |
| | **DECLARATION OF CAROLINE ANDERSON IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I, Caroline Anderson, declare as follows:

1.      I am one of the class representatives appointed in this case.

2.      I submit this declaration in support of final approval of the settlement.  I have personal knowledge of the facts stated herein.  If called to testify to the contents of this declaration, I could and would competently do so.

3.      I voluntarily undertook the burdens and risks associated with this lawsuit to try to stop Defendant's unauthorized collection and use of my private financial information as well as that of other class members.

4.      I have participated actively in this lawsuit.  I have followed the status and progress of the case and met in person with counsel on multiple occasions or communicated by phone and email to stay informed, including during the mediations and settlement negotiations.  I will continue to do so during this settlement approval process, as needed.  In addition, I have also:

- helped counsel draft the amended complaint by describing to them my story and relevant facts and events.  As part of that process, I reviewed and provided documents and information, including from my mobile device, applications I use, and my financial account(s).

- reviewed and discussed with my counsel numerous other documents related to this case, including this Court's motion to dismiss order, discovery request responses, the preliminary approval briefing, and the settlement.

- searched for and provided to counsel and preserved any documents that were pertinent to the case, understanding that Defendant would receive copies of documents to which they were entitled, possibly even private documents, including some related to my mobile device, applications I use, and my financial account(s).

- gathered and provided information relevant to the case needed to respond to numerous interrogatories served by Defendant, and reviewed the responses to those interrogatories for accuracy.

- provided my counsel with my mobile device, which contains highly sensitive and important personal information.  I agreed to allow my device to be forensically imaged, and for certain data to be extracted and provided to Defendant, in order to support my claims and this litigation generally.

5. I believe that the injunctive and monetary relief provided by the settlement, which is described in detail in the settlement agreement, offers a fair resolution of my claims against Defendant, and that implementing these changes now is preferable to continuing this litigation for a lengthy amount of time and and an uncertain and possibly negative outcome.  As reflected in Plaintiffs' motion for final approval, counsel is available to address all questions about the settlement, including allocation of settlement funds.

6. I have never been promised any compensation for performing my duties as a plaintiff and class representative, including any service award, and am aware of no interest of mine in this litigation that conflicts with the interests of other class members.  I understand, however, that Class Counsel intends to request that the Court award me $5,000 for my time and efforts on behalf of the settlement class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of January, 2022, in Dunbarton, New Hampshire.

By: _____

Caroline Anderson

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

IN RE PLAID INC. PRIVACY
LITIGATION

THIS DOCUMENT RELATES TO:
ALL ACTIONS

Master Docket No.: 4:20-cv-03056-DMR

**DECLARATION OF JAMES COTTLE IN
SUPPORT OF FINAL APPROVAL OF
SETTLEMENT**

I, James Cottle, declare as follows:

1.      I am one of the class representatives appointed in this case.

2.      I submit this declaration in support of final approval of the settlement.  I have personal knowledge of the facts stated herein.  If called to testify to the contents of this declaration, I could and would competently do so.

3.      I voluntarily undertook the burdens and risks associated with this lawsuit to try to stop Defendant's unauthorized collection and use of my private financial information as well as that of other class members.

4.      I have participated actively in this lawsuit.  I have followed the status and progress of the case and met in person with counsel on multiple occasions or communicated by phone and email to stay informed, including during the mediations and settlement negotiations.  I will continue to do so during this settlement approval process, as needed.  In addition, I have also:

- helped counsel draft the amended complaint by describing to them my story and relevant facts and events.  As part of that process, I reviewed and provided documents and information, including from my mobile device, applications I use, and my financial account(s).

- reviewed and discussed with my counsel numerous other documents related to this case, including this Court's motion to dismiss order, discovery request responses, the preliminary approval briefing, and the settlement.

- searched for and provided to counsel and preserved any documents that were pertinent to the case, understanding that Defendant would receive copies of documents to which they were entitled, possibly even private documents, including some related to my mobile device, applications I use, and my financial account(s).

- gathered and provided information relevant to the case needed to respond to numerous interrogatories served by Defendant, and reviewed the responses to those interrogatories for accuracy.

- provided my counsel with my mobile device, which contains highly sensitive and important personal information.  I agreed to allow my device to be forensically imaged, and for certain data to be extracted and provided to Defendant, in order to support my claims and this litigation generally.

5.       I believe that the injunctive and monetary relief provided by the settlement, which is described in detail in the settlement agreement, offers a fair resolution of my claims against Defendant, and that implementing these changes now is preferable to continuing this litigation for a lengthy amount of time and and an uncertain and possibly negative outcome.  As reflected in Plaintiffs' motion for final approval, counsel is available to address all questions about the settlement, including allocation of settlement funds.

6.       I have never been promised any compensation for performing my duties as a plaintiff and class representative, including any service award, and am aware of no interest of mine in this litigation that conflicts with the interests of other class members.  I understand, however, that Class Counsel intends to request that the Court award me $5,000 for my time and efforts on behalf of the settlement class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of January, 2022, in San Anselmo, California.

By: *James Cottle*
_____
James Cottle       1/21/2022

**DocuSign**

| Certificate Of Completion |
| --- |

Envelope Id: 43A39987415347E9A395D65F425DDC6A                    Status: Completed
Subject: Please DocuSign: Plaid - Class Representative Declaration ISO Final Approval of Settlement (COT...
Source Envelope:
Document Pages: 3                          Signatures: 1                    Envelope Originator:
Certificate Pages: 1                       Initials: 0                      James Cottle
AutoNav: Enabled                                                            181 3rd St #225
EnvelopeId Stamping: Enabled                                               San Rafael, CA  94901
Time Zone: (UTC-08:00) Pacific Time (US & Canada)                          james@holmesburrell.com
                                                                          IP Address: 76.126.107.247

| Record Tracking |
| --- |

Status: Original                    Holder: James Cottle              Location: DocuSign
    1/21/2022 11:26:02 AM          james@holmesburrell.com

| Signer Events | Signature | Timestamp |
| --- | --- | --- |
| James Cottle | *James Cottle* | Sent: 1/21/2022 11:27:19 AM |
| james@holmesburrell.com | | Viewed: 1/21/2022 11:27:29 AM |
| Holmes Burrell Real Estate | | Signed: 1/21/2022 11:27:34 AM |
| Holmes Burrell Real Estate | | |
| Security Level: Email, Account Authentication (None) | Signature Adoption: Pre-selected Style | |
| | Using IP Address: 76.126.107.247 | |

**Electronic Record and Signature Disclosure:**
   Not Offered via DocuSign

| In Person Signer Events | Signature | Timestamp |
| --- | --- | --- |

| Editor Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Agent Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Intermediary Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Certified Delivery Events | Status | Timestamp |
| --- | --- | --- |

| Carbon Copy Events | Status | Timestamp |
| --- | --- | --- |

| Witness Events | Signature | Timestamp |
| --- | --- | --- |

| Notary Events | Signature | Timestamp |
| --- | --- | --- |

| Envelope Summary Events | Status | Timestamps |
| --- | --- | --- |
| Envelope Sent | Hashed/Encrypted | 1/21/2022 11:27:19 AM |
| Certified Delivered | Security Checked | 1/21/2022 11:27:29 AM |
| Signing Complete | Security Checked | 1/21/2022 11:27:34 AM |
| Completed | Security Checked | 1/21/2022 11:27:34 AM |

| Payment Events | Status | Timestamps |
| --- | --- | --- |

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

11

12

13

14

15

16

| IN RE PLAID INC. PRIVACY LITIGATION | Master Docket No.: 4:20-cv-03056-DMR |
|---|---|
|  | **DECLARATION OF RACHEL CURTIS IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS |  |

17

18

19

20

21

22

23

24

25

26

27

28

1    I, RACHEL CURTIS declare as follows:

2        1.     I am one of the class representatives appointed in this case.

3        2.     I submit this declaration in support of final approval of the settlement.  I have

4    personal knowledge of the facts stated herein.  If called to testify to the contents of this

5    declaration, I could and would competently do so.

6        3.     I voluntarily undertook the burdens and risks associated with this lawsuit to try to

7    stop Defendant's unauthorized collection and use of my private financial information as well as

8    that of other class members.

9        4.     I have participated actively in this lawsuit.  I have followed the status and progress

10   of the case and met in person with counsel on multiple occasions or communicated by phone and

11   email to stay informed, including during the mediations and settlement negotiations.  I will

12   continue to do so during this settlement approval process, as needed.  In addition, I have also:

13        •  helped counsel draft the amended complaint by describing to them my story and

14          relevant facts and events.  As part of that process, I reviewed and provided

15          documents and information, including from my mobile device, applications I use,

16          and my financial account(s).

17        •  reviewed and discussed with my counsel numerous other documents related to this

18          case, including this Court's motion to dismiss order, discovery request responses,

19          the preliminary approval briefing, and the settlement.

20        •  searched for and provided to counsel and preserved any documents that were

21          pertinent to the case, understanding that Defendant would receive copies of

22          documents to which they were entitled, possibly even private documents,

23          including some related to my mobile device, applications I use, and my financial

24          account(s).

25        •  gathered and provided information relevant to the case needed to respond to

26          numerous interrogatories served by Defendant, and reviewed the responses to

27          those interrogatories for accuracy.

28

1           •   provided my counsel with my mobile device, which contains highly sensitive and

2                important personal information.  I agreed to allow my device to be forensically

3                imaged, and for certain data to be extracted and provided to Defendant, in order to

4                support my claims and this litigation generally.

5       5.     I believe that the injunctive and monetary relief provided by the settlement, which

6 is described in detail in the settlement agreement, offers a fair resolution of my claims against

7 Defendant, and that implementing these changes now is preferable to continuing this litigation for

8 a lengthy amount of time and and an uncertain and possibly negative outcome.  As reflected in

9 Plaintiffs' motion for final approval, counsel is available to address all questions about the

10 settlement, including allocation of settlement funds.

11       6.     I have never been promised any compensation for performing my duties as a

12 plaintiff and class representative, including any service award, and am aware of no interest of

13 mine in this litigation that conflicts with the interests of other class members.  I understand,

14 however, that Class Counsel intends to request that the Court award me $5,000 for my time and

15 efforts on behalf of the settlement class.

16       I declare under penalty of perjury that the foregoing is true and correct.

17       Executed this _10_ day of January, 2022, in Miami Dade Florida.

18

19                        By: _____

20                             RACHEL CURTIS

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE PLAID INC. PRIVACY LITIGATION | Master Docket No.: 4:20-cv-03056-DMR |
| | **DECLARATION OF DAVID EVANS IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

I, DAVID EVANS, declare as follows:

1. I am one of the class representatives appointed in this case.

2. I submit this declaration in support of final approval of the settlement.  I have personal knowledge of the facts stated herein.  If called to testify to the contents of this declaration, I could and would competently do so.

3. I voluntarily undertook the burdens and risks associated with this lawsuit to try to stop Defendant's unauthorized collection and use of my private financial information as well as that of other class members.

4. I have participated actively in this lawsuit.  I have followed the status and progress of the case and met in person with counsel on multiple occasions or communicated by phone and email to stay informed, including during the mediations and settlement negotiations.  I will continue to do so during this settlement approval process, as needed.  In addition, I have also:

- helped counsel draft the amended complaint by describing to them my story and relevant facts and events.  As part of that process, I reviewed and provided documents and information, including from my mobile device, applications I use, and my financial account(s).

- reviewed and discussed with my counsel numerous other documents related to this case, including this Court's motion to dismiss order, discovery request responses, the preliminary approval briefing, and the settlement.

- searched for and provided to counsel and preserved any documents that were pertinent to the case, understanding that Defendant would receive copies of documents to which they were entitled, possibly even private documents, including some related to my mobile device, applications I use, and my financial account(s).

- gathered and provided information relevant to the case needed to respond to numerous interrogatories served by Defendant, and reviewed the responses to those interrogatories for accuracy.

- offered to provide my counsel with my mobile device, which contains highly sensitive and important personal information.  I agreed to allow my device to be forensically imaged, and for certain data to be extracted and provided to Defendant, in order to support my claims and this litigation generally.

5.    I believe that the injunctive and monetary relief provided by the settlement, which is described in detail in the settlement agreement, offers a fair resolution of my claims against Defendant, and that implementing these changes now is preferable to continuing this litigation for a lengthy amount of time and and an uncertain and possibly negative outcome.  As reflected in Plaintiffs' motion for final approval, counsel is available to address all questions about the settlement, including allocation of settlement funds.

6.    I have never been promised any compensation for performing my duties as a plaintiff and class representative, including any service award, and am aware of no interest of mine in this litigation that conflicts with the interests of other class members.  I understand, however, that Class Counsel intends to request that the Court award me $5,000 for my time and efforts on behalf of the settlement class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___10th___ day of January, 2022, in __Monrovia, CA__ .

By: _____
David Evans

DocuSign Envelope ID: AD9ADBA2-1741-44E6-9561-45326D979994

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE PLAID INC. PRIVACY LITIGATION | Master Docket No.: 4:20-cv-03056-DMR |
| | **DECLARATION OF LOGAN MITCHELL IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

I, Logan Mitchell declare as follows:

1.      I am one of the class representatives appointed in this case.

2.      I submit this declaration in support of final approval of the settlement.  I have personal knowledge of the facts stated herein.  If called to testify to the contents of this declaration, I could and would competently do so.

3.      I voluntarily undertook the burdens and risks associated with this lawsuit to try to stop Defendant's unauthorized collection and use of my private financial information as well as that of other class members.

4.      I have participated actively in this lawsuit.  I have followed the status and progress of the case and met with counsel on multiple occasions or communicated by phone and email to stay informed, including during the mediations and settlement negotiations.  I will continue to do so during this settlement approval process, as needed.  In addition, I have also:

- helped counsel draft the amended complaint by describing to them my story and relevant facts and events.  As part of that process, I reviewed and provided documents and information, including from my mobile device, applications I use, and my financial account(s).

- reviewed and discussed with my counsel numerous other documents related to this case, including this Court's motion to dismiss order, discovery request responses, the preliminary approval briefing, and the settlement.

- searched for and provided to counsel and preserved any documents that were pertinent to the case, understanding that Defendant would receive copies of documents to which they were entitled, possibly even private documents, including some related to my mobile device, applications I use, and my financial account(s).

- gathered and provided information relevant to the case needed to respond to numerous interrogatories served by Defendant, and reviewed the responses to those interrogatories for accuracy.

- provided my counsel with my mobile device, which contains highly sensitive and important personal information.  I agreed to allow my device to be forensically imaged, and for certain data to be extracted and provided to Defendant, in order to support my claims and this litigation generally.

5.      I believe that the injunctive and monetary relief provided by the settlement, which is described in detail in the settlement agreement, offers a fair resolution of my claims against Defendant, and that implementing these changes now is preferable to continuing this litigation for a lengthy amount of time and and an uncertain and possibly negative outcome.  As reflected in Plaintiffs' motion for final approval, counsel is available to address all questions about the settlement, including allocation of settlement funds.

6.      I have never been promised any compensation for performing my duties as a plaintiff and class representative, including any service award, and am aware of no interest of mine in this litigation that conflicts with the interests of other class members.  I understand, however, that Class Counsel intends to request that the Court award me $5,000 for my time and efforts on behalf of the settlement class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___19___th day of January, 2022, in San Diego, California.

By: _____
Logan Mitchell

1

2

3

4

5

6

7

8

9  UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

10  OAKLAND DIVISION

11  IN RE PLAID INC. PRIVACY          Master Docket No.: 4:20-cv-03056-DMR
LITIGATION

12                                   **DECLARATION OF ALEXIS MULLEN IN**
**SUPPORT OF FINAL APPROVAL OF**

13                                   **SETTLEMENT**

14  THIS DOCUMENT RELATES TO:
ALL ACTIONS

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    I, ALEXIS MULLEN declare as follows:

2    1.     I am one of the class representatives appointed in this case.

3    2.     I submit this declaration in support of final approval of the settlement.  I have

4    personal knowledge of the facts stated herein.  If called to testify to the contents of this

5    declaration, I could and would competently do so.

6    3.     I voluntarily undertook the burdens and risks associated with this lawsuit to try to

7    stop Defendant's unauthorized collection and use of my private financial information as well as

8    that of other class members.

9    4.     I have participated actively in this lawsuit.  I have followed the status and progress

10   of the case and met in person with counsel on multiple occasions or communicated by phone and

11   email to stay informed, including during the mediations and settlement negotiations.  I will

12   continue to do so during this settlement approval process, as needed.  In addition, I have also:

13   •   helped counsel draft the amended complaint by describing to them my story and

14       relevant facts and events.  As part of that process, I reviewed and provided

15       documents and information, including from my mobile device, applications I use,

16       and my financial account(s).

17   •   reviewed and discussed with my counsel numerous other documents related to this

18       case, including this Court's motion to dismiss order, discovery request responses,

19       the preliminary approval briefing, and the settlement.

20   •   searched for and provided to counsel and preserved any documents that were

21       pertinent to the case, understanding that Defendant would receive copies of

22       documents to which they were entitled, possibly even private documents,

23       including some related to my mobile device, applications I use, and my financial

24       account(s).

25   •   gathered and provided information relevant to the case needed to respond to

26       numerous interrogatories served by Defendant, and reviewed the responses to

27       those interrogatories for accuracy.

28

2333486.1

DECLARATION OF ALEXIS MULLEN ISO
FINAL APPROVAL OF SETTLEMENT
CASE NO. 4:20-CV-03056-DMR

- provided my counsel with my mobile device, which contains highly sensitive and important personal information.  I agreed to allow my device to be forensically imaged, and for certain data to be extracted and provided to Defendant, in order to support my claims and this litigation generally.

5.      I believe that the injunctive and monetary relief provided by the settlement, which is described in detail in the settlement agreement, offers a fair resolution of my claims against Defendant, and that implementing these changes now is preferable to continuing this litigation for a lengthy amount of time and and an uncertain and possibly negative outcome.  As reflected in Plaintiffs' motion for final approval, counsel is available to address all questions about the settlement, including allocation of settlement funds.

6.      I have never been promised any compensation for performing my duties as a plaintiff and class representative, including any service award, and am aware of no interest of mine in this litigation that conflicts with the interests of other class members.  I understand, however, that Class Counsel intends to request that the Court award me $5,000 for my time and efforts on behalf of the settlement class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this  10   day of January, 2022, in  Philadelphia ,  PA   .

By:  _Alexis Mullen_____
ALEXIS MULLEN

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE PLAID INC. PRIVACY LITIGATION | Master Docket No.: 4:20-cv-03056-DMR |
| | **DECLARATION OF JORDAN SACKS IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

I, JORDAN SACKS declare as follows:

1.      I am one of the class representatives appointed in this case.

2.      I submit this declaration in support of final approval of the settlement.  I have personal knowledge of the facts stated herein.  If called to testify to the contents of this declaration, I could and would competently do so.

3.      I voluntarily undertook the burdens and risks associated with this lawsuit to try to stop Defendant's unauthorized collection and use of my private financial information as well as that of other class members.

4.      I have participated actively in this lawsuit.  I have followed the status and progress of the case and met in person with counsel on multiple occasions or communicated by phone and email to stay informed, including during the mediations and settlement negotiations.  I will continue to do so during this settlement approval process, as needed.  In addition, I have also:

- helped counsel draft the amended complaint by describing to them my story and relevant facts and events.  As part of that process, I reviewed and provided documents and information, including from my mobile device, applications I use, and my financial account(s).

- reviewed and discussed with my counsel numerous other documents related to this case, including this Court's motion to dismiss order, discovery request responses, the preliminary approval briefing, and the settlement.

- searched for and provided to counsel and preserved any documents that were pertinent to the case, understanding that Defendant would receive copies of documents to which they were entitled, possibly even private documents, including some related to my mobile device, applications I use, and my financial account(s).

- gathered and provided information relevant to the case needed to respond to numerous interrogatories served by Defendant, and reviewed the responses to those interrogatories for accuracy.

- provided my counsel with my mobile device, which contains highly sensitive and important personal information.  I agreed to allow my device to be forensically imaged, and for certain data to be extracted and provided to Defendant, in order to support my claims and this litigation generally.

5.     I believe that the injunctive and monetary relief provided by the settlement, which is described in detail in the settlement agreement, offers a fair resolution of my claims against Defendant, and that implementing these changes now is preferable to continuing this litigation for a lengthy amount of time and and an uncertain and possibly negative outcome.  As reflected in Plaintiffs' motion for final approval, counsel is available to address all questions about the settlement, including allocation of settlement funds.

6.     I have never been promised any compensation for performing my duties as a plaintiff and class representative, including any service award, and am aware of no interest of mine in this litigation that conflicts with the interests of other class members.  I understand, however, that Class Counsel intends to request that the Court award me $5,000 for my time and efforts on behalf of the settlement class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __11__ day of January, 2022, in __Arlington, VA__.

By: _____
        JORDAN SACKS

- 2 -

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| IN RE PLAID INC. PRIVACY LITIGATION | Master Docket No.: 4:20-cv-03056-DMR |
|---|---|
| | **DECLARATION OF FREDERICK SCHOENEMAN IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

1   I, Frederick Schoeneman, declare as follows:

2   1.      I am one of the class representatives appointed in this case.

3   2.      I submit this declaration in support of final approval of the settlement.  I have

4   personal knowledge of the facts stated herein.  If called to testify to the contents of this

5   declaration, I could and would competently do so.

6   3.      I voluntarily undertook the burdens and risks associated with this lawsuit to try to

7   stop Defendant's unauthorized collection and use of my private financial information as well as

8   that of other class members.

9   4.      I have participated actively in this lawsuit.  I have followed the status and progress

10  of the case and met in person with counsel on multiple occasions or communicated by phone and

11  email to stay informed, including during the mediations and settlement negotiations.  I will

12  continue to do so during this settlement approval process, as needed.  In addition, I have also:

13      •   helped counsel draft the amended complaint by describing to them my story and

14          relevant facts and events.  As part of that process, I reviewed and provided

15          documents and information, including from my mobile device, applications I use,

16          and my financial account(s).

17      •   reviewed and discussed with my counsel numerous other documents related to this

18          case, including this Court's motion to dismiss order, discovery request responses,

19          the preliminary approval briefing, and the settlement.

20      •   searched for and provided to counsel and preserved any documents that were

21          pertinent to the case, understanding that Defendant would receive copies of

22          documents to which they were entitled, possibly even private documents,

23          including some related to my mobile device, applications I use, and my financial

24          account(s).

25      •   gathered and provided information relevant to the case needed to respond to

26          numerous interrogatories served by Defendant, and reviewed the responses to

27          those interrogatories for accuracy.

28

DECLARATION OF FREDERICK SCHOENEMAN  ISO
FINAL APPROVAL OF SETTLEMENT
CASE NO. 4:20-CV-03056-DMR

1       •   provided my counsel with my mobile device, which contains highly sensitive and

2            important personal information.  I agreed to allow my device to be forensically

3            imaged, and for certain data to be extracted and provided to Defendant, in order to

4            support my claims and this litigation generally.

5       5.    I believe that the injunctive and monetary relief provided by the settlement, which

6 is described in detail in the settlement agreement, offers a fair resolution of my claims against

7 Defendant, and that implementing these changes now is preferable to continuing this litigation for

8 a lengthy amount of time and and an uncertain and possibly negative outcome.  As reflected in

9 Plaintiffs' motion for final approval, counsel is available to address all questions about the

10 settlement, including allocation of settlement funds.

11       6.    I have never been promised any compensation for performing my duties as a

12 plaintiff and class representative, including any service award, and am aware of no interest of

13 mine in this litigation that conflicts with the interests of other class members.  I understand,

14 however, that Class Counsel intends to request that the Court award me $5,000 for my time and

15 efforts on behalf of the settlement class.

16       I declare under penalty of perjury that the foregoing is true and correct.

17       Executed this 2st day of January, 2022, in _____, _____.

                                      1/21/2022

18

19                          By: _____

                                   FREDERICK SCHOENEMAN

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE PLAID INC. PRIVACY LITIGATION | Master Docket No.: 4:20-cv-03056-DMR |
| | **DECLARATION OF GABRIEL SOTELO IN SUPPORT OF COURT APPROVAL OF THE SETTLEMENT** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

I, Gabriel Sotelo declare as follows:

1.      I am one of the class representatives appointed in this case.

2.      I submit this declaration in support of Court approval of the settlement.  I have personal knowledge of the facts stated herein.  If called to testify to the contents of this declaration, I could and would competently do so.

3.      I voluntarily undertook the burdens and risks associated with this lawsuit to try to stop Defendant's unauthorized collection and use of my private financial information as well as that of other class members.

4.      I have participated actively in this lawsuit.  I have followed the status and progress of the case and met in person with counsel on multiple occasions or communicated by phone and email to stay informed, including during the mediations and settlement negotiations.  I will continue to do so during this settlement approval process, as needed.  In addition, I have also:

- helped counsel draft the amended complaint by describing to them my story and relevant facts and events.  As part of that process, I reviewed and provided documents and information, including from my mobile device, applications I use, and my financial account(s).

- reviewed or discussed with my counsel numerous other documents related to this case, including this Court's motion to dismiss order, discovery request responses, the preliminary approval briefing, and the settlement.

- searched for and provided to counsel or preserved any documents that were pertinent to the case, understanding that Defendant would receive copies of documents to which they were entitled, possibly even private documents, including some related to my mobile device, applications I use, or my financial account(s).

- gathered and provided  information relevant to the case needed to respond to numerous interrogatories served by Defendant, and reviewed the responses to those interrogatories for accuracy.

1       5.      I believe that the injunctive and monetary relief provided by the settlement, which

2 is described in close detail in the settlement agreement, offers a fair resolution of my claims

3 against Defendant, and that implementing these changes now is preferable to carrying on for

4 uncertain and possibly low classwide payments.  As reflected in Plaintiffs' motion for final

5 approval, counsel is available to address all questions about the settlement, including allocation of

6 settlement funds.

7       6.      I have never been promised any compensation for performing my duties as a

8 plaintiff and class representative, including any service award, and am aware of no interest of

9 mine in this litigation that conflicts with the interests of other class members.  I understand,

10 however, that Class Counsel intends to request that the Court award me $5,000 for my time and

11 efforts on behalf of the settlement class.

12       I declare under penalty of perjury that the foregoing is true and correct.

13       Executed this 24th day of January, 2022, in Portland, Oregon.

By: _____
Gabriel Sotelo

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE PLAID INC. PRIVACY LITIGATION | Master Docket No.: 4:20-cv-03056-DMR |
| | **DECLARATION OF JEFFREY UMALI IN SUPPORT OF COURT APPROVAL OF THE SETTLEMENT** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

I, Jeffrey Umali declare as follows:

1.      I am one of the class representatives appointed in this case.

2.      I submit this declaration in support of Court approval of the settlement.  I have personal knowledge of the facts stated herein.  If called to testify to the contents of this declaration, I could and would competently do so.

3.      I voluntarily undertook the burdens and risks associated with this lawsuit to try to stop Defendant's unauthorized collection and use of my private financial information as well as that of other class members.

4.      I have participated actively in this lawsuit.  I have followed the status and progress of the case and met in person with counsel or communicated by phone and email to stay informed, including during the mediations and settlement negotiations.  I will continue to do so during this settlement approval process, as needed.  In addition, I have also:

- helped counsel draft the amended complaint by describing to them my story and relevant facts and events.  As part of that process, I reviewed and provided documents and information, including from my mobile device, applications I use, and my financial account(s).

- reviewed or discussed with my counsel numerous other documents related to this case, including this Court's motion to dismiss order, discovery request responses, the preliminary approval briefing, and the settlement.

- searched for and provided to counsel or preserved any documents that were pertinent to the case, understanding that Defendant would receive copies of documents to which they were entitled, possibly even private documents, including some related to my mobile device, applications I use, or my financial account(s).

- gathered and provided  information relevant to the case needed to respond to numerous interrogatories served by Defendant, and reviewed the responses to those interrogatories for accuracy.

5.      I believe that the injunctive and monetary relief provided by the settlement, which is described in close detail in the settlement agreement, offers a fair resolution of my claims against Defendant, and that implementing these changes now is preferable to carrying on for uncertain and possibly low classwide payments.  As reflected in Plaintiffs' motion for final approval, counsel is available to address all questions about the settlement, including allocation of settlement funds.

6.      I have never been promised any compensation for performing my duties as a plaintiff and class representative, including any service award, and am aware of no interest of mine in this litigation that conflicts with the interests of other class members.  I understand, however, that Class Counsel intends to request that the Court award me $5,000 for my time and efforts on behalf of the settlement class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____th day of January, 2022, in Spring Valley, California.

By: _____
    Jeffrey Umali

1

2

3

4

5

6

7

8

9                      UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

10                              OAKLAND DIVISION

11 | IN RE PLAID INC. PRIVACY | Master Docket No.: 4:20-cv-03056-DMR |

12 | LITIGATION | **DECLARATION OF NICHOLAS** |

13 | | **YEOMELAKIS IN SUPPORT OF FINAL** |
| | **APPROVAL OF SETTLEMENT** |

14 | THIS DOCUMENT RELATES TO: | |

ALL ACTIONS

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1      I, NICHOLAS YEOMELAKIS declare as follows:

2      1.    I am one of the class representatives appointed in this case.

3      2.    I submit this declaration in support of final approval of the settlement.  I have

4 personal knowledge of the facts stated herein.  If called to testify to the contents of this

5 declaration, I could and would competently do so.

6      3.    I voluntarily undertook the burdens and risks associated with this lawsuit to try to

7 stop Defendant's unauthorized collection and use of my private financial information as well as

8 that of other class members.

9      4.    I have participated actively in this lawsuit.  I have followed the status and progress

10 of the case and met in person with counsel on multiple occasions or communicated by phone and

11 email to stay informed, including during the mediations and settlement negotiations.  I will

12 continue to do so during this settlement approval process, as needed.  In addition, I have also:

13     &bull;  helped counsel draft the amended complaint by describing to them my story and

14       relevant facts and events.  As part of that process, I reviewed and provided

15       documents and information, including from my mobile device, applications I use,

16       and my financial account(s).

17     &bull;  reviewed and discussed with my counsel numerous other documents related to this

18       case, including this Court's motion to dismiss order, discovery request responses,

19       the preliminary approval briefing, and the settlement.

20     &bull;  searched for and provided to counsel and preserved any documents that were

21       pertinent to the case, understanding that Defendant would receive copies of

22       documents to which they were entitled, possibly even private documents,

23       including some related to my mobile device, applications I use, and my financial

24       account(s).

25     &bull;  gathered and provided information relevant to the case needed to respond to

26       numerous interrogatories served by Defendant, and reviewed the responses to

27       those interrogatories for accuracy.

28

- provided my counsel with my mobile device, which contains highly sensitive and important personal information.  I agreed to allow my device to be forensically imaged, and for certain data to be extracted and provided to Defendant, in order to support my claims and this litigation generally.

5.      I believe that the injunctive and monetary relief provided by the settlement, which is described in detail in the settlement agreement, offers a fair resolution of my claims against Defendant, and that implementing these changes now is preferable to continuing this litigation for a lengthy amount of time and and an uncertain and possibly negative outcome.  As reflected in Plaintiffs' motion for final approval, counsel is available to address all questions about the settlement, including allocation of settlement funds.

6.      I have never been promised any compensation for performing my duties as a plaintiff and class representative, including any service award, and am aware of no interest of mine in this litigation that conflicts with the interests of other class members.  I understand, however, that Class Counsel intends to request that the Court award me $5,000 for my time and efforts on behalf of the settlement class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___10___ day of January, 2022, in ___Charlestown___, ___MA___.

By: __Nicholas Yeomelakis__
NICHOLAS YEOMELAKIS