HERRERA KENNEDY LLP
Shawn M. Kennedy (SBN 218472)
skennedy@herrerakennedy.com
Bret D. Hembd (SBN 272826)
bhembd@herrerakennedy.com
4590 MacArthur Blvd., Suite 500
Newport Beach, CA 92660
Tel: (949) 936-0900
Fax: (855) 969-2050

HERRERA KENNEDY LLP
Nicomedes Sy Herrera (SBN 275332)
nherrera@herrerakennedy.com
Laura E. Seidl (SBN 269891)
lseidl@herrerakennedy.com
1300 Clay Street, Suite 600
Oakland, CA 94612
Tel: (510) 422-4700
Fax: (855) 969-2050

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Rachel Geman (Pro Hac Vice)
rgeman@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel: (212) 355-9500
Fax: (212) 355-9592

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Michael W. Sobol (SBN 194857)
msobol@lchb.com
Melissa Gardner (SBN 289096)
mgardner@lchb.com
Michael K. Sheen (SBN 288284)
msheen@lchb.com
Nicholas R. Hartmann (SBN 301049)
nhartmann@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel: (415) 956-1000
Fax: (415) 956-1008

BURNS CHAREST LLP
Christopher J. Cormier (Pro Hac Vice)
ccormier@burnscharest.com
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Tel: (202) 577-3977
Fax: (469) 444-5002

*Co-Lead Class Counsel*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE PLAID INC. PRIVACY LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Master Docket No.: 4:20-cv-03056-DMR<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND PLAINTIFF SERVICE AWARDS** |

This matter is before the Court on Plaintiffs' motion for attorneys' fees, reimbursement of expenses, and plaintiff service awards. Having considered the motion, all exhibits and attachments thereto, the record in this matter, the briefs and arguments of counsel, and the briefs and arguments of objectors to the motion, **IT IS HEREBY ORDERED** as follows:

## ATTORNEYS' FEES

1. The Court finds that Class Counsel are entitled to reasonable attorneys' fees. *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1300 (9th Cir. 1994).

2. The Court finds that the percentage-of-recovery method of determining reasonable attorneys' fees is appropriate here, where the settlement creates a common fund. *See In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Class Counsel's fee request of $14,500,000 is equal to the Ninth Circuit's benchmark of 25% of the $58 million common fund. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989).

3. The Court has analyzed the reasonableness of Class Counsel's fee request, including by applying the non-exhaustive factors set forth in *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002). *First*, the overall result and benefit to the Class from the Settlement supports the requested fee because the amount of monetary relief provided to the Class here is significant, particularly given that Class Members had no out-of-pocket damages, and the settlement provides robust injunctive relief that will benefit the Class going forward. *Second*, this case required skill and high quality work, which Class Counsel demonstrated throughout their prosecution of this case. Class Counsel were appointed to lead this litigation because of their qualifications, experience, and commitment to vigorously advocating on behalf of the Class. Class Counsel's substantial work on behalf of the Class involved, among other things: (1) discovering the alleged misconduct; (2) investigating Plaid's business practices and the Class's potential claims; (3) conducting legal research regarding and opposing Plaid's motion to dismiss; (4) opposing Plaid's repeated attempts to stay discovery; (5) engaging in formal discovery with Plaid, including a months-long meet and confer process that was necessary to push for relevant documents and information; (6) seeking and obtaining valuable informal discovery from Plaid;

1  (7) negotiating a favorable settlement following nearly half a year of multiple mediation sessions
2  and protracted, arms-length negotiations; and (8) fulfilling Class Counsel's various
3  responsibilities under the Settlement, including to seek preliminary and final approval of the
4  Settlement, to oversee Notice administration, and to respond to Class Member inquiries. Class
5  Counsel brought not only decades of experience in complex class action litigation, but also
6  extensive subject matter knowledge that allowed them to successfully address the privacy
7  breaches at issue, litigate novel and untested legal issues, and navigate and protect the critical
8  privacy interests at issue in this case. *Third*, this case entailed significant risks, including risks
9  related to certifying a class and prevailing on the merits of Plaintiffs' claims. Unlike many class
10 actions, moreover, this case did not result from the public revelation of a data breach, government
11 investigation, or similar event, but was instead the product of Class Counsel's own independent
12 investigation into Plaid's technology and business practices, resulting in their assertion of novel
13 claims. *Fourth*, Class Counsel handled this case on a purely contingent basis and agreed to
14 advance all necessary expenses, to the exclusion of other fee-generating work, knowing that they
15 would receive a fee and be reimbursed their expenses only if they obtained meaningful relief on a
16 class-wide basis. *Fifth*, a review of fee awards in other common fund cases underscores the
17 reasonableness of the fees requested. *See, e.g.*, *Omnivision*, 559 F. Supp. 2d at 1047; *In re Mego*
18 *Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000), *as amended* (June 19, 2000); *In re*
19 *Lenovo Adware Litig.*, No. 15-md-2624, 2019 WL 1791420, *8 (N.D. Cal. Apr. 24, 2019); *In re*
20 *LinkedIn User Privacy Litig.*, 309 F.R.D. 573, 590–91 (N.D. Cal. 2015); *Lusby v. GameStop Inc.*,
21 No. 12-3783, 2015 WL 1501095, at *9 (N.D. Cal. Mar. 31, 2015); *de Mira v. Heartland Emp't*
22 *Serv., LLC*, No. 12-4092, 2014 WL 1026282, at *4 (N.D. Cal. Mar. 13, 2014); *Valentine v.*
23 *NebuAd Inc.*, No. C 08-05113 TEH (LB), 2011 WL 13244509, at *2 (N.D. Cal. Nov. 21, 2011);
24 *Knight v. Red Door Salons, Inc.*, No. 08-1520, 2009 WL 248367, at *7–8 (N.D. Cal. Feb. 2,
25 2009).
26       4.    A lodestar cross-check further confirms that the requested fee is reasonable. *See*
27 *Vizcaino*, 290 F.3d at 1050. The lodestar is calculated by multiplying the number of hours
28 reasonably expended on the litigation by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Paul*,

1  *Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). Class Counsel's billing
2  summaries comply with this Court's guidelines for class action attorneys' fee requests and
3  contain sufficient detail for the Court to conduct a lodestar-based assessment. These summaries
4  show that Class Counsel's lodestar for work on this case through January 25, 2022 is
5  $4,406,158.50, representing 5,650 hours of attorney and law firm staff time. The Court also finds
6  that the time Class Counsel dedicated to prosecuting this action is reasonable, and that Class
7  Counsel's hourly rates are reasonable, in line with those prevailing in this District for similar
8  services by lawyers of reasonably comparable skill, experience, and reputation.

9        5.      The Court finds that Class Counsel's fee request results in an acceptable multiplier
10  of Class Counsel's lodestar. The benchmark 25% fee requested by Class Counsel reflects a
11  multiplier of 3.29 of Class Counsel's lodestar, which "falls within the Ninth Circuit's
12  presumptively acceptable range" of multipliers routinely approved in the Ninth Circuit and
13  elsewhere. *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 334 (N.D. Cal. 2014) (citing
14  *Vizcaino*, 290 F.3d at 1051 & n.6). Thus, application of the lodestar multiplier cross-check
15  supports the reasonableness of Class Counsel's requested fee.

16        6.      For the reasons discussed above, the Court concludes that the requested fee award
17  is reasonable, and GRANTS attorneys' fees to Class Counsel in the amount of $14,500,000.

18        **LITIGATION EXPENSES**

19        7.      Class Counsel are entitled to reimbursement of reasonable out-of-pocket costs
20  advanced for the Class. *See* Fed. R. Civ. P. 23(h); 18 U.S.C. § 2520(b)(3); *Paul, Johnson*, 886
21  F.2d at 271. The Court finds that the expenses incurred in this litigation were reasonable and
22  necessary to the effective representation of the Class.

23        8.      Accordingly, the Court GRANTS Plaintiffs' request for reimbursement of
24  litigation expenses in the amount of $115,920.21.

25        **SERVICE AWARDS**

26        9.      Service awards are "intended to compensate class representatives for work done on
27  behalf of the class [and] make up for financial or reputational risk undertaken in bringing the
28  action." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). "The Ninth Circuit has

repeatedly held that $5,000 is a reasonable amount for an incentive award." *Congdon v. Uber Techs., Inc.*, No. 16-02499, 2019 WL 2327922, at *9 (N.D. Cal. May 31, 2019) (collecting cases).

10. The Court finds that the requested services awards for each of the eleven Class Representatives are reasonable and appropriate. *First*, Class Representatives expended substantial time and effort in assisting Class Counsel with the prosecution of the Class's claims, including by describing the details of their use of various fintech apps and interaction with the Plaid Link interface; by searching for, reviewing and providing documents and information relevant to the case; by preserving relevant documentation and evidence for discovery; and by staying abreast of events in the litigation and providing their opinions on the proposed settlement. *Second*, without Class Representatives' willingness to take on the burdens associated with filing and prosecuting this action, no recovery would have been possible. Because of their efforts, Plaid has committed to pay a total of $58,000,000 and agreed to substantial injunctive relief. *Third*, the Court finds that the amount requested for service awards compares favorably to the size of the settlement fund.

11. The Court therefore concludes that the requested service awards are reasonable and GRANTS the requested awards of $5,000 for each of the eleven Class Representatives, for a total of $55,000.

**IT IS SO ORDERED.**

Dated: _____, 2022        _____
                                            Hon. Donna M. Ryu
                                            United States Magistrate Judge