FILED

MAR 01 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

John William Grosklaus
1845 E Northgate Dr #407
Irving, TX 75062
johngrosklaus@gmail.com
(773) 554-6291

2/22/2022

Your Honor,



I write today to object to the Proposed Settlement of *In re Plaid Inc. Privacy Litigation*, Case # 4:20-cv-03056. I have substantial reason to believe that I am a member of the Class, as I was notified of such by the Settlement Administrator on January 17th by electronic mail (Notice ID: PLD1036219428 and Confirmation Code: MAC2D01D2A), have strong personal recollection of linking various accounts and apps via Plaid Link between January 1, 2013 and November 19, 2021, and by using Plaid Portal, have identified 7 accounts connected using Plaid to 12 apps. As part of verifying this through Plaid Portal, I had to re-share my account credentials, which did not happen through what could visibly be identified as an external domain's OAuth Process, and the tendency to receive emails after linking an account to Plaid at certain institutions saying "a new device has been added" (rather than indicating a link to Plaid) makes me (combined with the notification from the Settlement Administrator) reasonably certain that not all of them are managed OAuth processes. The nature of the reason many of the listed apps were linked via Plaid makes me certain they occurred during the time period in question, such as one link that occurred during the process of applying for a credit card back in Spring 2021 soon after I turned 18.

I am not an attorney, am not represented by any counsel in making this objection, have no connection to Plaid Inc other than the aforementioned use of their services, and am not attempting to object for my own personal gain by seeking payment to drop an objection. Rather, I am an 18 year old college student, who simply received notice of the Settlement and thought it didn't seem fair. As such, if it is determined that I have made a technical error, I request that you contact me so I can cure the issue rather than simply dismissing my objection altogether. At this time, I am not intending to physically attend the Final Approval Hearing in-person due to the impracticality of me travelling to Oakland, but should the hearing become remotely accessible via Zoom (or similar audio/videoconferencing technology), I will virtually be in attendance and wish to speak to the Court. Regardless of the format and/or my attendance, I will not be represented by any counsel.

The Proposed Settlement is unfair and should be rejected because it does not account for the fact that Class Members may have significant differences in the amount of data that was unknowingly and/or unnecessarily provided to Plaid. Under the current arrangement of the Settlement, all Class Members (except the Class Representatives) will receive the same monetary benefit. One of the most common use cases for Plaid Link is for services like SoFi Relay (and many others) to combine information from a variety of Financial Accounts into one dashboard, allowing for combined visualization of assets, liabilities, spending, and income. This encourages users to connect every

Financial Account possible. Depending on the financial affairs of the user, this could mean linking multiple Checking, Savings, Retirement, Investing, Credit Card, Mortgage, HELOC, Student Loan, Auto Loan, and Personal Loan accounts- all at different institutions. This contrasts with the other common use case for Plaid, which is simply verifying the ownership and details of one Account for the purpose of making ACH transfers. I used Plaid for both cases, under the reasonable impression (I would imagine similar to most of the Class) that my Plaid was simply verifying my identity and serving as a "bridge" between the two institutions- not accessing the data itself. As such, I unknowingly was providing Plaid an incredibly detailed picture of my financial affairs. It just does not make sense that I should receive the same amount of compensation as someone who simply linked one account (say to minimize fees related to a charitable donation), and possibly did not even have transaction data shared.

In addition to these concerns, I ask that Your Honor give strong consideration to the objection raised by my fellow Class Member Colin Rice. Mr. Rice's concerns regarding the amount of compensation for Class Counsel relative to the expected compensation for Class Members, and the disparity between the process for filing a claim vs. opting out of the settlement. All of these issues combined give significant reason for the Settlement to be rejected by the Court. I thank Your Honor for your time, and make a final prayer that you reject this proposal- maybe then Class Counsel can negotiate a new proposed settlement that offers just and adequate compensation for Plaid's actions.

Sincerely,

John William Grosklaus

John William Grosklaus
845 E. Northgate Dr. #407
Irving, TX 75062

7020 1810 0000 1402 7139

Clerk of Court
United States District Court for
The Northern District of California
1301 Clay Street
Oakland, CA 94612