# Exhibit A

HERRERA KENNEDY LLP
Shawn M. Kennedy (SBN 218472)
skennedy@herrerakennedy.com
4590 MacArthur Blvd., Suite 500
Newport Beach, CA 92660
Tel: (949) 936-0900
Fax: (855) 969-2050

LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Rachel Geman (Pro Hac Vice)
rgeman@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel: (212) 355-9500
Fax: (212) 355-9592

BURNS CHAREST LLP
Christopher J. Cormier (Pro Hac Vice)
ccormier@burnscharest.com
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Tel: (202) 577-3977
Fax: (469) 444-5002

*Co-Lead Class Counsel*

COOLEY LLP
Michael G. Rhodes (SBN 116127)
rhodesmg@cooley.com
Whitty Somvichian (SBN 194463)
wsomvichian@cooley.com
Kyle C. Wong (SBN 224021)
kwong@cooley.com
Lauren J. Pomeroy (SBN 291604)
lpomeroy@cooley.com
Ellie Barczak (SBN 329180)
ebarczak@cooley.com
Cameron J. Clark (SBN 313039)
cclark@cooley.com
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Tel: (415) 693-2181
Fax: (415) 693-2222

*Attorneys for Defendant PLAID INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE PLAID INC. PRIVACY LITIGATION | Case No. 4:20-CV-03056-DMR |
| | **[PROPOSED] ORDER FOR FINAL JUDGMENT AND DISMISSAL** |
| THIS DOCUMENT RELATES TO: | |
| ALL ACTIONS | |

It is hereby ADJUDGED and DECREED THAT:

1.      This Court previously granted preliminary approval of the Class Action Settlement Agreement in this consolidated action, dated July 30, 2021 (the "Settlement Agreement"). Terms and phrases in this Judgment have the same meanings as used in the Settlement Agreement.

2.      The Court hereby dismisses the Action against Plaid Inc. (the "Action") with prejudice, without fees or costs to any party except as provided for in the Settlement Agreement or any other orders of this Court relating to the Settlement Agreement.

3.      This Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all members of the Class, pursuant to 28 U.S.C. § 1332(d) because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and at least one Class member is a citizen of a state different from Plaid.

4.      The Court certifies, for purpose of the approved settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf the Class, defined in the Settlement Agreement as "all natural persons who reside in the United States and who own or owned one or more Financial Accounts at the time such persons resided in the United States from January 1, 2013 to date preliminary approval of the settlement is granted." Excluded from the Class are: (1) Plaid and any and all of its predecessors, successors, assigns, parents, subsidiaries, affiliates, directors, officers, employees, agents, representatives, and attorneys, and any and all of the parents', subsidiaries', and affiliates' present and former predecessors, successors, assigns, directors, officers, employees, agents, representatives, and attorneys, (2) any judicial officer presiding over the Action, or any member of his or her immediate family or of his or her judicial staff, and (3) any Class Member who has timely exercised their right to be excluded from the Class.

5.      The persons on the attached Addendum have submitted a valid, timely request for exclusion from the Class and are hereby excluded.

6.      Pursuant to Federal Rule of Civil Procedure 23(c)(3), all persons within the Class, other than those excluded above, are bound by this Judgment.

7.      The Court finds and concludes that the Class Representatives have standing under Article III of the United States Constitution.

8.      The Court finds that the Notice provided to the Class pursuant to the Settlement Agreement and the order granting Preliminary Approval (i) constitutes the best practicable notice under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object to the Settlement or exclude themselves from the Class, and to appear at the Final Approval Hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.

9.      The Court approves the Settlement as fair, reasonable, and adequate and in the best interests of the Class Members under Rule 23(e). The Court has specifically considered the factors relevant to class settlement approval and finds and concludes that:

        a.      the Class Representatives and Class Counsel have adequately represented the Class;

        b.      the Settlement Agreement was negotiated at arms' length and without collusion;

        c.      the relief provided for the Class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of distributing relief to the class; (iii) the terms of fees and expenses proposed by Class Counsel in their accompanying Motion for Attorneys' Fees, Reimbursement of Expenses, and Plaintiff Service Awards; and (iv) the absence of any relevant agreement made in connection with the Settlement; and

        d.      the Settlement Agreement treats Class Members equitably relative to each other.

10.     The Court has also considered factors including, *inter alia*, the strength of Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of

maintaining class action status throughout trial; the relief provided for in the Settlement; the extent of discovery completed and stage of the proceedings; the experience and views of Class Counsel and the involvement of a respected mediator in the negotiation of the Settlement; and the reaction of Class Members to the proposed settlement, and finds and concludes that these factors weigh in favor of approving the Settlement. *See Churchill Village, L.L.C. v. General Elec.*, 361 F.3d 566 (9th Cir. 2004).

11.    The Court has also scrutinized the Settlement and negotiation history for any signs of potential collusion (*see, e.g., In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)), and finds that the Settlement is not the product of collusion. This finding is supported by, among other things: the fact that the Settlement was negotiated by experienced, well-qualified counsel with the help of an experienced mediator; the Settlement provides substantial benefits to Class Members; the benefits provided to Class Members are appropriate under the circumstances of this case; and the parties have made no "clear sailing" arrangement regarding attorneys' fees.

12.    Accordingly, the Court directs the Parties to consummate the Settlement Agreement according to its terms. Plaid is ordered to effectuate the injunctive relief agreed to in the Settlement Agreement in accordance with the timetables set forth in the Settlement Agreement.

13.    Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of this Judgment shall have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. These releases of claims and the Settlement Agreement will be binding on Class Members and Releasing Parties. All Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims against the Released Parties.

14.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction as to all matters relating to administration, consummation,

implementation, enforcement, and interpretation of the Settlement Agreement and this Judgment, and for any other necessary purpose.

15. The Court hereby directs entry of this Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Judgment notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement.

**IT IS SO ORDERED**

Dated: _____      _____

                                                                    Honorable Donna M. Ryu