| | |
|---|---|
| BURNS CHAREST LLP<br>Christopher J. Cormier (Pro Hac Vice)<br>ccormier@burnscharest.com<br>4725 Wisconsin Avenue, NW, Suite 200<br>Washington, DC 20016<br>Tel: (202) 577-3977<br>Fax: (469) 444-5002 | LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP<br>Rachel Geman (Pro Hac Vice)<br>rgeman@lchb.com<br>250 Hudson Street, 8th Floor<br>New York, NY 10013-1413<br>Tel: (212) 355-9500<br>Fax: (212) 355-9592 |
| HERRERA KENNEDY LLP<br>Shawn M. Kennedy (SBN 218472)<br>skennedy@herrerakennedy.com<br>Bret D. Hembd (SBN 272826)<br>bhembd@herrerakennedy.com<br>4590 MacArthur Blvd., Suite 500<br>Newport Beach, CA 92660<br>Tel: (949) 936-0900<br>Fax: (855) 969-2050 | LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP<br>Michael W. Sobol (SBN 194857)<br>msobol@lchb.com<br>Melissa Gardner (SBN 289096)<br>mgardner@lchb.com<br>Michael K. Sheen (SBN 288284)<br>msheen@lchb.com<br>Nicholas R. Hartmann (SBN 301049)<br>nhartmann@lchb.com<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Tel: (415) 956-1000<br>Fax: (415) 956-1008 |
| HERRERA KENNEDY LLP<br>Nicomedes Sy Herrera (SBN 275332)<br>nherrera@herrerakennedy.com<br>Laura E. Seidl (SBN 269891)<br>lseidl@herrerakennedy.com<br>1300 Clay Street, Suite 600<br>Oakland, CA 94612<br>Tel: (510) 422-4700<br>Fax: (855) 969-2050 | |

*Co-Lead Class Counsel*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| IN RE PLAID INC. PRIVACY LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Master Docket No.: 4:20-cv-03056-DMR<br><br>**DECLARATION OF MELISSA GARDNER IN SUPPORT OF POST-DISTRIBUTION ACCOUNTING** |

1   I, Melissa Gardner, hereby declare as follows:

2   1. I am a partner at the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP ("Lieff Cabraser"), which was appointed Co-Lead Interim Class Counsel on July 29, 2020 (Dkt. 57) and Co-Lead Class Counsel on November 19, 2021 (Dkt. 153). I am licensed to practice law in the State of California and admitted to practice before this Court. I am over 21 years of age and am not a party to this action. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. The Settlement Agreement in this action provided that "Plaid shall provide a declaration to Class Counsel certifying Plaid's compliance with, and describing the status of its implementation of" injunctive relief provisions enumerated at paragraphs 53-66 of the Settlement Agreement. Dkt. 138-1 at ¶ 70. Pursuant to this requirement, Plaid's counsel provided Class Counsel with the Declaration of Sheila Jambekar, Plaid's Chief Privacy Officer, on March 20, 2023. A true and correct copy of the Jambekar Declaration is attached hereto as **Exhibit 1**.

3. In the Court's Order granting Final Approval and Attorneys' fees, the Court adjusted Class Counsel's reported lodestar of $4,394,236 through January 25, 2022 to $4,127,531 resulting in a in a multiplier of 2.66 for the Court's $11 million fee award. Lieff Cabraser requested updated lodestar information for all three Class Counsel firms for the time period January 26, 2022 through and including August 4, 2023, and received the following reports:

| Firm | Fees | Hours |
|---|---|---|
| Lieff Cabraser | $240,276.50 | 325.10 |
| Herrera Kennedy | $140,692.50 | 179.6 |
| Burns Charest | $56,187.50 | 79.40 |

4. Class Counsel's work during this period consisted primarily of preparing the briefing and argument related to Final Approval and the attorneys' fee request, corresponding with Class members about the Settlement, and working with the Settlement Administrator to facilitate claims processing and payments. Adding the above to the previous total lodestar as adjusted by the Court, the updated lodestar calculation for all Co-Lead Counsel is $4,564,688 through August 4, 2023, and the updated lodestar multiplier for the fee award is 2.41.

1        5.      Class counsel have conferred with the Settlement Administrator and with counsel for Plaid, and have determined that pursuant to paragraph 78 of the Settlement Agreement, the residual funds in the Settlement Fund should be distributed to the Cy Pres Recipients because it is not economically feasible to distribute those funds to the individuals who previously submitted claims.

I declare under penalty of perjury that the foregoing is true and correct as to all matters of which I have personal knowledge. Executed this 21st day of August, 2023, in San Francisco, California.

                                         */s/ Melissa Gardner*
                                          Melissa Gardner