# Exhibit 1

```
COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
ELLIE BARCZAK (329180)
(ebarczak@cooley.com)
3 Embarcadero Center, 20th floor
San Francisco, CA 94111-4004
Telephone:    +1 415 693 2000
Facsimile:    +1 415 693 2222

Attorneys for Defendant
Plaid Inc.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE PLAID INC. PRIVACY LITIGATION | Case No. 4:20-cv-03056-DMR<br><br>**DECLARATION OF SHEILA JAMBEKAR, CHIEF PRIVACY OFFICER OF PLAID INC.** |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

COOLEY LLP

DECL. OF SHEILA JAMBEKAR
NO. 4:20-CV-3056-DMR

I, SHEILA JAMBEKAR hereby declare as follows:

1. I am the Chief Privacy Officer of Plaid Inc ("Plaid"). I have personal knowledge regarding Plaid's compliance with the injunctive relief provisions in the above-captioned class action (the "Cottle Class Action") Settlement Agreement (the "Agreement"), which was approved by the Court on July 20, 2022. If called to testify about the statements made in this declaration, I could and would testify competently to them. I submit this declaration pursuant to paragraph 70 of the Agreement.

**Website and End User Privacy Policy**

2. On February 22, 2022, Plaid published annual updates to its End User Privacy Policy (the "EUPP") available on Plaid's website at www.plaid.com/legal/#end-user-privacy-policy. Plaid published annual updates to its EUPP on the same webpage on February 28, 2023. In compliance with the Agreement, Plaid's EUPP contains the enhancements set forth in Paragraphs 53(a)-(e) of the Settlement Agreement.

3. Plaid's website continues to include the disclosures described in Paragraphs 54(a)-(b) of the Agreement.

**Implemented Changes**

4. As stated in the Agreement, Plaid continuously makes updates to its business practices, including the changes that were implemented or finalized, in part, after the filing of the initial class action complaint in this litigation on May 4, 2020, as described in Paragraph 55(a)-(c).

**Plaid Link**

5. Plaid's standard Plaid Link flow continues to include the parameters outlined in Paragraph 56(a)-(d) of the Agreement.

6. Plaid continues to take reasonable commercial efforts to ensure that Plaid's customers using Plaid's standard Link flow continue to comply with the parameters set out in Paragraph 56(a)-(d) of the Agreement, except as otherwise noted in the Agreement.

**Plaid Portal**

7. In compliance with Paragraph 59 of the Agreement, Plaid takes reasonable commercial efforts to send periodic email reminders to Plaid Portal account holders generally

describing the user controls available in Plaid Portal, including, to the extent technically feasible, enable users to disconnect apps from their financial accounts and delete financial data stored in Plaid's systems.

**Data Minimization**

8. Pursuant to Paragraph 64(a) of the Agreement, prior to the end of 2022, Plaid took reasonable commercial efforts to begin implementation of the relief set forth in Paragraph 60 of the Agreement (subject to the limitations described in Paragraph 61).

9. In compliance with Paragraph 62 of the Agreement, Plaid uses its best efforts to continue to inform its customers about its /item/remove endpoint.

**Data Deletion**

10. In accordance with the time periods specified in Paragraphs 64-66 of the Agreement, Plaid has deleted the data described in Paragraph 63(a)-(b), to the extent not already deleted.

**Time Frames**

11. Plaid has complied with the timeframes outlined in Paragraphs 64-66 of the Agreement and will continue to comply on a go-forward basis with the timeframes set forth in those Paragraphs.

Executed at San Francisco, California on March 15, 2023.

_____
Sheila Jambekar